SIM/loc                              00799-55986                              408823

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE CITY OF NEWBURGH,

                Plaintiff,          **ATTORNEY'S AFFIRMATION** (SIM 6613)

      -against-                     07 CV 6419 (SCR) (MLF)

96 BROADWAY, LLC and
DOUGLAS R. DOLLINGER,

                Defendants.
------------------------------------------------------------X

      STEVEN I. MILLIGRAM, an attorney at law, duly admitted to practice, affirms the following under the penalties of perjury:

      1.    I am a member of the law firm TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC, attorneys for the plaintiff THE CITY OF NEWBURGH ("NEWBURGH").  I am familiar with the facts and circumstances pertaining to this action based upon a file maintained in this office.

      2.    This affirmation is respectfully submitted in support of NEWBURGH's motion for an Order, pursuant to 28 U.S.C. 1447(c), remanding this matter back to the Supreme Court of the State of New York for the County of Orange, for payment of cost and expenses, including attorneys fees incurred as a result of the removal and the instant motion and such other and further relief as the Court deems just and proper.

## BRIEF STATEMENT TO THE CASE

      3.    The plaintiff THE CITY OF NEWBURGH is a municipality existing by and under the laws of the State of New York situated in Orange County, New York.  Defendants are, upon information and belief, the owners of premises located at 96 Broadway, Newburgh, New York.  96

SIM/loc                              00799-55986                                    408823

Broadway, Newburgh, New York is a building situated within the "Historic District" of the City of Newburgh, and is listed on the National Register of Historic Places.

   4.   On June 22, 2007, an Order to Show Cause, which included a Temporary Restraining Order, and Summons and Complaint were filed with the Orange County Clerk. (A copy of the Order to Show Cause, all supporting papers and Summons and Complaint are annexed collectively as Exhibit "A").

   5.   Procedurally, the Order to Show Cause and Temporary Restraining Order were heard before the Honorable Joseph G. Owen, Justice of the Supreme Court, at the Orange County Government Center in Goshen, New York on July 2, 2007. Defendants appeared by Douglas Dollinger, Esq., who requested an adjournment of the Order to Show Cause and Temporary Restraining Order, which the Court granted and put the matter over to July 16, 2007. The matter came on again before Justice Owen on July 16, 2007. At that time, DOLLINGER told the Court that a Notice of Removal had been filed with this Court, although none had yet been received by either the Supreme Court in Orange County or the undersigned. In response, Justice Owen again adjourned the matter at the request of defendants for another two weeks, and is scheduled to be heard by the Hon. Joseph G. Owen on July 30, 2007.

   6.   On July 17, 2007, a Notice of Removal from defendants was received. (A copy of the Notice of Removal is annexed as Exhibit "B").

**FACTUAL BACKGROUND**

   7.   The facts underlying NEWBURGH's claim and the relief sought are set forth more fully in the annexed Order to Show Cause and supporting papers (Exhibit "A"). Summarizing them, in essence, NEWBURGH is seeking a direction from the Court that, in compliance with THE CITY OF NEWBURGH Code, defendants secure the premises located at 96 Broadway, to restore the premises to

SIM/loc                           00799-55986                           408823

it's condition and appearance restoring the status quo, and restraining defendants from performing any work until they act in conformity with Article V of THE CITY OF NEWBURGH Code. No federal statute has been cited, nor has any Federal claim been asserted by plaintiffs. Moreover, there is no diversity of jurisdiction in this case.

8.  On or about January 17, 2006, an application for a Building Permit was submitted by defendants to THE CITY OF NEWBURGH indicating that the work to be performed was the alteration of an existing use Hybrid Commercial and Residential Structure by adding an additional 1,000 square feet of space. Defendants' application incorrectly stated that the work did not violate any zoning law or ordinance, as Article V of THE CITY OF NEWBURGH Code requires Architectural Review Commission over-sight and approval, including the issuance of a Certificate of Appropriateness, for the proposed exterior renovations. Upon review of the application and proposed plans, defendants were advised that the premises may be a historic building subject to a historical review.

9.  On or about February 3, 2006, defendants' architect requested permission to perform roof repairs due to a leaking roof, and, as a result, a building permit for roof repair only was issued. Subsequently, a Building Permit dated March 24, 2006, was issued subject to addressing comments made by the City's architect. A further notation was placed on the permit which indicated that there were to be no exterior changes made to the building until the Architectural Review Commission approved it.

10. Subsequently, on May 2, 2006, a Stop Work Order was issued by THE CITY OF NEWBURGH Building Inspector on the grounds that the work being done to the exterior was done in violation of the City Code as ARC approval had not been obtained. Moreover, the work being performed exceeded the scope of the building permit that had been issued. Subsequently, on or about May 8, 2006, the May 2nd Stop Work Order was vacated upon condition that the building would be

SIM/loc                                    00799-55986                                       408823

secured and protected, that interior work continue, but that no exterior work would take place until the ARC had approved it. In contravention of the building inspector's directions, defendants continued to work on the exterior of the premises. As such, a second Stop Work Order was issued on or about June 2, 2006.

      11. On June 6, 2006, defendants, including DOLLINGER specifically, were again instructed that exterior renovations had to be reviewed by the ARC and a Certificate of Appropriateness obtained. Indicating an awareness of this, on June 2, 2006, DOLLINGER submitted an application to the ARC, which he signed as owner of the building. On June 13, 2006, DOLLINGER appeared on defendants' behalf, before the ARC and the application was tabled.

