EXHIBIT B

CIVIL COVER SHEET

07 CIV 6419

ROBINSON

JS 44C/SDNY
REV. 1/99
WEB 4/99

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| THE CITY OF NEWBURGH | 96 BROADWAY LLC and DOUGLAS R. DOLLINGER |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| TARIS, CATANIA,LIBERTH,MAHON & MILLIGRAM, PLLC<br>P.O. BOX 1479<br>Newburgh, New York 12551 | DOUGLAS R. DOLLINGER<br>96 Broadway<br>Newburgh, New York 12550 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1331 Defendant alleges that the Plaintiff has illegally taken his property[ a building] in violation of his Fourth, Fifth and Fourteenth Amendment rights as his civil rights.

Has this or a similar case been previously filed in SDNY at any time? No? ☒ Yes? ☐   Judge Previously Assigned _____

JUL 1 6 2007

If yes, was this case  Vol. ☐  Invol. ☐  Dismissed. No ☐  Yes ☐   If yes, give date _____  & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)          NATURE OF SUIT

ACTIONS UNDER STATUTES

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY

**TORTS**

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC.
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[X] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____   DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

ORIGIN

*(PLACE AN x IN ONE BOX ONLY)*

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from (Specify District)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

BASIS OF JURISDICTION

*(PLACE AN x IN ONE BOX ONLY)*

☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☐ 4 DIVERSITY

**IF DIVERSITY, INDICATE CITIZENSHIP BELOW.** *(28 USC 1322, 1441)*

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6 [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

City Hall
83 Broadway
Newburgh, New York 12550

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

Douglas R. Dollinger
96 Broadway
Newburgh, New York 12550

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO: ☒ WHITE PLAINS  ☐ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
|  |  | [ ] NO |
| RECEIPT # |  | ☒ YES (DATE ADMITTED Mo. Feb Yr. 1977 ) Attorney Bar Code # 5922 |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ **FOX** _____ is so Designated.

James M. Parkison, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**UNITED STATES DISTRICT COURT** FILED
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE CITY OF NEWBURGH, | ) Case No.: 07CV  JUL 16 2007 |
| | ) |
| Plaintiff(s), | ) USDC WP SDNY |
| vs. | ) |
| | ) **PETITION-NOTICE** |
| | ) **FOR     REMOVAL** |
| | ) **07 CIV. 6419** |
| 96 BROADWAY, LLC and | ) Civil Action No. 2007/5544 |
| DOUGLAS R. DOLLINGER, | ) |
| Defendant(s). | ) **COPY** |
| | ) **ROBINSON** |

Petitioner, DOUGLAS R. DOLLINGER, (hereafter "DOLLINGER") and a named defendant in the above-entitled action files this Notice for Removal in the foregoing cause from the Supreme Court for Orange County New York to this United States District Court for the Southern District of New York, and respectfully shows this Court:

1.     On or about the 22 day of June, a Summons and Complaint were filed against DOLLINGER and other named Defendants herein in and for the County for Orange, entitled THE CITY OF NEWBURGH v. 96 BRAOWAY, LLC, Index No. 5544/07 and served on DOLLINGER only by with an order to show cause. The foregoing were served on or about June 23. 2007. A copy of the Summons and Complaint are annexed hereto as Exhibit "A". No further proceedings have been had herein.

2.    The above-entitled described action is one of which this Court has original jurisdiction under the provisions of Title 28, United States Code Section 1331 and involves a federal question and is one which may be removed to this Court pursuant to Title 28, United States Code Section 1441.

3.    This Court has "federal question" jurisdiction in this case under 28 U.S.C. § 1331, as Defendant is asserting claims and defenses arising under the laws of the United States and the U.S. Constitution.    Specifically, actions involves federal questions related to **(1)** Plaintiffs' rights under the 5th and 14th Amendments to the US Constitution, and violations of Plaintiffs' civil rights under Part II: 42 U.S.C. sec. 1983 (due process and equal protection clauses), **(2)** violations of Part III: 42 U.S.C. sec. 1985 (1) & (3) (conspiracy).

4.    Because various claims will be asserted arising under state law that form part of the same "case or controversy" as claims arising under federal law, this Court also has "supplemental jurisdiction" pursuant to 28 U.S.C. § 1367 involving **(3)** fraud by omission and nondisclosure, **(4)** common law conspiracy, **(5)** negligent infliction of emotional distress, and **(6)** intentional infliction of emotional distress, **(7)** abuse of process, **(8)** defamation, libel and slander,

5.    Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendants reside in this judicial district, and all events giving rise to this cause of action occurred in this judicial district.

