UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE CITY OF NEWBURGH,                                  HON. STEPHEN ROBINSON

                                    Plaintiff,           **MEMORANDUM OF LAW**

        -against-                                         07 CV 6419 (SCR) (MLF)

96 BROADWAY, LLC and
DOUGLAS R. DOLLINGER,

                                   Defendants.
------------------------------------------------------------------------X


**MEMORANDUM OF LAW**


                                         Yours, etc.,

                                         TARSHIS, CATANIA, LIBERTH,
                                         MAHON & MILLIGRAM, PLLC
                                         Attorneys for Plaintiff
                                         THE CITY OF NEWBURGH
                                         One Corwin Court, P.O. Box 1479
                                         Newburgh, New York 12550
                                         Tel. No. (845) 565-1100


Counsel:

STEVEN I. MILLIGRAM, ESQ.

SIM/loc            00799-55986            409187

# TABLE OF CONTENTS

**PAGES**

TABLE OF CONTENTS……………………………………………………………  - ii -

TABLE OF AUTHORITIES……………………………………………………….  - iii -

PROCEDURAL BACKGROUND………………………………………………..  - 1 -

FACTUAL BACKGROUND……………………………………………….......  - 2 -

ARGUMENT……………………………………………………………………….  - 5 -

SIM/loc                              00799-55986                                      409187

# TABLE OF AUTHORITIES

**PAGES**

Federal Cases

Fax Telecommunicaciones Inc. vs. AT&T, 138 F.3d 479 (2d Cir. 1998) ............................- 10 -

Franchise Tax Board of State of California vs. Construction Laborer's
Trust for Southern California, 463 U.S.1, 103 S. Ct. 2841, 77 L. Ed.2d 420 (1983) ......... - 5 -, - 8 -, - 10 -

Homes Group Incorporated vs. Vornado Air Circulation Systems, Inc.,
535 U.S.A. 26, 831, 122 SET 1889, 153 L. Ed.2d 13 (2002) ................................................- 9 -

Property Clerk New York City Police Dept. vs. Fyfe, 197 F. Sup.2d 39 ............................- 10 -

Tyber v. Adams, 2001 U.S. Dist. Lexis 24444 (SDNY 2001) ..............................................- 5 -

City of New York v. Simithis, 1988 U.S. Dist. Lexis 5439 (SDNY 1988) ............................- 6 -

Greenpoint Bank v. Simon, 2007 U.S. Dist. Lexis 18732 (EDNY 2007) ............................- 6 -


Federal Statutes

28 U.S.C. 1447(c) ................................................................................................. - 4 -, - 10 -, - 11 -

Section 28 U.S.C. 1441(a) .................................................................................................- 9 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE CITY OF NEWBURGH,                    Docket No.: 07 CV 6419 (SCR) (MLF)

                      Plaintiff,

    -against-

96 BROADWAY, LLC and
DOUGLAS R. DOLLINGER,

                      Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW

This Memorandum of Law is respectfully submitted in support of plaintiff's THE CITY OF NEWBURGH's motion for an Order, pursuant to 28 U.S.C. 1447(c), remanding this matter back to the Supreme Court of the State of New York for the County of Orange, for payment of cost, expenses, including attorneys fees incurred as a result of the removal, and such other and further relief as the Court deems just and proper.

## PROCEDURAL BACKGROUND

The plaintiff THE CITY OF NEWBURGH is a municipality existing by and under the laws of the State of New York situated in Orange County, New York. Defendants are, upon information and belief, the owners of premises located at 96 Broadway, Newburgh, New York. The premises located at 96 Broadway, Newburgh, New York is within the "Historic District" of the City of Newburgh, and is listed on the National Register of Historic Places.

    3.    On June 22, 2007, an Order to Show Cause, which included a Temporary Restraining Order, and Summons and Complaint, was filed with the Orange County Clerk. Procedurally, the Order to Show Cause and Temporary Restraining Order were heard before the Honorable Joseph G. Owen,

SIM/loc                              00799-55986                              409187

Justice of the Supreme Court, at the Orange County Government Center in Goshen, New York, on July 2, 2007. At that time, defendants appeared by Douglas Dollinger, Esq., who requested an adjournment of the proceedings, which the Court granted until July 16, 2007, over the objection of the plaintiff THE CITY OF NEWBURGH. The matter, then, came on again before Justice Owen on July 16, 2007. At that time, counsel for defendants DOUGLAS DOLLINGER represented that a Notice of Removal had been filed with this Court, although none had yet been received by either the Supreme Court in Orange County or the undersigned. In any event, at defendants' request the matter was again adjourned for another two weeks, and is scheduled to be heard again before the Hon. Joseph G. Owen on July 30, 2007.

On July 17, 2007, a Notice of Removal from defendants was received. A copy of the Notice of Removal is annexed as Exhibit "B".

