## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CITY OF NEWBURGH, | ) HON. STEPHEN ROBINSON |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No.: 07CV 6419 |
| | ) (SCR)(MLF) |
| | ) |
| | ) |
| 96 BROADWAY, LLC and | ) DOLLINGER'S AFFIDAVIT IN |
| DOUGLAS R. DOLLINGER, | ) SUPPORT OF OPPOSITION TO THE |
| Defendant(s). | ) PLAINTIFF'S APPLICAITON FOR |
| | ) REMAND BACK TO STATE COURT |
| | ) |

STATE OF NEW YORK)
            )SS.:
COUNTY OF ORANGE)

DOUGLAS R. DOLLINGER, being duly sworn deposes and says, based on personal knowledge of the facts contained herein, and as supported by the annexed Exhibits, as follows:

1.    I am a named Plaintiff herein, a shareholder and the managing director of Plaintiff 96 BROADWAY LLC, (hereafter "96 BROADWAY") and fully familiar with the facts of this case.

2.    This Affidavit is submitted in support of the opposition to the CITY's Motion for remand back to state court.

3.    On or about June 15, 2005, 96 BROADWAY purchased a 4800 sq. ft. three (3) story abandoned brick building located on the northeast corner of Broadway and Liberty Street, City of Newburgh, Orange County, New York. [Exhibit "1" at ¶32.]

DOLLINGER's Affidavit

Law Office of Douglas R. Dollinger & Associates
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-1-

4.    Between June 2005 and January 2006, extensive research into the history of the building site was conducted. **[Exhibit "1" at ¶33.]**  It was determined that the building was actually three (3) separate buildings erected at three different (3) points in time, approximately between 1850-90, and as such the oldest portion of the building is in excess of 150 years old. **[Exhibit "1" at ¶34.]**

5.    The property runs 21 feet east to west in length along Broadway.  The property also abuts Liberty Street and runs north from the Broadway building line 81 feet along the northwest side of Liberty Street.  The designated addresses are 96 Broadway and 139-141 Liberty Street and are within the City of Newburgh's principle economic redevelopment corridor and claimed historical district. **[Exhibit "1" at ¶35, and  Exhibit "2".]**

6.    96 BRAODWAY also own the parking lot behind 96 Broadway as designated 142-154 Liberty Street. **[Exhibit "1" at ¶37, and Exhibit "2".]**

7.    At some point, which appears to be about 1880-90, a single flat tin roof, pitched to each side from the center of the three (3) buildings, was added over the top of the three (3) existing roofs. The tin roof ran from the center of the structure slopping downward north and south at a pitch of 1/10. **[Exhibit "1" at ¶36, and Exhibit "3".]**

8.    Prior to purchase of the building by 96 BROADWAY, I was informed and believe, that the building had remained vacant for approximately 30 years, when the CITY, in or about 1999, allowed the prior owners to proceed with restoration for both the interior and exterior of the building. **[Exhibit "1" at ¶38.]**  It appear that without the advice of engineers or any other inspections the interior of the building and its entire infrastructure were completely

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-2-

stripped away-removed, leaving the building as nothing more than an unstable shell. **[Exhibit "1" at ¶39.]**

9.    The building's tin roof was completely deteriorated and had become unsafe. The same was true for the entire top cornice and the four feet of brick veneer hidden behind the cornice. **[Exhibit "1" at ¶40.]**

10.    The cornice which was made of tin and sheet metal, weighed in excess of 300lbs per 25-30 foot length, and was improperly repaired with fiberglass mesh, apparently put in place during the 1999, repairs. **[Exhibit "1" at ¶41.]**

11.    It was apparent that no one understood that they were covering over many years of neglect and that the metal straps used to secure the cornice to the top of the building were rotted and decayed to the point where they had failed throughout the entire span. **[Exhibit "1" at ¶42.]** The cornice was lifting away from the building facade and was a danger to the public which could not be left unattended. **[Exhibit "1" at ¶43.]**

12.    The basement, by virtue of the open roof had over six (6) feet of pooling water which appeared by inspection and watermarks to be the tipping point for overflow into the CITY's sewer system. **[Exhibit "1" at ¶44.]**

13.    Visually, the interior of the building was littered with general debris and the reaming interior roofs were falling in and on themselves. This created a dangerous condition and uneven stress loads against the exterior walls. **[Exhibit "1" at ¶45.]**

14.    In or about August 2005, the CITY's then Building Inspector, WILLIAM CUMMINGS (hereafter "MR. CUMMINGS") was advised of the situation, demolition permits

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601– Facs. 845.562.9602
-3-

and dumpster permits were obtained.  Plaintiffs were allowed to commence preliminary clean-up and removal of the interior roofs to relieve the undue stress on the exterior walls. **[Exhibits "1" at ¶46, and "4".]**

15.    It was also determined, in conference with MR. CUMMINGS that in order to justify the expense of rehabilitating and bringing the building up to code, rather than requesting a grandfathering or even exemption under Appendix K, of the New York State Building Code, the building plans would be drawn to City Code and to fit the historic era for the original construction each of the buildings to reflect the Second Empire era of 1850-1880's.  **[Exhibit "1" at ¶47.]**

16.    A duly licensed architect was hired by me.  Plans were drawn for a fourth floor and Mansard roof to reflect this era. **[Exhibits "1" at ¶48, and Exhibit "5".]**   A sprinkler system, elevator and two (2) handicapped access apartments were also configured for the building and added to the plans. **[Exhibits "1" at ¶49, and Exhibit "5".]**

17.    In or about January 2006, an application for a building permit and proposed plans were submitted to the CITY's Building Department. **[Exhibits "1" at ¶50, and Exhibits "5" and "6".]**   The rehabilitation required a two phase approach for which the CITY was consulted. **[Exhibit "1" at ¶51.]**    The first stage was necessary because the building represented a serious hazard and danger to the public. **[Exhibit "1" at ¶52.]**   An initial request was made for shoring and bracing of the building and for permission to repair the roof and cornice. **[Exhibit "1" at ¶53.]**   The second phase related to the architectural changes to the building meaning the addition of the fourth floor. **[Exhibits "1" at ¶54, and Exhibit "6". ]**

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-4-

18.    I was advised by MR. CUMMINGS that approval of their application and plans would be delayed for at least four (4) months because the application and building plans needed to be presented to the ARC for approval and that the ARC was without a sitting architect to review the building plans. [Exhibit "1" at ¶55.]