      12. At the next meeting of the ARC, on July 11, 2006, a representative of DOLLINGER appeared. At that meeting, defendants' position was that the building was not historic, and that the premises were a "ruined building". In response, defendants were advised that the premises were listed on the National Register of Historic Places and have been so since 1985. The matter was again held open by the ARC for defendants to respond.

      13. Defendants' architect appeared before the ARC at its October 11, 2006 meeting, and clearly conceded that the exterior renovations were at odds with the historical character of the original building and neighborhood. With the concurrence of defendants' architect, the application was tabled so that defendant could consult a professional specializing in historic resources to submit a design proposal which would not jeopardize the premises as it contributed to the Historic District in the National Register of Historic Places. This was outlined by the ARC Chairperson in a letter to DOLLINGER dated October 27, 2006. Since that time, however, nothing has been done by the defendants to move their application ahead. No further application for a Building Permit has been made, nor have defendants completed the review by the Architectural Review Commission. In fact,

nothing has been done with regards to the premises for over a year, and they remain unsecured, unprotected and exposed to the elements and trespassers. In an effort to resolve the ongoing problem of the half demolished, weather exposed and unsecured premises, a meeting was held with the defendants' representative on April 9, 2007. Among other things, it was acknowledged by defendants of the need to immediately secure protect and weather seal the premises.

14. By letter dated April 19, 2007, the City wrote to defendants advising that they would allow some flexibility and design, although the final designs would be subject to ARC approval. The defendants were again requested to appear before the ARC at its next scheduled meeting for May 8, 2007. However, defendants did not appear.

15. In view of the hazardous and dangerous condition of the premises, and the absence of any work done by defendants, NEWBURGH moved by Order to Show Cause seeking a direction that defendants do that which they acknowledge they should do, namely secure their premises, protect it and weather seal it, and, proceed to the Architectural Review Board for their approval of this historic building's plans.

## ARGUMENT

16. As set forth more fully in defendants' Petition – Notice of Removal, the sole basis for a further jurisdiction claimed by defendants is that the Court has federal question jurisdiction. However, the sole and exclusive basis for a federal jurisdiction is defendants' assertion of "claims and defenses arising under the laws of the United States and the U.S. Constitution". (See Petition Notice for Removal, paragraphs 2 and 3.) However, the law is clear that an action may be removed only when a federal statute or constitutional violation is alleged in the complaint or proceedings in the underlying Court brought by the plaintiff. Stated differently Federal Courts have federal question jurisdiction only

where the complaint establishes either that federal law created the cause of action or that the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of Federal Law.

17. Defendants concede that any federal claims arise solely from their defense and/or counterclaims. As such, this is insufficient for this Court to remove the underlying State Supreme Court action to the Federal Court. Hence, this matter should be remanded back to State Court.

18. A case may be moved to Federal Court only if it could have been filed in the Federal Court in the first instance. Plainly, in our case, NEWBURGH could not have filed its action in the Federal Court in the first instance, for no federal claim has been invoked nor any federal relief sought by NEWBURGH.

19. It is well settled that a case may not be removed to a Federal Court on the basis of a Section 1983 defense to a complaint which is based solely on state law. In our case, the relief NEWBURGH seeks is based solely on rights established under THE CITY OF NEWBURGH Code, in effect, under state law. Any claim by defendants, that the action brought by NEWBURGH violated defendants' federal constitutional rights does not give them the right to remove this action under Section 28 U.S.C. 1441(a). As such, this matter should be remanded.

20. A federal law issue raised by a defendant's defense or counterclaim is not a foundation for removal of a case from State to Federal Court. Moreover, a counterclaim which is part defendants' answer, not part of the NEWBURGH's complaint, cannot serve as the basis for federal question jurisdiction. Like a defense, a counterclaim is insufficient to create removal jurisdiction. Hence, as the only grounds that defendants' claim as a basis for removal are their counterclaims and/or defenses, these may not serve as a basis for the removal to Federal Court. Hence, this matter should be remanded.

21. Under our law, it is axiomatic that the plaintiff is the master of the claim, and great deference is give to the forum a plaintiff selects to hear his or her grievance. Here, in our case, Plaintiff

SIM/loc                    00799-55986                    408823

NEWBURGH has chosen to have its complaint heard in state court.  That decision should be honored by this court.

22.    Finally, 28 U.S.C. 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney's fees incurred as a result of removal".  In our case, as there are no colorable grounds for defendants' removal, and, there is no case law which supports removal, thus, the imposition of costs and attorney's fees is appropriate.  Under the circumstances of this case, then, it is respectfully requested that plaintiffs be awarded costs and attorney's fees for having brought the instant motion for remanded.

WHEREFORE, it is respectfully requested that this Court issue an Order,

1)  pursuant to 28 U.S.C. 1447(c), remanded in the matter to Supreme Court for the State of New York, County of Orange; and

2) pursuant to 28 U.S.C. 1447(c), awarding attorney's fees and costs to plaintiff, together with such other and further relief as the Court deems just and proper.

Dated:  Newburgh, New York
       July 30, 2007

/s/
_____
STEVEN I. MILLIGRAM (SIM-6613)