6.    The Notice for Removal is being filed within 30 days after receipt by DOLLINGER of the Summons and Complaint and is timely filed under U.S. C. 1446(b).   Petitioners time to answer or move with respect the Complaint has not expired.

WHEREFORE, Petitioner prays that the above-named action now pending against it in the Supreme Court, County of Orange, State of New York, be removed therefrom to the United States District Court for the Southern District of New York.

Dated: Newburgh, New York
     July 16, 2007

               Yours, etc.,_____

                  DOUGLAS R. DOLLINGER, ESQ.
                    Attorney for Plaintiff(s)
                      P.O. Box 1111
                      96 Broadway
                     City of Newburgh
                 Newburgh, New York 12550
                    Tele. (845) 562-9601

STATE OF NEW YORK COUNTY OF ORANGE
SUPREME COURT
================================X

THE CITY OF NEWBURGH,

                    Plaintiff,

                                                    SUMMONS

       -against-
                                                    Index Number:
                                                    Assigned Judge:

96 BROADWAY, LLC, and
DOUGLAS R. DOLLINGER

                    Defendants,
================================X

TO THE ABOVE-NAMED DEFENDANTS:

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer or, if the complaint is not served with this summons, to serve a notice of
appearance on the plaintiff's attorneys, TARSHIS, CATANIA, LIBERTH, MAHON &
MILLIGRAM, PLLC, within 20 days after the service of this summons, exclusive of the day of
service or within 30 days after the service is complete if this summons is not personally served
upon you within the State of New York; and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded herein.

Dated:   Newburgh, New York
         June 21, 2007

                                        Yours, etc.,
                                        TARSHIS, CATANIA, LIBERTH,
                                        MAHON & MILLIGRAM, PLLC

                            By: _____
                                        Steven I. Milligram, Esq.
                                        Attorneys for Plaintiff
                                        One Corwin Court
                                        P.O. Box 1479
                                        Newburgh, New York 12550
                                        Tel. No. (845) 565-1100

TO:

Douglas R. Dollinger, Esq.
96 Broadway, LLC
96 Broadway
Newburgh, New York 12550

STATE OF NEW YORK COUNTY OF ORANGE
SUPREME COURT
===============================X

THE CITY OF NEWBURGH,

                          Plaintiff,                    VERIFIED COMPLAINT

          -against-                                     Index Number:
                                                        Assigned Judge:

96 BROADWAY, LLC, and
DOUGLAS R. DOLLINGER

                          Defendants,
===============================X

Plaintiff, THE CITY OF NEWBURGH, by its attorneys, TARSHIS, CATANIA,

LIBERTH, MAHON & MILLIGRAM, PLLC, complaining of the above captioned defendant

respectfully alleges upon information and belief as follows:

### Identity of the Parties

1. Plaintiff, THE CITY OF NEWBURGH (CITY) is a municipal corporation

organized and existing under the laws of the State of New York located at 83 Broadway, City of

Newburgh, County of Orange, State of New York.

2. Defendant 96 BROADWAY, LLC is a domestic limited liability company

organized and existing under the laws of the State of New York with a principle place of

business at 96 Broadway, City of Newburgh, County of Orange, State of New York and an

address registered with the New York State Secretary of State for service of process at:

Presidential Services, Inc. 23404 W Lyons Ave., #223, Santa Clarita, CA, 91321-2668.

3. Defendant DOUGLAS R. DOLLINGER ("DOLLINGER") is a natural person

and, upon information and belief, an attorney admitted to practice law by the State of New York.

DOLLINGER'S record address with the New York State Office of Court Administration in 96 Broadway, City of Newburgh, County of Orange, State of New York. DOLLINGER'S attorney registration number is 2354926 and the registration appears to be current, the next biennial registration period being due in May of 2008.

### Venue

4.    Plaintiff designates Orange County as the place of trial. The basis of the venue is based on the location of the real property in Orange County.

### Relief Requested

5.    The relief requested in this action is emergent in nature and therefore has been commenced by filing this action and has come before this Court by Order to Show Cause.

6.    The CITY seeks by way of this proceeding, it be ordered and adjudged that:

1)    Defendants immediately protect and secure the subject premises located at 96 Broadway, City of Newburgh, State of New York by weather sealing the premises and securing all windows, doors and other openings in the premises against the elements and weather in a good and workman like manner; and

2)    Defendants, in accord with Article V, §300-28(C)(2) of the City of Newburgh Code, restore the condition and appearance of the subject premises and its site to *status quo ante*; and

3)    Defendants strictly comply with Article V of the City of Newburgh Code; and

4)    Pending the issuance of final relief herein, defendants be restrained from performing any further work of any kind on the subject premises aside from

protecting and securing the premises in conformity with the stop work order issued by plaintiff; and

     5)    Plaintiff have such other and further relief as to this Court may seem just, proper, and equitable including reasonable attorney fees, disbursements and court costs incurred in this action.