## FACTUAL BACKGROUND

The facts underlying the nature of the claim filed by plaintiffs and the relief sought are set forth more fully in the annexed Order to Show Cause and supporting papers. Summarizing them, in essence, THE CITY OF NEWBURGH is seeking a direction from the Court that, in compliance with THE CITY OF NEWBURGH Code, the defendants secure the premises located at 96 Broadway, to restore the condition and appearance of the premises to its status quo, and restraining defendants from performing any work until they act in conformity with Article V of THE CITY OF NEWBURGH Code. No federal statute has been cited, nor has any Federal claim been asserted by plaintiffs. Moreover, there is no diversity of jurisdiction in this case.

On or about January 17, 2006, an application for a Building Permit was submitted by defendants to THE CITY OF NEWBURGH t, indicating that the work to be performed was the alteration of an existing use Hybrid Commercial and Residential Structure by adding an additional 1,000 square feet of

SIM/loc                                          00799-55986                                          409187

space.  The application incorrectly stated that the work did not violate any zoning law or ordinance, as Article V of THE CITY OF NEWBURGH Code requires Architectural Review Commission over-sight and approval, including the issuance of a Certificate of Appropriateness for the proposed exterior renovations.  Upon review of the application and proposed plans, defendants were advised that the premises may be a historic building subject to a historical review.

On or about February 3, 2006, defendants' architect requested permission to perform roof repair due to a leaking roof, and, as a result, a building permit for roof repair only was issued.  Subsequently, following a meeting, a Building Permit dated March 24, 2006, was issued for revised work, subject to addressing comments made by the City's architect in his review.  The permit further notes that no exterior changes are to be made to the building until the Architectural Review Commission approves it.

Subsequently, on May 2, 2006, a Stop Work Order was issued by THE CITY OF NEWBURGH Building Inspector on the grounds that the work being done to the exterior was done in violation of the City Code as ARC approval had not been obtained.  Moreover, the work being performed exceeded the scope of the building permit issued.  Subsequently, on or about May 8, 2006, the May 2nd Order was vacated, upon condition that the building would be secured and protected, that interior work continue, but no exterior work would take place until the ARC had approved it.  In contravention of the building inspector's directions, defendants continued to work on the exterior of the premises.  As such, a second Stop Work Order was issued on or about June 2, 2006.

On June 6, 2006, defendants, including DOLLINGER specifically, were again instructed that exterior renovations had to be reviewed by the ARC and a Certificate of Appropriateness obtained.  Indicating an awareness of this, on June 2, 2006, DOLLINGER submitted an application to the ARC, which he signed as owner of the building.  Thereafter on June 13, 2006, the application of defendants was put on the ARC agenda and DOLLINGER appeared on their behalf, and the application was tabled.

SIM/loc                              00799-55986                              409187

At the next meeting of the ARC, on July 11, 2006, a representative of DOLLINGER appeared. At that meeting, defendants' position was that the building was not historic, and that the premises were a "ruined building". In response, defendants were advised that the premises were listed on the National Register of Historic Places and have been so since 1985. Again, however, the matter was held open by the ARC for defendants to respond.

Defendants' architect appeared before the ARC at its October 11, 2006 meeting, who agreed that exterior renovations were at odds with the historical character of the original building and neighborhood. At that point, with the concurrence of the architect, the application was tabled so that the applicant could consult Professional and Historic Resources to submit a design proposal which not jeopardize the premises as it contributed to the Historic District in the National Register of Historic Places. This was outlined by the ARC Chairperson in a letter to DOLLINGER dated October 27, 2006.

Since that time, however, nothing has been done by the defendants to move their application forward. No application for a Building Permit has been made, nor has any review been completed by the Architectural Review Commission. In fact, nothing has been done with regards to the premises for over a year, and they remain unsecured, unprotected and exposed to the elements and trespassers.

In an effort to resolve the ongoing problem of the half demolished, weather exposed and unsecured premises, a meeting was held with the defendants' representative on April 9, 2007. Among other things, defendants acknowledged that they needed to immediately secure protect and weather seal the premises.

By letter dated April 19, 2007, the City wrote to defendants advising that they would allow some flexibility and design, but that the final designs were subject to ARC approval. The defendants were again requested to appear before the ARC at its next scheduled meeting for May 8, 2007. However, defendants did not appear.

SIM/loc                                                           00799-55986                                                              409187

In view of the hazards and dangerous condition of the premises, and the absence of any work done by defendants, THE CITY OF NEWBURGH moved by Order to Show Cause seeking a direction that defendants do that which they acknowledge they should do, namely secure their premises, protect it and weather seal it, and, proceed to the Architectural Review Board for their approval of this historic building.

## ARGUMENT

As set forth more fully in defendants' "Petition – Notice of Removal", the sole basis for removal as claimed by them is that this Court has federal question jurisdiction.  However, the only federal claim is defendants' assertion that they have "claims and defenses arising under the laws of the United States and the U.S. Constitution".  (See Petition-Notice for Removal, paragraphs 2 and 3.)  However, the law is clear that an action may be removed only when a Federal Statutory or constitutional violation is alleged in the complaint or proceedings brought in the underlying Court by plaintiff.  Stated differently, as the Court noted in Franchise Tax Board of State of California vs. Construction Laborer's Trust for Southern California, 463 U.S.1, 103 S. Ct. 2841, 77 L. Ed.2d 420 (1983),

> "In other words, Federal Courts have original federal question jurisdiction only where the well-pleaded complaint establishes either (1) that federal law creates the cause of action; or (2) that the plaintiff's right of relief necessarily depends on a resolution of a substantial question of Federal Law.  Id. at 27-28, 103 S. Ct. 2841.