19.    I advised MR. CUMMINGS of the hazards, and potential liabilities to the Plaintiffs', as well as the CITY's potential for liability unless immediate repairs could be undertaken. [Exhibit "1" at ¶56 and Exhibit "7". ]

20.    MR. CUMMINGS advised me that he would speak with the CITY Manager JEAN ANN McGRANE (hereafter "MS. McGRANE" ) to see if he could "speed things along" and use an outside architect to review the plans on behalf of the CITY for the  proposed shoring and bracing request, roof repair, as well as for the architectural restoration and review of the building plans.  [Exhibit "1" at ¶57.]

21.    It was my understanding, based on conversations with MR. CUMMINGS,  that MS. McGRANE and MR. CUMMINGS were aware of the problems associate with the delays in the CITY issuing building permits and that as policy makers-administrators for the CITY they had actual authority to adopt policy-practice procedure and/or custom to have the building department use outside consultants and issue building permits for the safety reasons and for economic reasons in their capacity as CITY Manager and Building Inspector inclusive of by-passing approval of various CITY advisory commissions which included the ARC. [Exhibit "1" at ¶58.]

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-5-

22.    I was advised by MR. CUMMINGS that after discussing the matter with the CITY Manager MS. McGRANE, MS. McGRANE approved the use of an outside architect and that 96 BROADWAY would be required to pay the fee for the CITY's architectural review of their plans. **[Exhibit "1" at ¶59.]**   In or about January 2006, on behalf of 96 BROADWAY, I agreed to the payment of a fee for the CITY's outside review of the repair plans and architectural review of the restoration plans. **[Exhibit "1" at ¶60.]**

23.    In or about January 2006, the CITY hired Mr. Whelton B. Abt, an architect to provide a review for the requested shoring, bracing and repair plans, as well as an architectural review of the restoration plans.  **[Exhibit "1" at ¶61, and Exhibit "8".]**   On or about January 23, 2006 and again on February 3, 2006, in response to the restoration plans Mr. Abt issued his plan review and requested a meeting with a representative of 96 BROADWAY, its Contractor-Maximum Solutions.  **[Exhibits "1" at ¶62, and Exhibit "9".]**

24.    On or about February 3, 2006, a permit was issued by the CITY's Building Department for repair of the roof to the building. **[Exhibits "1" at ¶63, and Exhibit "10".]** On or about February 14, 2006, 96 BROADWAY's representative Maximun Solutions by Maxmo Blake met with the CITY's representatives, including Abt for architectural review of the project and to determine whether the historic restrictions would apply to the project under Appendix "K" of the New York State Building Code as related to buildings in an historic district. **[Exhibit "1" at ¶64 and Exhibit "11".]**

25.    On or about March 22, 2006, Abt approved the architectural review of the restoration plans exempting the building from Appendix "K" or otherwise requiring a historical

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-6-

report and determined that the alterations to the building did not impact on the historic character of the building, wherein a building permit "could" be issued by MR. CUMMINGS to 96 BROADWAY. **[Exhibit "1" at ¶65, and Exhibit "12".]**

26.    I was informed by MR. CUMMINGS that he notified MS. McGRANE of the approval by Abt, wherein MS. McGRANE in furtherance of the aforesaid policy-practice authorized MR. CUMMINGS to issue a building permit for 96 BROADWAY's building plans as submitted without the need for prior ARC approval. **[Exhibit "1" at ¶66.]**

27.    On or about March 23, 2006, the CITY lawfully issued 96 BROADWAY a building permit to perform the work Abt approved including the architectural restoration of the building, whereupon Maximum Solutions commenced restoration of their building. **[Exhibits "1" at ¶67, and Exhibit "13".]**[1]

28.    After the work had begun, and after 96 BROADWAY had spent in excess of Five Hundred Thousand ($500,000.00) Dollars on the project, **organized resistance** to the development of the property emerged from within the community and among a group of individuals who call themselves the NEWBURGHER's for ACCOUNTABILITY in GOVERNMENT ("NAGS").

29.    After an investigation, I discovered that the NAGS consisted of both active and inactive members of the ARC. We claim that certain ARC members and NAG members met subversively in person, and over the internet, as they had done in the past to form resistance to

---

[1] The permit was issued on March 23, 2006. The addition of the handwritten notes was made in May 2006 and ae in contradiction of other documents wherein no such reference is made to ARC approval relative to continuing construction at the site.

**DOLLINGER's Affidavit**

Law Office of Douglas R. Dollinger & Associates
96 Broadway, City of Newburgh, Newburgh, New York 12550*·Tele. 845.562.9601- Facs. 845.562.9602
-7-

projects they disapproved of in the CITY. **[Exhibit "1" at ¶73.]**    In the matter of 96 BROADWAY's building permit they met for the purpose of illegally conspiring to force the CITY Manger to unlawfully revoke the building permit issued by the CITY's Building Department to 96 BROADWAY, notwithstanding the fact that they knew the permit had been lawfully issued to it by MR. CUMMINGS. I am informed that ARC-NAG members agreed to illegally force 96 BROADWAY to submit its application to the ARC; and to illegally force the company to appear before the ARC; and to deny the application for political reasons through any means necessary including the violation of the its Constitutional and civil rights; wherein, as illegally agreed among ARC-NAG Enterprise members, they vowed to "crush" the project so as to "run 96 BRAODWAY and me out of town". **[Exhibit "1" at ¶79.]**

30.    I am informed and believe, based on the public record, that the CITY COUNCIL was and is actually aware of the ARC-NAG Enterprise and that the COUNCIL has attempted to eliminate their illegal activity by allowing MS. McGRANE to institute a by-pass policy and by not reappointing some members, including Defendant GABOR to the ARC during the period between January 2006 and June 29, 2007. **[Exhibit "1" at ¶74.]**

31.    I am informed and believe, based on the public record, that the ARC-NAG Enterprise members were angry and embarrassed by the CITY COUNCIL's refusal to reappoint GABOR to the ARC and that they and vowed to "crush" the project and "run [96 BROADWAY and me] out of town" because the CITY via MS. McGRANE and MR. CUMMINGS had adopted and administered the CITY's policy-practice and use of its retained power-authority of the CITY to by-pass the ARC and granted approval of the 96 BROADWAY

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-8-

project in the historic district and economic corridor of Broadway without prior ARC approval. [**Exhibit "1" at ¶76.**]

32.    I also discovered, again based on the public record, that notwithstanding the CITY's failure to reappoint GABOR, that although he was not reappointed by the CITY COUNCIL, while acting under the color of law, he continued to make decisions for the ARC, even acting as Commission Chairperson after his position on the ARC was not renewed and had expired.