### General Averments Common to All Counts

7.  Upon information and belief, defendant DOLLINGER claims an ownership interest in the premises located at 96 Broadway, City of Newburgh, County of Orange, State of New York (Section 30, Block 5, Lot 22)(the "Premises").

8. Upon information and belief, defendant 96 BROADWAY, LLC claims an ownership interest in the Premises.

9.  Upon information and belief, DOLLINGER is a member of or claims to have an ownership interest in 96 BROADWAY, LLC, and/or claims to be the attorney for same.

10.    On or about January 17th, 2006, DOLLINGER completed, signed and filed with the Building Inspector's Office for the City of Newburgh an application for a Building Permit regarding the Premises (the "Application"). A copy of the application is annexed as Exhibit "B".

11.    At page 2 of the Application, the work to be performed is generally described as 'the alteration of an existing use hybrid commercial and residential structure by adding an additional 1,000 square feet of space.' Exhibit "B".

12.    In response to item 7 of the application, the applicant denies that the proposed work violates any zoning law or ordinance. Upon information and belief this was an incorrect statement since Article V of the Code of the City of Newburgh requires Architectural Review

Commission oversight and approval, including the issuance of a Certificate of Appropriateness for the proposed exterior renovations. *See*, Exhibit "A"; Exhibit "B".

13.    At page 6 of the application there is a request that the applicant state whether certain pre-conditions to the issuance of the permit are required and if so whether that applicant has complied with those pre-conditions. Exhibit "B" at page 6.

14.    There is, among other things, an entry in the list of pre-conditions for "Historic Review". That, and all other entries, has been left blank by the applicant. By omission, the applicant has represented there are no pre-conditions, including Historical Review, for the issuance of the Building Permit.

15.    This is an incorrect statement of fact and law by the applicant since Article V of the Code of the City of Newburgh requires Architectural Review Commission oversight, including the issuance of a Certificate of Appropriateness for the proposed exterior renovations.

16.    At page 7 of the Application, there is space provided for signature of the Applicant under the following statement in relevant part:

> Application is hereby made to the Building Inspector of the City of Newburgh for the issuance of a Building Permit pursuant to the New York State Uniform Fire Prevention and Building Construction Code for the construction of buildings, additions or alterations . . . the applicant agrees to comply with all applicable laws, ordinances and regulations. Applicant further agrees that the City of Newburgh Building Inspector or his designate will be permitted to perform periodic inspections of this property to insure that work is being performed according to these codes, ordinances and regulations. It is understood by the applicant that if work is not performed according to codes, ordinances, or regulations, any permit that has been issued by the Building Inspector may be withdrawn and an order to stop work issued.

*See*, Exhibit "B" at page 7.

17.    Upon information and belief DOLLINGER signed the application where provided under the above statement as the applicant and owner and on behalf of 96 BROADWAY, LLC.

18.    There is a section to be filled in if the applicant is other than the Owner. This section was left blank by the applicant. Exhibit "B" at page 7.

19.    On or about January 25th, 2006 then City of Newburgh Building Inspector William Cummings wrote to the defendants acknowledging that the Application and certain plans had been received and reviewed by Architect Wheldon A. Abt. A copy of that letter is annexed to the Complaint as Exhibit "C". Ostensibly, Mr. Abt was acting as an independent contractor designated by the Building Inspector to, *inter alia*, review certain building permit applications. The letter specifically requested a preliminary meeting to discuss the Application.

20.    Mr. Abt's comments were enclosed with the said letter to the defendants. Among other things, Mr. Abt specifically identified that the Premises may be a Historic Building subject to Historical review. *See*, Exhibit "C". Mr. Abt further noted that the project documents did not "sufficiently address compliance with the code". Id. A preliminary meeting was scheduled for February 14th, 2006.

21.    On or about February 3rd, 2006 the defendants' architect, Eric Knute Osborn, wrote to the Building Inspector seeking permission to being roof repair due to a leaking roof. Accordingly, the Building Inspector issued a Building Permit for roof repair only on February 6th, 2006. A copy of the Knute-Osborn letters and the roof only Building Permit ("Roof Permit") are annexed as Exhibit "D".

22.    The aforementioned preliminary meeting was in fact held on or about February 14th, 2006. Minutes from that meeting are annexed hereto as Exhibit "E".