Defendants concede that any potential, and as yet unplead, federal claims arise solely from defenses and/or counterclaims that may be asserted.  As such, this is insufficient for this Court to remove the underlying State Supreme Court action to the Federal Court.  Hence, this matter should be remanded back to State Court.

In Tyber v. Adams, 2001 U.S. Dist. Lexis 24444 (SDNY, 2001) "A case may be moved to Federal Court only if it could have been filed in the Federal Court in the first instance."  Plainly, in our

SIM/loc                                                       00799-55986                                                       409187

case, this case could not have been filed in the Federal Court in the first instance, for no federal claim has been invoked or federal relief sought by plaintiff.

As Judge Conboy commented in City of New York vs. Simithis, 1988 U.S. Dist. Lexis 5439 (SDNY 1988),

> "Since 1887 it has been well settled law that a case may not be removed to a Federal Court on the basis of a federal defense. This rule has been applied in an action raising a Section 1983 defense to a complaint based solely on state law".

In our case, as in the case decided by Judge Convoy, the relief sought by plaintiff THE CITY OF NEWBURGH is based solely on rights established under THE CITY OF NEWBURGH Code, in effect, under state law. Any claim by defendants that the underlying action brought by plaintiff THE CITY OF NEWBURGH violates defendants' federal constitutional rights, does not give them the right to remove the action under Section 28 U.S.C. 1441(a). As such, this matter should be remanded.

More recently, this issue was addressed in Greenpoint Bank vs. Simon, 2007 U.S. Dist. Lexis 18732 (EDNY 2007). There, defendants sought removal of that action to the District Court. In holding that the Court lack subject matter jurisdiction:

> "To invoke federal question jurisdiction, the plaintiffs' claims must arise under the constitution, laws or treaties of the United States. Only State-Court actions that originally could have been in the Federal Court may be moved to Federal Court by the defendant. A federal law issue raised by a defendant's defense or counterclaim is not a foundation for removal of a case from State to Federal Court. As the Court noted in Homes Group Incorporated vs. Vornado Air Circulation Systems, Inc., 535 U.S.A. 26, 831, 122 SET 1889, 153 L. Ed.2d 13 (2002), 'a counterclaim which appears as part of the defendants' answer, not as part of the plaintiffs' complaint, cannot serve as the basis for arising under jurisdiction.' Hence, as the only grounds that defendants' claim as a basis for removal are their counterclaims and/or defenses, these may not serve as a basis for the removal to Federal Court. Hence, this matter should be remanded."

As the Court noted in Franchise Tax Board of State of California, supra, "a right of immunity created by the Constitution Laws of the United States must be an element, and an essential one, are the plaintiffs' cause of action". Clearly, this essential element is lacking in our case.

In Property Clerk New York City Police Dept. vs. Fyfe, 197 F. Sup.2d 39, 2002 U.S. Dist. Lexis 7756 (SDNY 2002), the Court observed:

> "The presence or absence of Federal Question Jurisdiction is governed by the well-pleaded complaint rule. Under that rule, federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law, and only when the plaintiff's well-pleaded complaint raises issues of Federal Law. Thus, a plaintiff may have waived federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense. The well-pleaded complaint rule thereby makes the plaintiff the master of the claim."

There, the sole basis that was offered for federal subject matter jurisdiction was the defendants' counterclaim. In holding that this was insufficient to create Federal Question jurisdiction, the Court noted that "however, like a defense, a counterclaim is insufficient to create removal jurisdiction under the well-pleaded complaint rule". Id. Similarly, in Fax Telecommunicaciones Inc. vs. AT&T, 138 F.3d 479 (2d Cir. 1998), the Court stated federal counterclaims do not confer removal jurisdiction.

As noted above, in our case, nothing in the plaintiff's THE CITY OF NEWBURGH's complaint even hints at federal jurisdiction.

Finally, 28 U.S.C. 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney's fees incurred as a result of removal". In our case, as there are no colorable grounds for defendants' petition for removal, and indeed, there is no case law which supports removal of this action, the imposition of costs and attorney's fees is appropriate in this case. Under the circumstances of this case, then, it is respectfully requested that plaintiff THE

SIM/loc 00799-55986 409187

CITY OF NEWBURGH be awarded costs and attorney's fees for having brought the instant motion for remand.

WHEREFORE, it is respectfully requested that this Court issue an Order,

1) Pursuant to 28 U.S.C. 1447(c), remanded in the matter to Supreme Court for the State of New York, County of Orange; and

2) pursuant to 28 U.S.C. 1447(c), awarding attorney's fees and costs to plaintiff, together with such other and further relief as the Court deems just and proper.

Dated:  Newburgh, New York
        July 30, 2007

/s/
_____
STEVEN I. MILLIGRAM