33.    I am informed and believe, based on the public record that MARY CRABB-who during the period between January 2006 and May 2007 was the on-again and off-again ARC Chairperson alternating between herself and GABOR that under the color of law and in the name of the ARC, however, in furtherance of the ARC-NAG Enterpise, together with GABOR, KING and the DOEs and ROE 1-10 Defendants that these individuals coordinated and intending to illegally and systematically deny 96 BROADWAY and me the equal protection of the law as well as to illegally deny us our due process rights that these individuals  agreed to and actually engaged a plan to take the our vested property interest, the building permit, and otherwise injure me in my practice of the law, that in or about February 2006, they proceeded with their illegal plan/goal wherein they used the ARC to illegally institute their plan. [**Exhibit "1" at ¶¶73 and 78.**]

34.    The acts of defying were the CITY COUNCIL were with the knowledge of CORPORATON COUNSEL-MICHELLE KELSON and were undertaken to accomplish the illegal goals set of the illegal conspiracy including wherein it was agreement to file a false

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New-York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-9-

complaint with the CITY's Building Department; it was also agreement to disseminate willfully-false information via the newspapers and internet about 96 BROADWAY- and me so as to illegally sway public opinion; moreover it was done so as to force MS. McGRANE to illegally "crush" the project; to force 96, BROADWAY to appear before the ARC; and to intentionally deny the approval of the plans and "run [96 BROADWAY and me ] out of town".

35.     The allegations include claims that 96 BROADWAY, by your deponent, gave bribes to the CITY's former Building Inspector MR. CUMMINGS and the CITY's MAYOR VALENTINE.    Additionally, the NAGS claimed that I was paying for liquor and hotel bills for an illicit affair between the CITY's Building Inspector and a CITY employee, a JANE DOE defendant herein, now identified as LEZA WARREN. **[Exhibit "1" at ¶79.]**

36.     I am informed and believe that MS. WARREN was the NAGs' insider in the CITY's Building Department and that she is alleged source of the claimed illegal pay-offs to the CITY officials. **[Exhibit "1" at ¶79, Exhibit 14.[2]]**

37.     On or about April 28, 2006, with the knowledge consent of CRABB, KING, DOEs 1-10 and ROEs 1-10, in furtherance of their illegal plan, GABOR filed a complaint against 96 BROADWAY with the CITY's Building Department falsely alleging that work performed at 96 BROADWAY was being performed on the building without permits or prior ARC approval. **[Exhibit "1" at ¶80, and Exhibit 15.]**

---

[2]Plaintiffs are informed and believe that the CITY settled a sexual harassment suit involving MR. CUMMINGS and MS. WARREN.  Of interest to the Court should be the fact that the underlying claims were prophetically mentioned by the NAGS well before the claims were made public.  More importantly, however is the fact that the NAGS' published a message over the Internet that they vowed to set MR. CUMMINGS up. [See, Exhibit 14.]

DOLLINGER's Affidavit

Law Office of Douglas R. Dollinger & Associates
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-10-

38.    Thereafter, with the knowledge consent of GABOR, KING, DOEs 1-10 and ROEs 1-10, in furtherance of their illegal plan, CRABB, illegally and under the color-authority of the ARC, demanded that the CITY Building Department issue a stop work order on the 96 Broadway building and  that they be forced to submit an application to the ARC.  **[Exhibit "1" at ¶81.]**

39.    In or about May 2006, MR. CUMMINGS contacted  me advising that they, MR. CUMMINGS and MS. McGRANE were having problems with the ARC, specifically, GABOR CRABB, and "others in the community" because they "sidestepped" the ARC when they hired Mr. Abt for his architectural review and issued the building permit tfor 96 Broadway without prior ARC approval, wherein MR. CUMMING's advised DOLLINGER that CRABB was demanding that the CITY issue a stop work order on the building and that MS. McGRANE directed the project be "stoped" and sent to the ARC. **[Exhibit "1" at ¶82.]**

40.    MR. CUMMINGS, upon my inquires, stated to me: "what you have to understand is this is not New York City" there were "a lot of hurt feelings" people were "embarrassed" by not being consulted on the project. **[Exhibit "1" at ¶83.]**    MR. CUMMINGS asked me to "kind-a-lay-low" until he and MS. McGRANGE could work things out "internally". **[Exhibit "1" at ¶84.]**

41.    I advised MR. CUMMINGS that I could not simply stop the project because the project had certain deadlines which could not be changed, there were "cost factors" related to "investors' money" and plans.   We had already spent in excess of Five Hundred Thousand ($500,000.00) Dollars on the project and any delay would be a burden on the project. **[Exhibit**

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-11-

"1" at ¶85.]    Because I refused to stop the project, MR. CUMMINGS, as he informed me, at

the direction of CRABB-MS. McGRANE, so as to control or otherwise stop the project and

appease the political and public pressure being asserted by GABOR, CRABB, and the other

ARC-NAG Enterprise members, and for no lawful reason, under the color of law, on or about

May 2, 2006, illegally issued a stop work order at the direction of MS. McGRANE in

agreement with CRABB for the benefit of the ARC-NAG Enterprise, and by the CITY's

Deputy Code Enforcement Officer Bruce Tewilliger in the name of the CITY falsely claiming a

violation of Section 300-26A of the City Code. [**Exhibits "1" at ¶86, and Exhibit "16".**]

42.    Of interest to the Court may be the fact that the order falsely alleges that the

reason for issuing the stop work order is that a condition existed that was dangerous to the

"Public Safety". [**Exhibits "1" at ¶87, and "16".**]

43.    However, Section 300-26A of the CITY Code relates to obtaining a **Certificate

of Appropriateness"** from the ARC and has nothing to do with public safety, but was issued

due entirely to political and public pressure exerted by  CRABB-GABOR on behalf of the

ARC-NAG Enterprise members. **Exhibit "1" at ¶88.**

44.    Despite the fact that Plaintiff possessed a valid certificate of appropriateness as

issued by the CITY's architect Abt on March 22, 2006.  [**Exhibit "1" at ¶89, and Exhibit

"12".**]  Upon receiving the stop work order I directed Maximum solutions to stop work. When

Plaintiffs had stopped work they had spent in excess of Five Hundred Thousand ($500,000.00)

Dollars in the purchase and improvements in the property, and had a vested property interest in

the building and building permit and Defendants knew as such. [**Exhibit "1" at ¶90.**]

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-12-

45.     Simultaneous with the issuance of the forgoing order, again, in response to said political and public pressure, and for no lawful reason, under the color of law, at the direction of CRABB-MS. McGRANE-MR. CUMMINGS, in an agreement with CRABB-GABOR, for the benefit of the ARC-NAG Enterprise an additional stop work order was illegally issued pursuant to Section 122.12 of the City Code. **[Exhibit "1" at ¶92, and Exhibit "17".]**

46.     In this instance, the order falsely alleges that the reason for issuing the stop work order was that a condition existed that was dangerous to the "Public Safety". **[Exhibit "17".]** However, it is clear the order was issued due entirely to political and public pressure created by the ARC-NAG-Enterprise.   **[Exhibit "1" at ¶93.]**   This is because Section 122.12 of the City Code relates to obtaining a permit for exterior changes and has nothing to do with public safety. **[Exhibit "1" at ¶94.]**

47. In the end, at all times, 96 BROADWAY possessed a valid and lawfully issued building permit for the work being performed. **[Exhibit "13" and  Exhibit "1" at ¶95.]**  And, upon receiving the stop work order, notwithstanding the illegal nature of the acts, the work was stopped.