23.    Significantly, the minutes reflect that concerns were expressed that the City of Newburgh Historic requirements would prevent the proposed exterior renovations and re-construction. *See*, Exhibit "E". It was specifically noted that there was a "need to go to the Historic Review Board". *See*, Exhibit "E".

24.    Therefore the defendants were on actual notice as early as February 14th, 2006 that the proposed exterior renovations and re-construction to the Premises required oversight by the Historic Review Board.

25.    However the defendants did not take the proposed exterior renovations on the Premises to the ARC and apparently took no steps to ensure compliance with Article V of the City of Newburgh Code as they agreed to do in the building permit application.

26.    Rather, the defendants submitted "revised plans" to the Building Inspector dated February 27th, 2006. In response, Architect Abt issued a review dated March 22nd, 2006 and a Building Permit dated March 24th, 2006 was issued for the "revised work shown on the plans and subject to addressing comments on the March 22nd review by Abt. A copy of the said permit with Abt's comments attached is annexed as Exhibit "F".

27.    It should be noted that there is a handwritten notation on the March 24th, 2006 Permit which states: "No exterior changes until ARC approval as per Bill Cummings 5-8-06."

28.    On or about May 2nd, 2006 a stop work order was issued by the City of Newburgh Building Inspector on that grounds that, *inter alia*, the work being done to the exterior was being performed in violation of section 300-26A of the City Code since ARC approval for the exterior changes had not been obtained and for violation of section 122.12 of the City Code since the work being performed ostensibly exceeded the scope of the March 24th, 2006 building permit. Copies of the said stop work orders are annexed hereto as Exhibit "G".

29.    On or about May 8th, 2006 an order lifting the May 2nd order to vacate was issued by the Building Inspector on the basis that "an agreement had been reached with Cummings, Crab, Dollinger and Terwilliger." This document is annexed hereto as Exhibit "H".

30.    Upon information and belief the gravamen of the agreement was that the building would be secured and protected, that interior work could continue, but that no further exterior work would take place on the premises until a Certificate of Appropriateness was issued by the City of Newburgh ARC approving the proposed alterations or some modification of same. *See*, Exhibit "F". Indeed, a building permit dated May 13th, 2006 was issued for the purpose of "re-construction and scaffolding" only. *See*, Exhibit "I".

31.    Nevertheless, the defendants continued with exterior work on the premises in contravention of the Building Inspector's directions. Therefore, a stop work order was issued by the Building Inspector on or about June 2nd, 2006. A copy of that order is annexed as Exhibit "J".

32.    It is noted that on or about June 6th, 2006 a meeting was held between Bill Cummings, City Engineer Mike Lamoreaux, Code Officer Terwilliger, and DOLLINGER to discuss what had to be done in order to have the stop work order lifted. *See*, June 6th, 2006 Inspection Record annexed as Exhibit "K".

33.    Upon information and belief, DOLLINGER was again instructed of the requirement that the proposed exterior renovations of the Premises be reviewed by the ARC and that a Certificate of Appropriateness be obtained before the exterior work could continue.

34.    Indeed, on or about June 2nd, 2006 an application was submitted to the ARC by DOLLINGER vis-à-vis the Premises. A copy of the Application is annexed as Exhibit "L".

35.     The application indicates that the work to be done generally includes "addition, alterations, repair, doors, roof, windows, steps, clock, finials, columns, decorative cornices, beige and white paint." *See*, Exhibit "L".

36.     DOLLINGER signed the application as the owner thereby acknowledging his understanding and agreement that no work would commence on the Premises until written approval has been given by the ARC and the Building Inspector. *See*, Exhibit "L".

37.     On June 13th, 2006 a meeting of the City of Newburgh Architectural Review Commission was conducted. The application for the Premises was put on the ARC agenda for a public hearing. *See*, Exhibit "M" (June 13th, 2006 ARC Meeting Minutes).

38.     DOLLINGER appeared on behalf of 96 BROADWAY, LLC as the applicant.

39.     By review of the Minutes it is apparent that DOLLINGER approached this process with a hostile, oppositional and a generally obstreperous attitude.

40.     Indeed, the ARC application was ultimately tabled at this meeting because of DOLLINGER'S behavior and inclination to argue with the ARC members.

41.     At that same meeting, Inspector Bill Cummings gave a brief overview of the 96 Broadway project and noted specifically that the owner's representative was advised that the project had to come before the ARC during the Building Permit application process. *See*, Exhibit "M" at page 12. However, Mr. Cummings admitted that the permit was issued without ARC approval because he "missed that notice". Mr. Cummings noted that when it was determined that no ARC permit had issued a stop work order was issued and DOLLINGER agreed to cease exterior work and come to the ARC for approvals. *See*, Id.