48.     By this point 96 BROADWAY had already spent in excess of Five Hundred Thousand ($500,000.00) Dollars in the purchase and improvements in the property, and as such had a vested property interest in the building and building permit and Defendants knew  this. **[Exhibit "1" at ¶96.]**

49.     I advised MR. CUMMINGS that the CITY was facing a "serious fight" and that unless the stop work orders were lifted I would, on behalf of 96 BROADWAY seek immediate

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-13-

judicial resolution to the problem and damages. **[Exhibit "1" at ¶98.]**    In response thereto, on or about May 8, 2006, MR. CUMMINGS lifted the stop work orders previously issued by the CITY Building Department on May 2, 2006. **[Exhibit "1" at ¶96, and Exhibit "18".]**

50.    In furtherance of the ARC-NAG Enterprise on or about May 27, 2006, I was contacted by a reporter for The Times Herald Record in relation to how a building permit was issued for 96 Broadway without first getting ARC approval.  **[Exhibit "1" at ¶100.]**  On or about June 2, 2006, I contacted MR. CUMMINGS, wherein MR. CUMMINGS was advised by me that a reporter for the Times Herald Record had requested an interview relative to the project and the issuance of obtaining the building permit without prior ARC approval. **[Exhibit "1" at ¶101.]**

51.    On or about June 2, 2006, MR. CUMMINGS spoke with me wherein, MR. CUMMINGS advised me that he and MS. McGRANE were again receiving "pressure" to "shut the job down" from the ARC-CRABB-GABOR and other "community agitators" and that after discussions with MS. McGRANE it would be "helpful" to the situation "at least for show", if an application were presented to the ARC by Plaintiff, 96 BROADWAY. **[Exhibit "1" at ¶102.]**

52.    I advised MR. CUMMINGS that I would consider the request.    MR. CUMMINGS advised me that MS. McGRANE had already "worked it out" with the ARC. The ARC was to "rubber stamp" the application and the matter would be "behind us". **[Exhibit "1" at ¶103.]**

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-14-

53.    I was upset over the situation and demanded of MR. CUMMINGS more information about "what exactly" was "going on" reminding MR. CUMMINGS that the plans had already been reviewed and approved by MS. McGRANE and the CITY's architect, Abt and that Abt determined that the alterations to the building did not need further review because Appendix K of the New York State Building Code did not apply, nor, as discussed in February 2006, did any other historical restriction apply and that Abt agreed that the permit could be issued. [**Exhibit "1" at ¶¶104-105.**]    Moreover, I reminded Mr. Cummings that it the CITY was without the proper qualified members to constitute a properly convened Board.

54.    On or about June 2, 2006, in response to the foregoing, MR. CUMMINGS advised me that he and MS. McGRANE had things "under control" the problem related to the "politics" and community pressure with the ARC-CRABB-GABOR and others who were falsely and intentionally alleging misconduct, including bribe taking between 96 BROADWAY as allegedly given by me to MR. CUMMINGS.  The false allegations were being made because the CITY had in fact used an outside consultant for architectural review so as to issue the building permit. [**Exhibit "1" at ¶106.**]

55.    On or about June 3, 2006, in furtherance of the ARC-NAG Enterprise's goal to discredit and illegally sway public opinion against 96 BRAODWAY and me a newspaper article appeared in the Times Herald Record, wherein GABOR falsely alleged that there was criminal wrongdoing in obtaining the building permit for 96 Broadway, including the fact that a bribe was given by me to MR. CUMMINGS for the building permit. [**Exhibit "1" at ¶107, and Exhibit "19".**]

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-15-

56.     On or about June 5, 2006, 96 BROADWAY and I commenced a state court slander-libel and defamation action against GABOR, and Defendants JOHN DOE 1-10 and JANE DOE 1-10, wherein, we claimed that the "people talking" about "bribes" as claimed by GABOR in the article were in reality members of the ARC-NAG Enterprise who had by said publications caused us to become the object of hatred, contempt, ridicule and obloquy.

57.     We claim that because the ARC-NAG Enterprise falsely published claims in the media insinuating that 96 BROADWAY, via my actions, wherein they knew that I was an attorney and that the criminal allegations of bribing the CITY building inspector MR. CUMMINGS would damage my law practice in the CITY, that it was their intention because they knew that said statements were entirely untrue, that they intended to illegally sway public opinion against us. **[Exhibit "1" at ¶109 and  Exhibit "20".]**

58.     On or about June 6, 2006, after the article appeared in the newspaper in response to said political and public pressures, and for no lawful reason, under the color of law at the direction of MS. McGRANE and CRABB, MR. CUMMINGS illegally issued a stop work order for the CITY claiming a violation of Section 122.20(A) of the City Code. **[Exhibit "1" at ¶110, and Exhibit "21".]**  The order alleges that the reason for issuing the stop work order is that a condition existed that was dangerous to the "Public Safety".  **[Exhibit "1" at ¶111, and Exhibit "21".]**

59.     The stop work order has nothing to do with public safety, but was issued due entirely to political and public pressure falsely and viciously created by the ARC-NAG

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-16-

Enterprise members so as to illegally sway public opinion on the project. **[Exhibit "1" at ¶112.]**

60.     Section 122.20(A) of the City Code relates to conforming the work permitted at the site to the "APPLICABLE BUILDING PERMIT" and claims that the "CORRECTIVE ACTION NEEDED:" was to "STOP WORK! EXISITNG CONSTRUCTON DOES NOT REFLECT APPROVED DRAWINGS". **[Exhibit "1" at ¶113, Exhibit "18".]** The Order admits that there were approved drawings on file with the CITY. **[Exhibit "1" at ¶114, and Exhibit "21".]**