42. DOLLINGER denied knowing that ARC approval was a pre-condition to the commencement of exterior renovations stating in sum and substance "If I knew I had to come before the ARC do you think I would have taken a half-million dollars out of my own pocket and let it sit there?" *See*, Exhibit "M" at page 15.

43. DOLLINGER thereafter submitted a letter dated June 26th, 2006 (Exhibit "N") noting that his representative Brian Maximo Blake would appear at the next ARC meeting on July 11th, 2006.

44. Indeed, Mr. Blake appeared at the July 11th, 2006 ARC meeting. A copy of the minutes from that meeting are annexed as Exhibit "O".

45. As the owner's representative, Mr. Blake continued the oppositional tone by disputing the building was "historic" stating that the Premises was a "ruined building". *See*, Exhibit "O".

46. Michelle Kelson, Assistance Corporation Counsel for the City of Newburgh, informed Mr. Blake that the Premises was listed on the National Register of Historic Places and had been so listed since 1985. *See*, Exhibit "O".

47. The ARC held the meeting open in order to solicit further information from the Owner and from the City Building Inspector. Id.

48. The project Architect, Mr. Knute-Osborn, appeared before the ARC at its October 11th, 2006 meeting.[7] *See*, Exhibit "P" (October 11th, ARC meeting minutes). Id.

49. The ARC expressed clearly to Mr. Knute-Osborn that the proposed exterior renovations were completely at odds with the historical character of the original building and the neighborhood. The proposal was, simply put, not appropriate. *See*, Exhibit "P".

---

[7] It should be noted that the subject Premises appeared on each monthly agenda of the ARC but only those meetings where the owner or one of its representatives appeared are discussed here.

50.   Mr. Knute-Osborn offered to take away "a lot of the gaudy details". Exhibit "P".

51.   The ARC voted to table the application while the applicant consulted with professional and historic resources to submit a design proposal which did not jeopardize the Premises as a contributor to the Historic District in the National Register of Historic Places. Id.

52.   Following the October 11th, 2006 ARC meeting, ARC Chairperson Mary Crabb wrote to DOLLINGER by letter dated October 27th, 2006. See, Exhibit "Q".

53.   In that letter, Ms. Crabb advised DOLLINGER of the outcome of the October ARC meeting and generally described what had to be done in order to move the application ahead together with an admonition that any work on the Premises would require a building permit. Exhibit "Q".

54.   However, neither DOLLINGER nor 96 BROADWAY, LLC has taken any of the steps required to move their application ahead, nor have either re-applied for any building permits of any kind.

55.   In fact, upon information and belief, nothing has been done with respect to the Premises in over a year. The Premises are unsecured, unprotected and remain exposed to the elements and to trespassers.

56.   Annexed hereto as Exhibit "R" is a February 23rd, 2007 letter by Nancy Billman, President of the Newburgh Preservation Association. In that letter, Ms. Billman described the condition of the Premises as "embarrassing, if not dangerous." See, Exhibit "R".

57.   The owner, through its representative Maximo Blake, held an informal work session with the City to address the ongoing problem of the half-demolished, weather exposed and unsecured Premises on April 9th, 2007.

58.    Mr. Blake sent a memorializing letter following this informal meeting. *See,* Exhibit "S". Among other things, Mr. Blake acknowledged on behalf of the owner the need to immediately secure, protect and weather seal the Premises.

59.    Assistant Corporation Counsel Kelson replied to Blake by letter dated April 19th, 2007 clarifying that while the City would allow some flexibility in design, the final designs would be subject to ARC approval in accord with the City Ordinances governing exterior renovation to Historic Premises. *See,* Exhibit "T".

60.    By that same letter, Ms. Kelson directed an appearance by a representative of the owner for the next ARC meeting scheduled for May 8th, 2007. Id.

61.    However, neither DOLLINGER, nor Maximo Blake nor Knute-Osborn nor anyone else purporting to be affiliated with the project appeared at the May 8th, 2007 ARC meeting. A copy of the minutes is annexed hereto as Exhibit "U". On the failure to appear, the ARC denied the application and voted to take action to secure and protect the Premises. *See,* Exhibit "U".

62.    Photographs showing the Premises in 2005 prior to the demolition, and in 2006 and 2007 are annexed hereto as Exhibit "V". The photographs show the illegal exterior renovations as well as the present unsecured, unprotected and weather exposed condition of the Premises.