61.     The building plans and drawings conformed to the plans and drawings submitted to the CITY and approved by MS. McGRANE, MR. CUMMINGS and Mr. Abt, the CITY's architect, and otherwise conformed to all of the laws of the State of New York and even the ARC criteria. **[Exhibit "1" at 115, and Exhibit "12".]**

62.     Upon receiving the stop work order I stopped the work, nothwithstanding thae fact that we had spent in excess of Five Hundred Thousand ($500,000.00) Dollars in the purchase and improvements in the property, and had a vested property interest in the building and building permit and Defendants knew this. **[Exhibit "1" at ¶116.]**

63.     Based on the representations of MR. CUMMINGS that the matter was purely "for show" and his statement that MS. McGRANE told MR. CUMMINGS that the application would be "rubber stamped", I agreed to submit an application to the ARC. **[Exhibit "1" at ¶118, and Exhibit "22".]**

DOLLINGER's Affidavit

Law Office of Douglas R. Dollinger & Associates
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-17-

64.    Beyond the foregoing publication on June 3, 2006, the ARC-NAG Enterprise members, in furtherance of their goals publish their **continuing manifesto** over the internet as designed to falsely discredit and otherwise illegally sway-injure 96 BROADWAY and me in any application to be presented to the ARC. **[Exhibit "1" at ¶119, and Exhibit "23".]**

65.    By virtue of their false filings, the ARC-NAG Enterprise members were able to cast a cloud of suspicion over both 96 BROADWAY and me personally.  We have become the object of hatred, contempt, ridicule and obloquy because the ARC-NAG Enterprise falsely published claims over the internet and alleged that we were criminals and had bribed the CITY building inspector MR. CUMMINGS so as to illegally obtain the building permit.
**[Exhibit "1" at ¶120 and Exhibit "23"].**

67.    On or about June 13, 2006, based on the representations of MR. CUMMINGS, on behalf of 96 BROADWAY, I appeared before the ARC.  **Exhibit "1" at ¶124.**    CRABB Chaired the meeting during the ARC's review of the application, wherein, in addition to CRABB, present on the Commission were ARC-NAG Enterprise member KING, together with ASSITANT CORPRORATON COUNSEL, KELSON, and under the color of law, unbeknownst to me at the time, acting as governmental officials, non-members DOE-1 and DOE-2.  **[Exhibit "1" at ¶125, and Exhibit "24".]**

68.    The reason this is true is because the ARC must have appointed members with credentials consisting of at least one (1) architect and (1) historian who have sufficient background and experience in the field of architectural restoration and historic preservation to render a decision based on the criteria set forth in the CITY's Zoning Codes and who have been

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-18-

sworn under oath to undertake their duties and discharge them in a lawful manner. [**Exhibit "1" at ¶126.**]

69. During the review of the application for a building permit, I am informed and believe, as confirmed by CORPRORATON COUNSEL's Chief Attorney, the Commission did not have sitting  the required members and were otherwise proceeding illegally. [**Exhibit "1" at ¶127.**]

70. Despite the representations of MS. McGRANE and MR. CUMMINGS, that the project was already approved, it became apparent that the ARC-NAG Enterprise members, under the color of law, and the guise of the ARC's powers in this matter, that the ARC-NAG Enterprise members were more interested in investigating the claims of wrongdoing [bribery]in relation to receiving the building permit and had no intention on approving the permit on the merits of the buildings economic or historical contribution to the community-CITY. [**Exhibit "1" at ¶128 and Exhibit "24".**]

71. I refused to engage in the query and repeatedly requested that the ARC ask questions related to the ARC approval criteria for the building. **Exhibit "1" at ¶129, and Exhibit "24".** More so, I advised CRABB that the project would make money for everone including the citizens of Newburgh. **Exhibit "1" at ¶130 and Exhibit "24". Defendants claim this portion of the tape was too grabbled to be heard.]**

72. In violation of our civil rights and other federal laws against discrimination, and in furtherance of the ARC-NAG Enterprise members goal to deny the  application, "crush" the project and run [us] out of town" CRABB advised me that our money was not **"wanted"** in

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-19-

Newburgh. **[Exhibit "1" at ¶133 and, Exhibit "24". Defendants claim this portion of the tape was too grabbled to be heard.]**

73. Clearly, CRABB was in league with the other co-conspirators, under the color of law, in furtherance of the plans of the ARC-NAG Enterprise she intentionally and illegally tabled the application without a decision so as to conceal the fact that the ARC was not lawfully in session and so as to frustrate our right to invest or otherwise recover our investment in the CITY and otherwise damage my practice. **[Exhibit "134".]**

74. CRABB and the remaining ARC-NAG Enterprise members actually knew and was aware that we had stopped work and spent in excess of Five Hundred Thousand ($500,000.00) on the project because I told her so. We allege that she was acting to deny us our vested property rights. **[Exhibit "1" at ¶135.]**

75. We claim that CRABB proceeded illegally in the name of the ARC and individually, and or in furtherance of the ARC-NAG Enterprise in violation of our 4th , 5th and 14th Amendment rights, she abused process, and advanced an illegal taking of our property and help deny us the equal protection of the law and our civil rights. **[Exhibit "1" at ¶136.]**

76. Beyond the foregoing, as incredible as it may seem, and notwithstanding her lawful duty not to advocate or otherwise sponsor a political-public position one way or another, and especially not in opposition to the directions of the CITY COUNCIL, under the color of law, both after and during the public comment period of the application proceedings, before the ARC, KELSON who is present at all ARC meetings, in furtherance of the ARC-NAG Enterprise, used her position as Assistant Corporation Counsel, notwithstanding her actual

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-20-

knowledge that the ARC was not lawfully convened to review Plaintiffs' application, and allowed the ARC-NAG Enterprise to illegally preside over Plaintiffs' application, wherein unbeknownst to Plaintiffs, KELSON allowed CRABB to proceed with non-members of the ARC sitting on the Commission and to question DOLLINGER or otherwise issue comment during the non-public phase of the review process. [**Exhibit "1" at ¶137.**]

77.    Notwithstanding her lawful duty not to advocate or otherwise sponsor a public position one way or another, under the color of law, both after and during the public comment period of the application proceedings, KELSON, in furtherance of the ARC-NAG Enterprise, left the conference table holding secret conversations with the GABOR and other named DOEs 1-10 and ROEs 1-10 Defendants who, as planned, appeared in the audience before the Commission claiming to give public comment, wherein KELSON's returned to the conference table, with comment-questions from GABOR- DOEs1-10 and ROEs 1-10 and thereafter allowed questions to be presented to concerning the civil action filed by us against GABOR and others relating to the claims of criminal wrongdoing [bribery] in obtaining the subject building permit for the CITY building inspector MR. CUMMMINGS. [**Exhibit "1" at ¶138, and Exhibit "24".**]