63.    In conformity with the above documented adversarial and oppositional course of conduct, rather than move to protect the Premises and comply with the ARC process, DOLLINGER sent to the City a letter which has been annexed hereto as Exhibit "W".

64. In his June 8th, 2007 letter, DOLLINGER sent to the CITY a bill for $784,000.000 based upon certain claimed-published mistakes the Building Inspector as well as certain unspecified violations of Constitutional and Statutory Rights. *See,* Exhibit "W".

65. In that letter, DOLLINGER states that he has "elected to restore the building to its former appearance". Id. While the CITY has no objection to this plan of action in principle, and indeed affirmatively seeks such relief herein, DOLLINGER'S unilateral declaration that "work will begin on June 21, 2007" without obtaining a building permit or ARC approvals for the work is both unlawful and unacceptable. DOLLINGER'S brash plan has forced the CITY to seek immediate relief by way of this application.

66. It is respectfully submitted that there is a substantial danger of an immediate and irreparable injury to the Premises, to the CITY and its interest in the preservation of the assets of its Historic District. Specifically, if DOLLINGER makes good on his threat to press ahead with work on June 21, 2007, the Premises may be damaged beyond repair and are in danger being lost to History and to the City forever.

## AS AND FOR A FIRST CAUSE OF ACTION
### Defendants Must be Restrained from Working on the Premises and Must be Ordered to Strictly Comply with the City of Newburgh's Codes and Ordinances

67. Plaintiff repeats, reiterates and re-alleges allegations 1-66 as though fully set forth at length herein.

68. Section 300-26(A) of the City of Newburgh Code states:

> Certificate required. No person shall carry out any exterior alteration, restoration, reconstruction, demolition, new construction or moving of a landmark, nor shall any person make any material change in the appearance of such a property, its light fixtures, signs, sidewalks, fences, steps, paving or other exterior elements visible from a public street or alley which affect the appearance

and cohesiveness of a district and its designated properties, without first obtaining a certificate of appropriateness.

City of Newburgh Code §300-26(A)[General Code, 2007]. Exhibit "A".

69.    The Premises are designated "a historic landmark" and appears in the City of Newburgh, East End Historic District in the National Register of Historic Places.

70.    There is no dispute that the defendants have proceeded with the demolition of the exterior of the Premises without first having obtained the requisite certificate of appropriateness from the City of Newburgh ARC.

71.    Therefore the defendants are in violation of City of Newburgh Code §300-26(A).

72.    Section 300-26(E) and (F) state in relevant part:

E. Prior to the commencement of any work requiring a certificate of appropriateness the owner shall file an application for such a certificate with the Commission.

F. No building permit shall be issued for such proposed work until a certificate of appropriateness has first been issued by the Commission. _The certificate of appropriateness required by this section shall be in addition to and not in lieu of any building permit that may be required by any other ordinance of the City of Newburgh._

City of Newburgh Code §300-26(E),(F)[General Code, 2007](emphasis supplied). Exhibit "A".

73.    It is equally clear that the defendants failed to file an application for a certificate of appropriateness prior to the commencement of work and that the certificate of appropriateness is in addition to, not in lieu of any building permit required under other ordinances of the City. Thus, the defendants may not argue that they were entitled to proceed based upon the March 2006 permit issued by Inspector Cummings.

74.    Section 300-28(A) of the City of Newburgh Code states:

Enforcement. All work performed pursuant to a certificate of appropriateness issued under this article shall conform to any

requirements included therein. It shall be the duty of the Building Inspector to inspect periodically any such work to assure compliance. In the event work is found that is not being performed in accordance with a certificate of appropriateness, the Building Inspector shall issue a stop-work order and all work shall immediately cease. *No further work shall be undertaken on the project as long as a stop-work order is in effect.*

City of Newburgh Code §300-28(A)[General Code, 2007](emphasis supplied).

75.    Section 300-28(A) clearly authorized the stop work orders issued by Inspector Cummings. Those stop work orders remain in effect. Moreover, the threat by DOLLINGER to begin work on the Premises on June 21st, 2007 is in direct contravention to the prohibition of section 300-28(A) that no work shall be undertaken unless and until a certificate of appropriateness is obtained from the ARC and until the stop work order is lifted by the Building Inspector.

76.    The defendants have not yet obtained such certificate of appropriateness, nor has the stop work order been lifted. Therefore the threat to begin work on June 21st is illegal and this Court must restrain defendants from executing the threatened violation of law.