78.    Worse still, thereafter, KELSON met with members of the ARC-NAG Enterprise, wherein I have been informed and believe, it was agreed that KELSON would use the Office of Corporation Counsel to further assist the ARC-NAG Enterprise to reverse the policy-practice of the CITY, the CITY Manager's and its Building Department in issuing

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-21-

building permits under the CITY's retained powers and to force 96 BROADWAY to restoration the buildings to its prior appearance. **[Exhibit "1" at ¶139, and Exhibit "25".]**

79.    KELSON actually knew and was aware that we had stopped work and had spent in excess of Five Hundred Thousand ($500,000.00) on the project and that she was acting collectively to deny us our vested property rights. **[Exhibit "1" at ¶140.]**

80.    KELSON proceeded illegally in the name of CORPORATON COUNSEL and individually, and or in furtherance of the ARC-NAG Enterprise in violation of Plaintiffs 4th , 5th and 14th Amendment rights, an abuse of process, an illegal taking and a denial of the equal protection of the law and Plaintiffs' civil rights. **[Exhibit "1" at ¶141.]**

81.    We have attempted to resolve the matter and attended at least three (3) ARC meetings and three (3) separate workshops at the request of MS. McGRANE and the Building Department. **[Exhibit "1" at ¶142.]**

82.    After my appearance before the ARC I approached MS. McGRANE relative to her original consent to issue the building permit and requested that she direct the ARC to issue their **"Certificate of Appropriateness"** as promised based on her authority as CITY Manager. **[Exhibit "1" at ¶143.]**

83.    In or about March 2007, MS. McGRANE met with me together with the CITY's CHIEF CORPORATION COUNSEL, wherein it was agreed that if we would simply submit the plans to the ARC without comment the matter would be resolved. **[Exhibit "1" at ¶144.]**

84.    We agreed to do so because we were unaware that MS. McGRANE knew and was aware that her policy-practice of sidestepping the ARC had created problems for her

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs: 845.562.9602
-22-

among the legitimate ARC members and ARC-NAG Enterprise members and had no intention of resolving the matter based on her policy-practice of having previously approved the project without ARC review and was desperate to force us to appear before the ARC. [**Exhibit "1" at ¶145 and Exhibit "26".**]

85.    Thereafter, notwithstanding her statements in front of the CITY's CHIEF CORPORATION COUNSEL and myself, that the plans were to simply be submitted to the ARC without comment, my representative was advised by MS. McGRANE and KELSON, in furtherance of the ARC-NAG Enterprise that additional revisions to the plans were required before submission to the ARC could take place. [**Exhibit "1" at ¶146, and Exhibit "27".**]

86.    On or about April 29, 2007, I discovered that the members of the ARC who were to render a vote on the application had failed or refused to take the oath or be sworn for service on the ARC unless GABOR were reappointed to the ARC. [**Exhibit "1" at ¶147.**]

87.    On or about April 30, 2007, notwithstanding my knowledge of the foregoing, I once again submitted the plans to the ARC, but refused to attend the May 8, 2007 meeting. [**Exhibit "1" at ¶148.**]

88.    I am informed and believe that in retaliation for the failure to reappoint GABOR to the ARC; the anger and the embarrassment over the CITY's policy-practice of issuing building permits without prior ARC approval, on May 8, 2007, the ARC illegally, and without a lawful reason, voted 4-0 against issuing the Plaintiffs a Certificate of Appropriateness. [**Exhibit "1" at ¶149.**]

DOLLINGER's Affidavit

Law Office of Douglas R. Dollinger & Associates
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-23-

89.    The denial of the permit by the ARC was without a lawful vote and was not based on criteria outlined in its charter or the law, but was instead **a decision not to allow the Plaintiff's building to look better than City Hall** "it would rival City Hall in gradiosity, which [was thought to be] inappropriate" and in retaliation for sidestepping the ARC and other political processes owing to MS. McGRANE hostile relationship with the ARC-Enterprise, the application was arbitrarily denied. **[Exhibit "1" at ¶150, and Exhibit "28".]**

90.    The Court should be aware that in the past, the CITY had either completely by-passed the ARC or overruled the ARC and issued building permits without the need for a Certificate of Appropriateness to be issued by the ARC, based on the economic benefit to the CITY. **[Exhibit "1" at ¶151, and Exhibit "29".]**

91.    Further, the ARC has issued certificates of appropriateness to property owners or otherwise exempted property owners from the need for said certificate for the same or similarly looking project, in fact one of those project sits directly across and is located opposite Washington's Headquarters- a national historic site within the CITY. **[Exhibit "1" at ¶151, and Exhibit "30".]**

92.    What's more, GABOR who owns a multi-family rental income home which sits directly across the street, and less than 100 yards away form Washington's Headquarters, was allowed to alter the appearance of this building to almost the identical appearance and decor chosen by us. Incredibly, the work was done without the required building permit in full view and with the knowledge of CITY officials. **[Exhibit "31".]**

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-24-

93.    The decision to take file the Complaint seeking to take our vested property interest was arbitrary and caprious and the result of invidious conduct and bad faith on the part of the CITY, the CITY policy makers MS. McGRANE and her failure to stand by the CITY's policy-practice to allow the CITY's Building Inspector MR. CUMMINGS to issue the building permit for 96 BROADWAY without prior ARC approval and was a response to political and feigned community disapproval of the project. [**Exhibit "1" at ¶152.**]

94.    That, notwithstanding their policy and practice of by-passing certain governmental bodies in furtherance of their policy and practice MR. CUMMINGS has lawfully issued building permits to other citizens of the CITY who spent large sums of money and who had a vested interest in their building permits and after receiving political and community pressure, the CITY has illegally revoked said permits based on said political and public pressures and without legal reason, justification or cause.  The foregoing conduct is an illegal taking of vested property rights, and includes Plaintiffs.

95.    The CITY and its CORPORATON COUNSEL knew and was/is aware of the invidious conduct of MS. McGRANE-MR. CUMMINGS and that of the ARC-NAG Enterprise and authorized-directed the filing of a certain state court action in Orange County Supreme Court, State of New York demanding that we restore the building to its former appearance. [3] [**Exhibit "1" at ¶154.   Exhibit "32".**]

---

[3] The City moved by Order to Show Cause which required service on me of the moving papers, subject to the objection that I was the agent for service of process.  I am not the agent for service of process for 96 Broadway.  I am informed and believe the City had failed to serve the designated agent Presidential Services.