## AS AND FOR A SECOND CAUSE OF ACTION

**Defendants Must Be Compelled to Immediately Secure and Protect the Premises And to Restore the Exterior of the Premises to Status Quo Ante**

77.    Plaintiff repeats, realleges and reiterates allegations 1-76 as though fully set forth at length herein.

78.    The defendants must, as a matter of law, be compelled to secure and protect the Premises without delay.

79.    Section 300-28(B) of the City of Newburgh Code states in part:

Maintenance required. Nothing in this article shall be construed to prevent the ordinary maintenance and repair of any exterior

architectural feature of a landmark or property within a historic district which does not involve a change in the design, material, color, or outward appearance. *No owner or person with an interest in a designated property shall permit the property to fall into a serious state of disrepair so as to result in the deterioration of any exterior architectural or historic feature which would, in the judgment of the Commission, produce a detrimental effect upon the character of a historic or architectural district as a whole or the life and character of a landmark.* Examples of such deterioration include:

(1)  Deterioration of exterior walls or other vertical supports;

(2)  Deterioration of roofs and other horizontal members;

(3)  Deterioration of exterior chimneys;

(4)  Deterioration or crumbling of exterior stucco or mortar;

(5)  Ineffective waterproofing of exterior walls, roofs, or foundations, including broken windows or doors; and

(6)  Deterioration of any features so as to create a hazardous condition which could lead to a claim that demolition is necessary for the public safety.

City of Newburgh Code §300-28(B)[General Code, 2007](emphasis supplied).

80.    The ARC determined at its May 2007 meeting that the Premises being unsecured, unprotected and open to the elements amounted to such a serious state of disrepair that immediate steps were required to protect the Premises voting that "the City take the necessary steps to secure and protect 96 Broadway and to hold the owner's of 96 Broadway accountable in full." *See,* Exhibit "U".

81.    Additionally, code compliance officers with the City of Newburgh have

determined

that the Premises are indeed in a state of disrepair as contemplated by the City Code.

82.     Section 300-28(C) of the City of Newburgh Code states in part:

> Any person who demolishes, alters, constructs or permits a designated property to fall into a serious state of disrepair in violation of this article shall be required to restore the property and its site to its appearance prior to the violation. An action to enforce this subsection may be brought by the City in any court of competent jurisdiction. This civil remedy shall be in addition to and not in lieu of any criminal prosecution and penalty.

City of Newburgh Code §300-28(C)(2)[General Code, 2007](emphasis supplied). Exhibit "A".

83.     Thus, City of Newburgh Code §300-28(C)(2) provides for the authority to direct the defendants to immediately secure and protect the Premises as well as to direct defendants to restore the Premises to *status quo ante*. Based upon the undisputed violations of City Code by the defendants, the Court has it well within its discretion to grant the requested relief.

**WHEREFORE**, plaintiff CITY OF NEWBURGH prays this Court order and adjudge that:

1)     Defendants, in accord with Article V of the City of Newburgh Code, immediately protect and secure the subject premises located at 96 Broadway, City of Newburgh, State of New York by weather sealing the premises and securing all windows, doors and other openings in the premises against the elements and weather in a good and workman like manner; and

2)     Defendants, in accord with Article V, §300-28(C)(2) of the City of Newburgh Code, restore the condition and appearance of the subject premises and its site to *status quo ante*; and

3)     Defendants strictly comply with Article V of the City of Newburgh Code; and

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC

4)      Pending the issuance of final relief herein, defendants be restrained

from performing any further work of any kind on the subject premises aside from

protecting and securing the premises in conformity with the stop work order

issued by plaintiff; and

5)      Plaintiff have such other and further relief as to this Court may seem just,

proper, and equitable including reasonable attorney fees, disbursements and court costs

incurred in this action.

Dated:   Newburgh, New York
         June 21, 2007

Yours, etc.,
TARSHIS, CATANIA, LIBERTH,
MAHON & MILIGRAM, PLLC

By: _____



Steven I. Milligram, Esq.
Attorneys for Plaintiff
One Corwin Court
P.O. Box 1479
Newburgh, New York 12550
Tel. No. (845) 565-1100

STATE OF NEW YORK COUNTY OF ORANGE
SUPREME COURT

————————————————————————X

THE CITY OF NEWBURGH,

                         Plaintiff,

     -against-

96 BROADWAY, LLC, and                          Index Number:
DOUGLAS R. DOLLINGER

                         Defendants,

————————————————————————X


## VERIFICATION

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF ORANGE       )


Michelle Kelson, Esq., being duly sworn, deposes and says:


1.      I am assistant corporation counsel for the City of Newburgh, the plaintiff in the

within proceeding.