DOLLINGER's Affidavit

Law Office of Douglas R. Dollinger & Associates
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-25-

96.    The act of suing us to restore the building to its former appearance was and is a "signal" to the Community that GABOR's statements relating to 96 BROADWAY and me having paid a bribe to MR. CUMMINGS for the building permit was true and that we had indeed done something criminally wrong in obtaining their building permit. [**Exhibit "1" at ¶155.**]

97.    I have been humiliated-damaged in name and reputation as ell as practice and the business 96 BROADWAY has suffered a loss in credibility in the community by the intentional, criminal acts, invidious, willful, wanton, reckless, callous, grossly negligent, negligent and careless conduct of the CITY-CITY COUNCIL, MS. McGRANE, MR. CUMMINGS, the ARC, ARC-NAG Enterprise, CRABB, GABOR, KING, KELSON, DOEs 1-10, ROEs 1-10 CORPORATION COUNSEL.

98.    Because they have disregard our Constitutional and civil rights and because the CITY-CITY COUNCIL actually knew and was aware of the illegal-invidious conduct of MS. McGRANE, MR. CUMMINGS, the ARC, ARC-NAG Enterprise, CRABB, GABOR, KING, KELSON, DOEs 1-10, ROEs 1-10 CORPORATION COUNSEL and because they have failed to act or acted in support of the foregoing conduct in violation of their duty to act and to protect our legal rights, and as such, have been damaged. [**Exhibit "1" at ¶156.**]

99.    We believe the action was/is an attempt to illegally take our property in violation of our 4th , 5th and 14th Amendment rights abuse of process and equal protection of the law and a violation of Plaintiffs' civil rights. [**Exhibit "1" at ¶157.**]

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601– Facs. 845.562.9602
-26-

100.    On or about June 27, 2007, I verified that the ARC members who had voted on Plaintiff's application had failed to take the oath to sit on the ARC as required under the law, including Defendant KING and other DOEs-1 and ROEs-1 Defendants and advised CITY COUNCIL member ANGELO that this was just another indication that she, MS. McGRANE, and the ARC-NAG Enterprise members were acting in bad faith towards 96 BROADWAY and attempting to force us to unlawfully appear before the ARC. **[Exhibit "1" at ¶158, and Exhibit "33".]**

101.    COUNCIL member ANGLEO suggested that I to speak with additional COUNCIL members to see if "we could resolve the situation". **[Exhibit "1" at ¶159.]**    In addition to CITY COUNCIL person, ANGELO I spoke with COUNCIL person BOWLES to address the problem related to MS. McGRANE's original permission to issue the building permit based on Abt's architectural review and approval of the permit and her refusal to stand by her policy-practice and her determination to force us to appear before the ARC. **[Exhibit "1" at ¶160.]**

102.    I, having been previously unaware, was advised by COUNCIL person ANGELO of the serious degree of animosity between MS. McGRANE, the legitimate ARC members and ARC-NAG Enterprise members and MS. McGRANE's fear of losing her job. **[Exhibit "1" at ¶161.]**    Not until in or about June 2007, was I advised by the COUNCIL member ANGELO that MS. McGRANE did not have a good relationship with the legitimate ARC members or the ARC-NAG Enterprise members and that in addition to her causing ARC members embarrassment animosity between them by sidestepping their authority and having MR.

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-27-

CUMMINGS issue Plaintiffs their building permit, she, MS. McGRANE was the political target of the ARC-NAG Enterprise members based on claimed misconduct involving allegations of dishonesty in her leaving the scene of a personal injury accident involving a CITY owned vehicle, her avoidance of criminal prosecution in that matter, and the CITY Counsel's decision to continue her employment despite the alleged claims of alcohol contribution to the accident. [**Exhibit "1" at ¶162.**]

103.   I met separately with COUNCIL members, wherein at least three (3) COUNCIL members have agreed to override the authority of MS. McGRANE, the ARC and CORPORATION COUNSEL and have affirmatively and positively advised me that they will vote for approval of the project to by-pass the ARC and direct that a certificate of appropriateness be issued for the project. [**Exhibit "1" at ¶163.**]

104.   MS. McGRANE, the ARC-NAG Enterprise and CORPORATION COUNSEL in furtherance of their illegal activities have prohibited said CITY officials from lawfully delivering the votes to allow me to proceed with construction of the building. [**Exhibit "1" at ¶164.**]

105.   I am an attorney duly admitted to practice law in the State of New York maintaining offices in the City of Newburgh, Orange County, New York. [**Exhibit "1" at ¶166.**] I was a member of the Orange County Assigned Counsel Program authorized to appear and represent indigent defendants appearing in the City of Newburgh pursuant to Section 18-B of the New York State Judiciary Law. [**Exhibit "1" at ¶167.**]   I appeared personally and on

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-28-

behalf of the FIRM on an almost daily basis in the CITY Court and on behalf of assigned clients. **[Exhibit "1" at ¶168.]**

106.    The civil action instituted by the CITY at the direction of MS. McGRANE, CORPORATON COUNSEL and the ARC-NAG Enterprise members and was an act of bad faith, known by the CITY to be the same in light of the illegal conduct of MS. McGRANE, CORPORATON COUNSEL, MR. CUMMINGS and the ARC-NAG Enterprise in the revoking the building permit issued to us. **[Exhibit "1" at ¶169.]**

107.    The civil action instituted by the CITY at the direction of MS. McGRANE and CORPORATON COUNSEL and the ARC-NAG Enterprise members was intended and has humiliation, embarrassment me and caused me anxiety and anger; it has caused an appearance, and actual or potential conflict, wherein I and the FIRM can no longer represent clients in most matters before the Courts of the CITY in both 18-B and private matters. **[Exhibit "1" at ¶170.]**

108.    Incredibly, despite the false allegation of bribery involving the CITY Building Inspector and me, during the foregoing period, between June 13, 2006 and June 29, 2007 GABOR demanded that the CITY reappoint him to the ACR. **[Exhibit "1" at ¶171.]**

109.    During the period of time between June 13, 2006 and June 29, 200 we alleged that ARC members voted on projects submitted to the ARC, including Plaintiffs' project, wherein the CITY and MS. McGRANE knew and were aware that some members had refused or otherwise failed to take such oath unless GABOR was offered a position on a community board. **[Exhibit "1" at ¶172.]**