2.      I have read the annexed complaint, I am familiar with the contents thereof, the

same are true to my knowledge, except those matters therein which are stated to be alleged upon

information and belief, and as to those matters I believe them to be true.


                                        _____
                                        Michelle Kelson, Esq.

Sworn to before me on the 21ST

Day of ___June___, 2007.

_____
NOTARY PUBLIC

FIRST DRAFT

DONNA M. RICKEY
Notary Public, State of New York
No. 01RI4705930
Residing in Orange County
Commission Expires April 30, 20 __11__

Sworn to before me on the 21st

Day of ___June___, 2007.


NOTARY PUBLIC

FIRST DRAFT


DONNA M. RICKEY
Notary Public, State of New York
No. 01RI4705930
Residing in Orange County
Commission Expires April 30, 20 __11__

## *DECLARATION OF SERVICE*

Edward FX McCarthy declares and states that: I am not a party to this action. I am over 18 years of age and maintain offices in Orange County, New York.

On this 16th day of July 2007, I placed a true copy of the Petition and Notice for Removal and supporting papers and Disclosure Statement which was mailed and directed to:

To:

TARIS, CATANIA,LIBERTH,MAHON & MILLIGRAM, PLLC
P.O. BOX 1479
Newburgh, New York 12551

Declaring on this 16th day of July 2007 the foregoing to be true, under the penalty of perjury.

Dated: Newburgh, New York

Edward FX McCarthy

Plaintiff,

vs.

96 BROADWAY and
DOUGLAS R. DOLLINGER;

Defendants.

* * *

*DEFENDANT'S PETITION-NOTICE FOR REMOVAL*

*Law Office of DOUGLAS R. DOLLINGER*
*Pro-Se*
*96 Broadway*
*City of Newburgh*
*Newburgh, New York 12550*
*Tele: 845.562.9601*
*Facs: 845.562.9602*

To:
TARIS, CATANIA,LIBERTH,MAHON & MILLIGRAM, PLLC
P.O. BOX 1479
Newburgh, New York 12551

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUL 1 6 2007

USDC WP SDNY

THE CITY OF NEWBURGH,

               Plaintiff(s),

   vs.

96 BROADWAY, LLC and
DOUGLAS R. DOLLINGER,
               Defendant(s).

)
)
)
)
)
)
)
)
)
)
)

Case No.: 07CV

**07 CIV 6419**

FED. RULE 7.1(a)
**DISCLOSURE STATEMENT**

Civil Action No. 2007/5544

**COPY** **ROBINSON**

DOUGLAS R. DOLLINGER, and attorney admitted to practice in this Court declares as follows:

Pursuant to Rule 7.1(a) of the federal Rules of Civil Procedure, the undersigned attorney and defendant-pro se, herein is a private citizen non-governmental party, and certifies that defendant has no parent company and that there are no public shareholders which would effect or are applicable to the disclosure in this action, other than the fact that the Plaintiff may be a Municipal Corporation under the laws of the State of New York.

Dated: Newburgh, New York
      July 16, 2007

              Yours, etc.,

              DOUGLAS R. DOLLINGER, Pro-se
                    P.O. Box 1111
                    96 Broadway
                    City of Newburgh
                    Newburgh, New York 12550
                    Tele. (845) 562-9601

ORANGE COUNTY CLERK
FILED
2007 JUL 16 A 10: 51

ORIGINAL FILED

4

### *DECLARATION OF SERVICE*

Edward FX McCarthy declares and states that:  I am not a party to this action. I am over 18 years of age and maintain offices in Orange County, New York.

On this 16th day of July 2007, I placed a true copy of the Petition and Notice for Removal and supporting papers and Disclosure Statement which was mailed and directed to:

To:

TARIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479
Newburgh, New York 12551


Declaring on this 16th day of July 2007 the foregoing to be true, under the penalty of perjury.

Dated: Newburgh, New York

Edward FX McCarthy

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEWBURGH,                              ) Case No.: 07CV
                                                   )
                          Plaintiff,               )
                                                   )
            vs.                                    )
                                                   )
                                                   )
96 BROADWAY and                                    )
DOUGLAS R. DOLLINGER,                              )
                                                   )
                          Defendants.              )
                                                   )
                                                   )
                                                   )
                                                   )
_____   )

\* \* \*

### *DEFENDANT'S RULE 7.1(a) DISCLOSURE*

*Law Office of DOUGLAS R. DOLLINGER*
*Pro-Se*
*96 Broadway*
*City of Newburgh*
*Newburgh, New York 12550*
*Tele: 845.562.9601*
*Facs: 845.562.9602*

**To:**
TARIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479
Newburgh, New York 12551