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-29-

110.   Notwithstanding the false newspaper and internet claims of bribery made by GABOR-the ARC-NAG Enterprise members involving the CITY's Building Inspector MR. CUMMINGS, because GABOR could not sit on the ARC until the application was officially resolved and pending law suit resolved, the CITY, notwithstanding the actual case in controversy instituted in Orange County by Defendants, on or about June 22, 2007, The CITY voted to appoint GABOR to the City of Newburgh's Arts and Cultural Commission.   On or about June 29, 2007, after the action was filed, MS. McGRANE notified GABOR of his appointment to the City of Newburgh Arts and Cultural Commission. **[Exhibit "1" at ¶173, and Exhibit "34".]**

111.   The act of appointing GABOR to the Arts Council was a "signal" to the Community that GABOR's statements relating to 96 BROADWAY having paid a bribe to MR. CUMMINGS were true. **[Exhibit "1" at ¶174.]**   The act of appointing GABOR to the Arts Commission was intention and/or negligent, reckless or careless in response to the political pressure of the ARC-NAG Enterprise and was intended to humiliate or otherwise cause emotional upset to me and did further the illegal efforts of the ARC-NAG enterprise to "crush" the project and to "run [us] out of town". **[Exhibit "1" at ¶175.]**

112.   In or about October 2006, because we would not back down and leave the CITY, COUNCIL person CARCOLICI contacted me via a third-party and advised me that id I wanted to get my finished I had to go through him and then offered to intervene on my behalf. I was advised that if he could not resolve the problem I could sell him the "cheap". **[Exhibit "1" at ¶177.]**

DOLLINGER's Affidavit

Law Office of Douglas R. Dollinger & Associates
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-30-

113.   I advised the CITY COUNCIL members and CORPORATION COUNSEL of CRACOLICI's offer. **[Exhibit "1" at ¶178. ]**     Neither the CITY COUNCIL members and/or CORPORATION COUNSEL took action in relation to CRACOLICI's offer to purchase the building.  Clearly, his intention was to let me know that I should sell him the building because I was not going to be allowed to complete the project. **[Exhibit "1" at ¶179.]**

114.   I am informed and believe, that in or about May-June 2007 the owner(s) of the building located at 113 Liberty Street, Newburgh, Orange County New York were issued multiple fire and building code violations by the CITY. **[Exhibit "1" at ¶180.]**

115.   In furtherance of the ARC-NAG Enterprise, in or about July 2007, CRACOLICI on behalf of the ARC-NAG Enterprise, obtained an appointment with CHIEF COUNSEL for CORPRATION COUNSEL, wherein GABOR at the institution-instruction of CRACOLICI falsely accused me of having the new CITY building inspector Steve Hunter "in  [my] back pocket" and that Hunter was taking "bribes" from me. **[Exhibit "1" at ¶181.]**

116.   In furtherance of the ARC-NAG Enterprise, in or about July 2007, GABOR at the institution-instruction of CRACOLICI, although they knew otherwise and had actual knowledge otherwise, falsely stated to CHIEF COUNSEL, and accused me of having paid the new CITY building inspector Steve Hunter a bribe so as to falsely and illegally have the premises located at 113 Liberty Street, Newburgh, Orange County New York issued multiple fire and building code violations and condemned so as to cause the summary evection of the tenants living at 113 Liberty Street, Newburgh, Orange County, New York.  **[Exhibit "1" at ¶182.]**

DOLLINGER's Affidavit

Law Office of Douglas R. Dollinger & Associates
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-31-

117.   In furtherance of the ARC-NAG Enterprise, in or about July 2007, GABOR at the institution-instruction of CRACOLICI, although they knew otherwise, and had actual knowledge of the same, falsely stated to CHIEF COUNSEL that the building was without violation and had recently passed inspection for its sale and that said condemnation was issued because I bribed Hunter so as to allow me to force the owners to sell me the building. [Exhibit "1" at ¶183.]

118.   In furtherance of the ARC-NAG Enterprise, in or about July 2007, the ARC-NAG Enterprise published false accusations over the internet and at public meetings, wherein it was falsely alleged that the new CITY building inspector Steve Hunter was "in [my ] back pocket" and that Hunter was taking "bribes" from me. [Exhibit "1" at ¶184.]

119.   In furtherance of the ARC-NAG Enterprise, in or about July 2007, GABOR at the institution-instruction of CRACOLICI, although they knew otherwise and had actual knowledge otherwise, published false accusations over the internet and at public meetings falsely stated accused me of having paid the new CITY building inspector Steve Hunter a bribe so as to falsely and illegally have the premises located at 113 Liberty Street, Newburgh, Orange County New York issued multiple fire and building code violations and condemned so as to cause the summary evection of the tenants living at 113 Liberty Street, Newburgh, Orange County, New York.   [Exhibit "1" at ¶185.]

120.   In furtherance of the ARC-NAG Enterprise, in or about July 2007, GABOR at the institution-instruction of CRACOLICI, GABOR, although they knew otherwise, and had actual knowledge of the same published false accusations over the internet and at public

DOLLINGER's Affidavit

Law Office of Douglas R. Dollinger & Associates
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-32-

meetings falsely advising that the building was without violation and had recently passed inspection for its sale and that said condemnation was issued because I bribed Hunter so as to allow me to force the owners to sell me the building, wherein the CITY knew the allegations to be false, but failed to take corrective action or otherwise inform the public that they knew the allegation to be false. **[Exhibit "1" at ¶186.]**

121.    CRACOLICI and GABOR on behalf of the ARC-NAG Enterprise members were able to cast a cloud of suspicion over me having me become the object of hatred, contempt, ridicule and obloquy because the ARC-NAG Enterprise falsely published claims over the internet alleging that I was a criminal and had bribed the CITY building inspector MR. CUMMINGS so as to illegally obtain their building permit, and bribed Hunter so as to force the owners of 113 Liberty Street, Newburgh, New York to sell the building to me . **[Exhibit "1" at ¶187.]**

122.    Based on the foregoing illegal interplay between the CITY and the ARC-NAG Enterprise as supported by the annexed Exhibits, I am claiming that, we as Plaintiffs will be successful on the merits of our claims.

123.    Indeed, as set forth in the accompanying Memorandum of Law, as a matter of law once we obtained a vested right to our building permit the revocation of our building permit without a lawful reason, and based on subversive and illegal organized resistance to the project by the ARC-NAGS the revocation of our permit violated our constitutional and statutory rights against a wrongful governmental taking.

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-33-

Sworn to before me this
18th day of October 2007

_____
NOTARY PUBLIC

_____
DOUGLAS R. DOLLINGER

SIXTO SANJUAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SA6158573
Qualified in Dutchess County
My Commission Expires January 02, 2011

**DOLLINGER's Affidavit**

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-34-