# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE CITY OF NEWBURGH, | ) | HON. STEPHEN ROBINSON |
| | ) | |
| Plaintiff(s), | ) | |
| vs. | ) | Case No.: 07CV 6419(SCR)MLF |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| 96 BROADWAY, LLC and | ) | |
| DOUGLAS R. DOLLINGER, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

---

## MEMORANDUM OF LAW IN OPPOSITON
## TO CITY's MOTION FOR REMAND

---

*Respectfully submitted,*


DOUGLAS R. DOLLINGER, Pro-se
Attorney for Defendant 96 Broadway
P.O. Box 1111
113 Liberty Street
City of Newburgh
Newburgh, New York 12550
Tele.  (845) 562-9601
Fasc. (845) 562-9602

## PRELIMINARY STATEMENT

The CITY of NEWBURGH (hereafter the "CITY") seeks to remand this matter back to state court claiming that no federal question has been raised by their Complaint. **[See, CITY's Motion for Remand.] [See also, Exhibit "A" herein.]**

Notwithstanding their claim otherwise, the matter requires a resolution of a federal question involving original jurisdiction because the CITY is seeking a declaration that in their state court action against 96 BROADWAY LLC (hereafter "96 BROADWAY"-"COMPANY"), the owner's of the building in question located at 96 Broadway, City of Newburgh, Orange County, New York, that they be required to restore the subject premises to its former appearance, claiming that local CITY Code Article V, 300-28 (C)(2)-(hereafter, from time-to-time the "CODE") creates the authority for the <u>taking of the COMPANY's property without just compensation</u> and authorizes the restoration of the building to its former appearance.[1]    **[See, CITY's Motion for Remand.]**

The CITY presents the argument that the building in question must be restored to its former appearance because the COMPANY was issued a building permit by "mistake". **This is a factual issue in dispute.** The CITY claims that because the building is listed on the "National Historic Register of Places and [has] been so since

---

[1] The facts of this case are as set forth in the accompanying Affidavit of DOUGLAS R. DOLLINGER together with the Exhibits annexed thereto and are incorporated hereat as though fully set forth herein at length.

Defendants' Opposition 28 U.S.C.§1441* 07 Civ 6419 (SRC) (MLF)

1985", any changes to the building were required to be approved by the CITY's Architectural Review Commission [hereafter the "ARC"] prior to be the building permit being issued. **[See, CITY's Motion for Remand.]**

The CITY claims that the COMPANY may not rely on an estopple against the CITY having mistakenly issued the building permit based on its right to enforce CITY Codes involving preservation of "historic landmarks". **[See, CITY's Motion for Remand.]**

To the contrary, no lawful reason actually exists or has been cited for the illegal-wrongful revocation of the building permit issued by the CITY other than the unintelligible-and feigned claimed mistake in issuing the permit. Perhaps, because they do not know any better, or perhaps not, the National Historic Register is completely voluntary and a landowner may opt out of listing their property in the Registry. More importantly, however, is the mischaracterization that this building is listed as a historic place to visit. The statement is factually untrue and self-serving. There is no such designation for this building. The building is simply in an area of the CITY which may, or may not be, in the designated Historical District.

The Historical District has been expanded over the years, and genuine questions exist as to whether the expansion has been lawfully accomplished. In point, and simply put, the CITY is attempting to posture itself with the Court relative to the mischaracterization of the building so as to legitimize its unlawful-wrongful acts.

Defendants' Opposition 28 U.S.C.§1441* 07 Civ 6419 (SRC) (MLF)

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-2-

## ARGUMENT

By way of background, the CITY commenced its state court action wherein it moved by ex patre order to show cause before the Orange County Supreme Court located in Goshen, New York.  **[See, CITY's Motion for Remand.]**

The Order requested relief in a direction from the state court that Defendants 96 BROADWAY immediately whether seal their building from the elements.  The CITY's Complaint was incorporated as an Exhibit and again was seeking declaration in relation to the application of the CITY's CODE to the issue of the taking and restoration. Defendants' claim the state court lacks jurisdiction over the COMPANY and that the Complaint fails to state a cause of action against the Defendant, DOUGLAS R. DOLLINGER (hereafter "DOLLINGER").  Accordingly, this Court should deny the Motion to Remand.

**A.    The State Court Lacks Personal
      Jurisdiction over the COMPANY.**

On or about July, 2007 DOUGLAS R. DOLLINGER filed his Petition-Notice for Removal with this Court. **[Exhibit. "B".]**

Defendant DOLLINGER now amends his Petition-Notice for Removal. Claiming, first that the State Court has not yet obtained personal jurisdiction over 96 BROADWAY, for the reason that there has been a lack of service on the COMPANY

Defendants' Opposition 28 U.S.C.§1441* 07 Civ 6419 (SRC) (MLF)

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-3-

and second that the CITY's COMPLAINT fails to state a cause of action against DOLLINGER as a matter of law. **[Exhibit. "C".]**

In address the lack of jurisdiction over the COMPANY, the order to show cause was granted, and predicated the fact that service on the COMPANY was made on DOUGLAS R. DOLLINGER, but only if he were the authorized agent for the COMPANY. **[See, CITY's Motion for Remand Exhibit "A" therein at page 3.]**

The only party to be served in the state court action was the Defendant DOLLINGER. DOLLINGER received a singled copy of the order to show cause which also contained a copy of the CITY's Complaint.**[Exhibit "D".]**

And, although DOLLINGER is a member of 96 BROADWAY, LLC, and also an attorney, he is not the authorized agent for service of process for the COMPANY. **[DOLLINGER Aff. ¶95.]**

In fact, the authorized agent for the COMPANY is as set forth in the CITY's own Complaint, "Presidential Services, Inc. 23404 W Lyons Ave., #223, Santa Clarita, CA, 91321-2668." **[See, CITY's Motion for Remand.] [Exhibit "A" ¶2.]**

While Counsel for the CITY has been aware of this fact they have taken no steps to reserve the registered agent. On the other hand, 96 BROADWAY, DOLLINGER and other named Plaintiffs have filed a federal civil rights complaint before this Court. **[Exhibit "E".]** For these reasons alone, this Court should deny the application for remand.

Defendants' Opposition 28 U.S.C.§1441* 07 Civ 6419 (SRC) (MLF)

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-4-

**B.    The CITY's Complaint Fails to State
a Cause of Action Against DOLLINGER.**

Turning to DOLLINGER's claim that no cause of action exist against him, individually, hence the state court lacks jurisdiction over him as well.[2]  Nowhere in the Complaint is there an allegation that DOLLINGER's conduct has pierced the corporate veil such that he is, or would be, personally liable for in this matter.

The only allegations even remotely casting a suggestion or wrongdoing by him personally, is the claim that he executed the application for the building permit as an owner and that he failed to complete the application, at page 6, wherein the CITY relied on this fact to their detriment.   The claim is strained at best and more importantly is not the law in New York State.[3]

Because there is a lack of personal jurisdiction over the COMPANY in the CITY's state action, as well as the failure to state a claim against DOLLINGER as a matter of law in that action, this Court may consider the fact that the Defendant-DOLLINGER in the CITY's action, and other named individuals have filed their federal action in this Court and that this is their chosen place of venue.

---

[2] See, DOLLINGER's 12(b) 6 Motion.

[3] The CITY, in part, claims that the application was signed by DOLLINGER personally and that the application was incomplete.  DOLLINGER denies this fact and claims that the failure to include page 6 of the application is untrue and that it, like several of the other documents presented by the CITY, is inaccurate or far worse.

Defendants' Opposition 28 U.S.C.§1441* 07 Civ 6419 (SRC) (MLF)

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-5-

In addition, because the state law claims set forth in both the District Court action and the CITY's state court action involve and arise under the same case and controversies this Court may in its discretion exercise supplemental jurisdiction pursuant to 28 U.S.C. §1337.

**C.    Removal Pursuant to 28 U.S.C. §1441 is Proper Because There is Original Jurisdiction Vested in the Federal Courts-28 U.S.C. §§1331**

Determinative of whether this Court has original jurisdiction for removal of this action on DOLLINGER's application pursuant to 28 U.S.C. §1441, from New York State Supreme Court for Orange County to this District Court is the CITY's Complaint, Defendant's Petition-Notice of Removal, Amended Petition-Notice for Removal, the CITY's Affidavit of Service, and the COMPANY's Federal District Court Complaint.[4] **[See, Exhibits "A" , "B", "C", "D", and "E", respectively.][5]**

Turning to the CITY's claimed right to enforce the CODE so as to require the COMPANY to restore its building to its former appearance, the fact is that because 96 BROADWAY possessed a valid building permit issued by the CITY, wherein the CITY revoked the permit based on political pressures alone, and only after the COMPANY had expended in excess of $500,000.00 on the project, the CODE's application violates the COMPANY's Constitutional rights as a <u>taking</u> under the 5th and 14th Amendments

---

[4] Service of the Plaintiffs' federal action has been accomplished over the CITY and most other named defendants, however, their time to answer or otherwise move to dismiss has not expired based on a case management conference for motions held before the Court on or bout September 7, 2007.

[5] And see, DOLLINGER's Affidavit and Exhibits.

Defendants' Opposition 28 U.S.C.§1441* 07 Civ 6419 (SRC) (MLF)

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-6-

to the U.S. Constitution, as well the its civil rights under Part II: 42 U.S.C. sec. 1983 (due process and equal protection clauses). Additionally, because of the illegal interplay between the CITY and its administrative offices as well as citizens of the CITY acting under the color of the law, there exist violations of Part III: 42 U.S.C. sec. 1985 (1) & (3) (conspiracy).

Because of this illegal interplay the CITY has unlawfully restrained the COMPANY from exercising its protected and vested rights in its property, the completion of its building and the right to receive the benefits of its economic investment in the CITY. And, as such, because of this illegal taking, the resolution of the issues rest on the application of federal law in relation to the CODE of which this Court has original jurisdiction.

In addressing the issues related to federal questions, the Supreme Court held that the litigant's federal constitutional challenges, which when brought under a review of the local law, but nonetheless which turned "exclusively on federal law," were "unquestionably" within the scope of federal question jurisdiction. See, City of Chicago v. International College of Surgeons, 522 U.S. at 164.

Here we have indisputable facts, indeed admission by the CITY, and when these facts-admissions are juxtaposed against the CITY's Complaint and its Exhibits, notwithstanding the CITY's claim otherwise, the Complaint raises several federal questions related exclusively to the constitutionality of the CITY officials in revoking a

Defendants' Opposition 28 U.S.C.§1441* 07 Civ 6419 (SRC) (MLF)

lawfully issued building permit in their claimed right to <u>take 96 BROADWAY'S vested property,</u> without just compensation and in the demand for a forfeiture of Plaintiff's property under their powers of enforcement as related to CITY Code Article V, 300-28 (C)(2).

And, on this point, as the Supreme Court held in City of Chicago, "even though state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." See, <u>Williams</u>147 F.3d at 702 (citing <u>City of Chicago v. International College of Surgeons, 522 U.S. at 164</u>). And, if the plaintiff's state law claims arise from the same case or controversy as his section 1983 claims, the court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a). Williams, 147 F.3d at 702.

The CODE's application, and the issues of federalism and review of the policy-practice and/or custom of CITY's policy makers, meaning the CITY's Manger JEAN ANN McGRANE and the CITY's former Building Inspector WILLIAM CUMMINGS and their issuing the COMPANY the building permit after using their chosen alternative review process instead of having the COMPANY submit the project to the ARC, because the ARC was unable to properly convene are at the core of the determination of the claimed violation of the COMPANY's due process and equal protection arguments,

Defendants' Opposition 28 U.S.C.§1441* 07 Civ 6419 (SRC) (MLF)

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-8-

especially because of the claimed illegal interplay at work in revoking the issued building permit. [6]

MS. McGRANE and MR. CUMMINGS issued the permit to the COMPANY after they required it to hire an outside architect, Whelton A. Abt. **[DOLLINGER Aff. ¶¶ 19-27.]** Mr. Abt was hired on behalf of the CITY at the COMPANY's expense. **[DOLLINGER Aff. ¶¶ 22.]** ¶ This was required by the CITY because there was a danger to the public safety and so as not to delay the COMPANY's plans to rehabilitate the building as well as in consideration of the COMPANY's desire to proceed with the project relating to economic return on its investment. **[DOLLINGER Aff. ¶¶ 19-27.]**

The COMPANY applied for their building permit in January 2006. **[DOLLINGER Aff. ¶¶ 17.]** At that time the CITY was without an architect on its ARC. **[DOLLINGER Aff. ¶ 18.]** In fact, none existed until after May of 2006, long after the COMPANY had received their building permit and had commenced the approved renovations. **[DOLLINGER Aff. ¶¶ 18.]**

Significantly, Abt approved the plans determining that they were not subject to New York State Appendix-K of the Building Code, wherein <u>no historic report was due</u>. **[DOLLINGER Aff. ¶¶ 25.]** ¶ Likewise, there was no impact on the historical character of the building.

---

[6] Notwithstanding the fact that the CITY Building Department initially refused to issue a stop work order relative to not having the Certificate of Appropriateness, the original stop work orders were wrongfully issued so as to slow the project down and in response to political pressures related to the CITY's decision-need to by-pass the ARC.

Defendants' Opposition 28 U.S.C.§1441* 07 Civ 6419 (SRC) (MLF)

**Law Office of Douglas R. Dollinger & Associates**
96 Broadway, City of Newburgh, Newburgh, New York 12550* Tele. 845.562.9601- Facs. 845.562.9602
-9-

After receiving their building permit, 96 BROADWAY expended in excess of ($250,000.00) in improvements of the property. **[DOLLINGER Aff. ¶¶ 25.]**

Again, once the 96 BROADWAY had a vested right to their building permit, the revocation of the permit by the instant action was nothing less than a taking. The COMPANY was relying on a valid permit the municipal action withdrawing the permit resulted in serious loss, rendering the improvements essentially valueless and as such the CITY is liable to the COMPANY for damages. See, <u>Town of Orangetown v. Magee, et al.</u>, 626 N.Y.S. 2d 511, Affd. Court of Appeals, 88 NY2d 41.

In this case the CITY's actions are directed at sustaining their unconstitutional demand requiring 96 BROADWAY to now appear before the ARC so as to have the ARC review, and at their discretion modify, the approved plans for the building after 96 BROADWAY has expended in excess of $500,000.00 on the project and only to satisfy political pressures.

Clearly, the CITY policy maker McGRANE and CUMMINGS were exercising the discretion of their offices by using alternative means, i.e., having 96 BROADWAY hire Mr. Apt to satisfy the concerns related to the historical character of the building and the CODE's application to the restoration of the building.

There can be no other conclusion that the real reason for revoking the permit was indeed political and involving an illegal interplay between the CITY, its administrative offices and others.

Defendants' Opposition 28 U.S.C.§1441* 07 Civ 6419 (SRC) (MLF)

Accordingly, the resolution of the CITY's claims requires resolution of substantial questions of federal law involving a taking and the violation of the COMPANY's Constitutional and Civil Rights. And, as such, removal was/is proper on that basis.

Finally, even if this Court were not convinced that the Complaint-Exhibits set fourth a federal question, an exception to the well-pleaded complaint rule permitting removal of state law actions, exist, allowing a state law case to be removed where Congress specifically gives federal courts jurisdiction over a particular subject matter, especially those involving claims of constitutional deprivations, meaning civil rights claims as we have here.

## CONCLUSION

For all of the reason set forth herein and by the incorporation of all of the pleading submitted in support to the Petition to have this Court assume jurisdiction in this matter Plaintiff's Motion should be denied.

Respectfully submitted,

DOUGLAS R. DOLLINGER, ESQ.
Attorney for Plaintiff(s)
96 Broadway
City of Newburgh
Newburgh, New York 12550
Tele. 845.562.9601
Facs. 845.562.9602

Defendants' Opposition 28 U.S.C.§1441* 07 Civ 6419 (SRC) (MLF)

**EXHIBIT "A"**

STATE OF NEW YORK COUNTY OF ORANGE
SUPREME COURT
========================================X
THE CITY OF NEWBURGH,

                    Plaintiff,                         **SUMMONS**

    -against-
                                               Index Number:
                                             Assigned Judge:

96 BROADWAY, LLC, and
DOUGLAS R. DOLLINGER

                    Defendants,
========================================X

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer or, if the complaint is not served with this summons, to serve a notice of
appearance on the plaintiff's attorneys, TARSHIS, CATANIA, LIBERTH, MAHON &
MILLIGRAM, PLLC, within 20 days after the service of this summons, exclusive of the day of
service or within 30 days after the service is complete if this summons is not personally served
upon you within the State of New York; and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded herein.

Dated:  Newburgh, New York
          June 21, 2007

                                Yours, etc.,
                                TARSHIS, CATANIA, LIBERTH,
                                MAHON & MILIGRAM, PLLC

                By:  _____
                                Steven I. Milligram, Esq.
                                Attorneys for Plaintiff
                                One Corwin Court
                                P.O. Box 1479
                                Newburgh, New York 12550
                                Tel. No. (845) 565-1100

TO:

Douglas R. Dollinger, Esq.
96 Broadway, LLC
96 Broadway
Newburgh, New York 12550

STATE OF NEW YORK COUNTY OF ORANGE
SUPREME COURT
=================================X
THE CITY OF NEWBURGH,

                Plaintiff,

      -against-

96 BROADWAY, LLC, and
DOUGLAS R. DOLLINGER

             Defendants,
=================================X

**VERIFIED COMPLAINT**

Index Number:
Assigned Judge:

Plaintiff, THE CITY OF NEWBURGH, by its attorneys, TARSHIS, CATANIA,

LIBERTH, MAHON & MILLIGRAM, PLLC, complaining of the above captioned defendant

respectfully alleges upon information and belief as follows:

### Identity of the Parties

1.  Plaintiff, THE CITY OF NEWBURGH (CITY) is a municipal corporation

organized and existing under the laws of the State of New York located at 83 Broadway, City of

Newburgh, County of Orange, State of New York.

2.  Defendant 96 BROADWAY, LLC is a domestic limited liability company

organized and existing under the laws of the State of New York with a principle place of

business at 96 Broadway, City of Newburgh, County of Orange, State of New York and an

address registered with the New York State Secretary of State for service of process at:

Presidential Services, Inc. 23404 W Lyons Ave., #223, Santa Clarita, CA, 91321-2668.

3.  Defendant DOUGLAS R. DOLLINGER ("DOLLINGER") is a natural person

and, upon information and belief, an attorney admitted to practice law by the State of New York.

DOLLINGER'S record address with the New York State Office of Court Administration in 96

Broadway, City of Newburgh, County of Orange, State of New York. DOLLINGER'S attorney

registration number is 2354926 and the registration appears to be current, the next biennial

registration period being due in May of 2008.

### Venue

4.      Plaintiff designates Orange County as the place of trial. The basis of the venue is

based on the location of the real property in Orange County.

### Relief Requested

5.      The relief requested in this action is emergent in nature and therefore has

been commenced by filing this action and has come before this Court by Order to Show Cause.

6.      The CITY seeks by way of this proceeding, it be ordered and adjudged that:

1)      Defendants immediately protect and secure the subject premises

located at 96 Broadway, City of Newburgh, State of New York by weather

sealing the premises and securing all windows, doors and other openings in the

premises against the elements and weather in a good and workman like manner;

and

2)      Defendants, in accord with Article V, §300-28(C)(2) of the City of

Newburgh Code, restore the condition and appearance of the subject premises and

its site to *status quo ante*; and

3)      Defendants strictly comply with Article V of the City of Newburgh

Code; and

4)      Pending the issuance of final relief herein, defendants be restrained

from performing any further work of any kind on the subject premises aside from

protecting and securing the premises in conformity with the stop work order issued by plaintiff; and

     5)    Plaintiff have such other and further relief as to this Court may seem just, proper, and equitable including reasonable attorney fees, disbursements and court costs incurred in this action.

### General Averments Common to All Counts

7. Upon information and belief, defendant DOLLINGER claims an ownership interest in the premises located at 96 Broadway, City of Newburgh, County of Orange, State of New York (Section 30, Block 5, Lot 22)(the "Premises").

8. Upon information and belief, defendant 96 BROADWAY, LLC claims an ownership interest in the Premises.

9. Upon information and belief, DOLLINGER is a member of or claims to have an ownership interest in 96 BROADWAY, LLC, and/or claims to be the attorney for same.

10.    On or about January 17th, 2006, DOLLINGER completed, signed and filed with the Building Inspector's Office for the City of Newburgh an application for a Building Permit regarding the Premises (the "Application"). A copy of the application is annexed as Exhibit "B".

11.    At page 2 of the Application, the work to be performed is generally described as 'the alteration of an existing use hybrid commercial and residential structure by adding an additional 1,000 square feet of space.' Exhibit "B".

12.    In response to item 7 of the application, the applicant denies that the proposed work violates any zoning law or ordinance. Upon information and belief this was an incorrect statement since Article V of the Code of the City of Newburgh requires Architectural Review

Commission oversight and approval, including the issuance of a Certificate of Appropriateness for the proposed exterior renovations. *See*, Exhibit "A"; Exhibit "B".

13.    At page 6 of the application there is a request that the applicant state whether certain pre-conditions to the issuance of the permit are required and if so whether that applicant has complied with those pre-conditions. Exhibit "B" at page 6.

14.    There is, among other things, an entry in the list of pre-conditions for "Historic Review". That, and all other entries, has been left blank by the applicant. By omission, the applicant has represented there are no pre-conditions, including Historical Review, for the issuance of the Building Permit.

15.    This is an incorrect statement of fact and law by the applicant since Article V of the Code of the City of Newburgh requires Architectural Review Commission oversight, including the issuance of a Certificate of Appropriateness for the proposed exterior renovations.

16.    At page 7 of the Application, there is space provided for signature of the Applicant under the following statement in relevant part:

> Application is hereby made to the Building Inspector of the City of Newburgh for the issuance of a Building Permit pursuant to the New York State Uniform Fire Prevention and Building Construction Code for the construction of buildings, additions or alterations . . . the applicant agrees to comply with all applicable laws, ordinances and regulations. Applicant further agrees that the City of Newburgh Building Inspector or his designate will be permitted to perform periodic inspections of this property to insure that work is being performed according to these codes, ordinances and regulations. It is understood by the applicant that if work is not performed according to codes, ordinances, or regulations, any permit that has been issued by the Building Inspector may be withdrawn and an order to stop work issued.

*See*, Exhibit "B" at page 7.

17.    Upon information and belief DOLLINGER signed the application where provided under the above statement as the applicant and owner and on behalf of 96 BROADWAY, LLC.

18.    There is a section to be filled in if the applicant is other than the Owner. This section was left blank by the applicant. Exhibit "B" at page 7.

19.    On or about January 25th, 2006 then City of Newburgh Building Inspector William Cummings wrote to the defendants acknowledging that the Application and certain plans had been received and reviewed by Architect Wheldon A. Abt. A copy of that letter is annexed to the Complaint as Exhibit "C". Ostensibly, Mr. Abt was acting as an independent contractor designated by the Building Inspector to, *inter alia*, review certain building permit applications. The letter specifically requested a preliminary meeting to discuss the Application.

20.    Mr. Abt's comments were enclosed with the said letter to the defendants. Among other things, Mr. Abt specifically identified that the Premises may be a Historic Building subject to Historical review. *See*, Exhibit "C". Mr. Abt further noted that the project documents did not "sufficiently address compliance with the code". Id. A preliminary meeting was scheduled for February 14th, 2006.

21.    On or about February 3rd, 2006 the defendants' architect, Eric Knute Osborn, wrote to the Building Inspector seeking permission to being roof repair due to a leaking roof. Accordingly, the Building Inspector issued a Building Permit for roof repair only on February 6th, 2006. A copy of the Knute-Osborn letters and the roof only Building Permit ("Roof Permit") are annexed as Exhibit "D".

22.    The aforementioned preliminary meeting was in fact held on or about February 14th, 2006. Minutes from that meeting are annexed hereto as Exhibit "E".

23.    Significantly, the minutes reflect that concerns were expressed that the City of Newburgh Historic requirements would prevent the proposed exterior renovations and re-construction. *See*, Exhibit "E". It was specifically noted that there was a "need to go to the Historic Review Board". *See*, Exhibit "E".

24.    Therefore the defendants were on actual notice as early as February 14th, 2006 that the proposed exterior renovations and re-construction to the Premises required oversight by the Historic Review Board.

25.    However the defendants did not take the proposed exterior renovations on the Premises to the ARC and apparently took no steps to ensure compliance with Article V of the City of Newburgh Code as they agreed to do in the building permit application.

26.    Rather, the defendants submitted "revised plans" to the Building Inspector dated February 27th, 2006. In response, Architect Abt issued a review dated March 22nd, 2006 and a Building Permit dated March 24th, 2006 was issued for the "revised work shown on the plans and subject to addressing comments on the March 22nd review by Abt. A copy of the said permit with Abt's comments attached is annexed as Exhibit "F".

27.    It should be noted that there is a handwritten notation on the March 24th, 2006 Permit which states: "No exterior changes until ARC approval as per Bill Cummings 5-8-06."

28.    On or about May 2nd, 2006 a stop work order was issued by the City of Newburgh Building Inspector on that grounds that, *inter alia*, the work being done to the exterior was being performed in violation of section 300-26A of the City Code since ARC approval for the exterior changes had not been obtained and for violation of section 122.12 of the City Code since the work being performed ostensibly exceeded the scope of the March 24th, 2006 building permit. Copies of the said stop work orders are annexed hereto as Exhibit "G".

29.    On or about May 8th, 2006 an order lifting the May 2nd order to vacate was issued by the Building Inspector on the basis that "an agreement had been reached with Cummings, Crab, Dollinger and Terwilliger." This document is annexed hereto as Exhibit "H".

30.    Upon information and belief the gravamen of the agreement was that the building would be secured and protected, that interior work could continue, but that no further exterior work would take place on the premises until a Certificate of Appropriateness was issued by the City of Newburgh ARC approving the proposed alterations or some modification of same. *See*, Exhibit "F". Indeed, a building permit dated May 13th, 2006 was issued for the purpose of "re-construction and scaffolding" only. *See*, Exhibit "I".

31.    Nevertheless, the defendants continued with exterior work on the premises in contravention of the Building Inspector's directions. Therefore, a stop work order was issued by the Building Inspector on or about June 2nd, 2006. A copy of that order is annexed as Exhibit "J".

32.    It is noted that on or about June 6th, 2006 a meeting was held between Bill Cummings, City Engineer Mike Lamoreaux, Code Officer Terwilliger, and DOLLINGER to discuss what had to be done in order to have the stop work order lifted. *See*, June 6th, 2006 Inspection Record annexed as Exhibit "K".

33.    Upon information and belief, DOLLINGER was again instructed of the requirement that the proposed exterior renovations of the Premises be reviewed by the ARC and that a Certificate of Appropriateness be obtained before the exterior work could continue.

34.    Indeed, on or about June 2nd, 2006 an application was submitted to the ARC by DOLLINGER vis-à-vis the Premises. A copy of the Application is annexed as Exhibit "L".

35.    The application indicates that the work to be done generally includes "addition, alterations, repair, doors, roof, windows, steps, clock, finials, columns, decorative cornices, beige and white paint." *See*, Exhibit "L".

36.    DOLLINGER signed the application as the owner thereby acknowledging his understanding and agreement that no work would commence on the Premises until written approval has been given by the ARC and the Building Inspector. *See*, Exhibit "L".

37.    On June 13th, 2006 a meeting of the City of Newburgh Architectural Review Commission was conducted. The application for the Premises was put on the ARC agenda for a public hearing. *See*, Exhibit "M" (June 13th, 2006 ARC Meeting Minutes).

38.    DOLLINGER appeared on behalf of 96 BROADWAY, LLC as the applicant.

39.    By review of the Minutes it is apparent that DOLLINGER approached this process with a hostile, oppositional and a generally obstreperous attitude.

40.    Indeed, the ARC application was ultimately tabled at this meeting because of DOLLINGER'S behavior and inclination to argue with the ARC members.

41.    At that same meeting, Inspector Bill Cummings gave a brief overview of the 96 Broadway project and noted specifically that the owner's representative was advised that the project had to come before the ARC during the Building Permit application process. *See*, Exhibit "M" at page 12. However, Mr. Cummings admitted that the permit was issued without ARC approval because he "missed that notice". Mr. Cummings noted that when it was determined that no ARC permit had issued a stop work order was issued and DOLLINGER agreed to cease exterior work and come to the ARC for approvals. *See*, Id.

42.    DOLLINGER denied knowing that ARC approval was a pre-condition to the commencement of exterior renovations stating in sum and substance "If I knew I had to come before the ARC do you think I would have taken a half-million dollars out of my own pocket and let it sit there?" *See*, Exhibit "M" at page 15.

43.    DOLLINGER thereafter submitted a letter dated June 26th, 2006 (Exhibit "N") noting that his representative Brian Maximo Blake would appear at the next ARC meeting on July 11th, 2006.

44.    Indeed, Mr. Blake appeared at the July 11th, 2006 ARC meeting. A copy of the minutes from that meeting are annexed as Exhibit "O".

45.    As the owner's representative, Mr. Blake continued the oppositional tone by disputing the building was "historic" stating that the Premises was a "ruined building". *See*, Exhibit "O".

46.    Michelle Kelson, Assistance Corporation Counsel for the City of Newburgh, informed Mr. Blake that the Premises was listed on the National Register of Historic Places and had been so listed since 1985. *See*, Exhibit "O".

47.    The ARC held the meeting open in order to solicit further information from the Owner and from the City Building Inspector. Id.

48.    The project Architect, Mr. Knute-Osborn, appeared before the ARC at its October 11th, 2006 meeting.[7] *See*, Exhibit "P" (October 11th, ARC meeting minutes). Id.

49.    The ARC expressed clearly to Mr. Knute-Osborn that the proposed exterior renovations were completely at odds with the historical character of the original building and the neighborhood. The proposal was, simply put, not appropriate. *See*, Exhibit "P".

---

[7] It should be noted that the subject Premises appeared on each monthly agenda of the ARC but only those meetings where the owner or one of its representatives appeared are discussed here.

50.    Mr. Knute-Osborn offered to take away "a lot of the gaudy details". Exhibit "P".

51.    The ARC voted to table the application while the applicant consulted with professional and historic resources to submit a design proposal which did not jeopardize the Premises as a contributor to the Historic District in the National Register of Historic Places. Id.

52.    Following the October 11th, 2006 ARC meeting, ARC Chairperson Mary Crabb wrote to DOLLINGER by letter dated October 27th, 2006. See, Exhibit "Q".

53.    In that letter, Ms. Crabb advised DOLLINGER of the outcome of the October ARC meeting and generally described what had to be done in order to move the application ahead together with an admonition that any work on the Premises would require a building permit. Exhibit "Q".

54.    However, neither DOLLINGER nor 96 BROADWAY, LLC has taken any of the steps required to move their application ahead, nor have either re-applied for any building permits of any kind.

55.    In fact, upon information and belief, nothing has been done with respect to the Premises in over a year. The Premises are unsecured, unprotected and remain exposed to the elements and to trespassers.

56.    Annexed hereto as Exhibit "R" is a February 23rd, 2007 letter by Nancy Billman, President of the Newburgh Preservation Association. In that letter, Ms. Billman described the condition of the Premises as "embarrassing, if not dangerous." See, Exhibit "R".

57.    The owner, through its representative Maximo Blake, held an informal work session with the City to address the ongoing problem of the half-demolished, weather exposed and unsecured Premises on April 9th, 2007.

58.     Mr. Blake sent a memorializing letter following this informal meeting. *See,* Exhibit "S". Among other things, Mr. Blake acknowledged on behalf of the owner the need to immediately secure, protect and weather seal the Premises.

59.     Assistant Corporation Counsel Kelson replied to Blake by letter dated April 19th, 2007 clarifying that while the City would allow some flexibility in design, the final designs would be subject to ARC approval in accord with the City Ordinances governing exterior renovation to Historic Premises. *See,* Exhibit "T".

60.     By that same letter, Ms. Kelson directed an appearance by a representative of the owner for the next ARC meeting scheduled for May 8th, 2007. Id.

61.     However, neither DOLLINGER, nor Maximo Blake nor Knute-Osborn nor anyone else purporting to be affiliated with the project appeared at the May 8th, 2007 ARC meeting. A copy of the minutes is annexed hereto as Exhibit "U". On the failure to appear, the ARC denied the application and voted to take action to secure and protect the Premises. *See,* Exhibit "U".

62.     Photographs showing the Premises in 2005 prior to the demolition, and in 2006 and 2007 are annexed hereto as Exhibit "V". The photographs show the illegal exterior renovations as well as the present unsecured, unprotected and weather exposed condition of the Premises.

63.     In conformity with the above documented adversarial and oppositional course of conduct, rather than move to protect the Premises and comply with the ARC process, DOLLINGER sent to the City a letter which has been annexed hereto as Exhibit "W".

64.    In his June 8th, 2007 letter, DOLLINGER sent to the CITY a bill for $784,000.000 based upon certain claimed-published mistakes the Building Inspector as well as certain unspecified violations of Constitutional and Statutory Rights. *See*, Exhibit "W".

65.    In that letter, DOLLINGER states that he has "elected to restore the building to its former appearance". Id. While the CITY has no objection to this plan of action in principle, and indeed affirmatively seeks such relief herein, DOLLINGER'S unilateral declaration that "work will begin on June 21, 2007" without obtaining a building permit or ARC approvals for the work is both unlawful and unacceptable. DOLLINGER'S brash plan has forced the CITY to seek immediate relief by way of this application.

66.    It is respectfully submitted that there is a substantial danger of an immediate and irreparable injury to the Premises, to the CITY and its interest in the preservation of the assets of its Historic District. Specifically, if DOLLINGER makes good on his threat to press ahead with work on June 21, 2007, the Premises may be damaged beyond repair and are in danger being lost to History and to the City forever.

### AS AND FOR A FIRST CAUSE OF ACTION
**Defendants Must be Restrained from Working on the Premises and Must be Ordered to Strictly Comply with the City of Newburgh's Codes and Ordinances**

67.    Plaintiff repeats, reiterates and re-alleges allegations 1-66 as though fully set forth at length herein.

68.    Section 300-26(A) of the City of Newburgh Code states:

> Certificate required. No person shall carry out any exterior alteration, restoration, reconstruction, demolition, new construction or moving of a landmark, nor shall any person make any material change in the appearance of such a property, its light fixtures, signs, sidewalks, fences, steps, paving or other exterior elements visible from a public street or alley which affect the appearance

and cohesiveness of a district and its designated properties, without first obtaining a certificate of appropriateness.

City of Newburgh Code §300-26(A)[General Code, 2007]. Exhibit "A".

69.    The Premises are designated "a historic landmark" and appears in the City of Newburgh, East End Historic District in the National Register of Historic Places.

70.    There is no dispute that the defendants have proceeded with the demolition of the exterior of the Premises without first having obtained the requisite certificate of appropriateness from the City of Newburgh ARC.

71.    Therefore the defendants are in violation of City of Newburgh Code §300-26(A).

72.    Section 300-26(E) and (F) state in relevant part:

E. Prior to the commencement of any work requiring a certificate of appropriateness the owner shall file an application for such a certificate with the Commission.

F. No building permit shall be issued for such proposed work until a certificate of appropriateness has first been issued by the Commission. *The certificate of appropriateness required by this section shall be in addition to and not in lieu of any building permit that may be required by any other ordinance of the City of Newburgh.*

City of Newburgh Code §300-26(E),(F)[General Code, 2007](emphasis supplied). Exhibit "A".

73.    It is equally clear that the defendants failed to file an application for a certificate of appropriateness prior to the commencement of work and that the certificate of appropriateness is in addition to, not in lieu of any building permit required under other ordinances of the City. Thus, the defendants may not argue that they were entitled to proceed based upon the March 2006 permit issued by Inspector Cummings.

74.    Section 300-28(A) of the City of Newburgh Code states:

Enforcement. All work performed pursuant to a certificate of appropriateness issued under this article shall conform to any

requirements included therein. It shall be the duty of the Building Inspector to inspect periodically any such work to assure compliance. In the event work is found that is not being performed in accordance with a certificate of appropriateness, the Building Inspector shall issue a stop-work order and all work shall immediately cease. _No further work shall be undertaken on the project as long as a stop-work order is in effect._

City of Newburgh Code §300-28(A)[General Code, 2007](emphasis supplied).

75.    Section 300-28(A) clearly authorized the stop work orders issued by Inspector Cummings. Those stop work orders remain in effect. Moreover, the threat by DOLLINGER to begin work on the Premises on June 21st, 2007 is in direct contravention to the prohibition of section 300-28(A) that no work shall be undertaken unless and until a certificate of appropriateness is obtained from the ARC and until the stop work order is lifted by the Building Inspector.

76.    The defendants have not yet obtained such certificate of appropriateness, nor has the stop work order been lifted.  Therefore the threat to begin work on June 21st is illegal and this Court must restrain defendants from executing the threatened violation of law.

## AS AND FOR A SECOND CAUSE OF ACTION

### Defendants Must Be Compelled to Immediately Secure and Protect the Premises And to Restore the Exterior of the Premises to Status Quo Ante

77.    Plaintiff repeats, realleges and reiterates allegations 1-76 as though fully set forth at length herein.

78.    The defendants must, as a matter of law, be compelled to secure and protect the Premises without delay.

79.    Section 300-28(B) of the City of Newburgh Code states in part:

Maintenance required. Nothing in this article shall be construed to prevent the ordinary maintenance and repair of any exterior

architectural feature of a landmark or property within a historic district which does not involve a change in the design, material, color, or outward appearance. *No owner or person with an interest in a designated property shall permit the property to fall into a serious state of disrepair so as to result in the deterioration of any exterior architectural or historic feature which would, in the judgment of the Commission, produce a detrimental effect upon the character of a historic or architectural district as a whole or the life and character of a landmark.* Examples of such deterioration include:

(1)    Deterioration of exterior walls or other vertical supports;

(2)    Deterioration of roofs and other horizontal members;

(3)    Deterioration of exterior chimneys;

(4)    Deterioration or crumbling of exterior stucco or mortar;

(5)  Ineffective waterproofing of exterior walls, roofs, or foundations, including broken windows or doors; and

(6)  Deterioration of any features so as to create a hazardous condition which could lead to a claim that demolition is necessary for the public safety.

City of Newburgh Code §300-28(B)[General Code, 2007](emphasis supplied).

80.    The ARC determined at its May 2007 meeting that the Premises being unsecured, unprotected and open to the elements amounted to such a serious state of disrepair that immediate steps were required to protect the Premises voting that "the City take the necessary steps to secure and protect 96 Broadway and to hold the owner's of 96 Broadway accountable in full." *See*, Exhibit "U".

81:    Additionally, code compliance officers with the City of Newburgh have

determined

that the Premises are indeed in a state of disrepair as contemplated by the City Code.

82.   Section 300-28(C) of the City of Newburgh Code states in part:

> Any person who demolishes, alters, constructs or permits a designated property to fall into a serious state of disrepair in violation of this article shall be required to restore the property and its site to its appearance prior to the violation. An action to enforce this subsection may be brought by the City in any court of competent jurisdiction. This civil remedy shall be in addition to and not in lieu of any criminal prosecution and penalty.

City of Newburgh Code §300-28(C)(2)[General Code, 2007](emphasis supplied). Exhibit "A".

83.   Thus, City of Newburgh Code §300-28(C)(2) provides for the authority to direct the defendants to immediately secure and protect the Premises as well as to direct defendants to restore the Premises to *status quo ante*. Based upon the undisputed violations of City Code by the defendants, the Court has it well within its discretion to grant the requested relief.

**WHEREFORE**, plaintiff CITY OF NEWBURGH prays this Court order and adjudge that:

1)   Defendants, in accord with Article V of the City of Newburgh Code, immediately protect and secure the subject premises located at 96 Broadway, City of Newburgh, State of New York by weather sealing the premises and securing all windows, doors and other openings in the premises against the elements and weather in a good and workman like manner; and

2)   Defendants, in accord with Article V, §300-28(C)(2) of the City of Newburgh Code, restore the condition and appearance of the subject premises and its site to *status quo ante*; and

3)   Defendants strictly comply with Article V of the City of Newburgh Code; and

4)    Pending the issuance of final relief herein, defendants be restrained

from performing any further work of any kind on the subject premises aside from

protecting and securing the premises in conformity with the stop work order

issued by plaintiff; and

5)    Plaintiff have such other and further relief as to this Court may seem just,

proper, and equitable including reasonable attorney fees, disbursements and court costs

incurred in this action.

Dated:   Newburgh, New York
         June 21, 2007

                                    Yours, etc.,
                                    TARSHIS, CATANIA, LIBERTH,
                                    MAHON & MILIGRAM, PLLC

                          By: _____
                                    Steven I. Milligram, Esq.
                                    Attorneys for Plaintiff
                                    One Corwin Court
                                    P.O. Box 1479
                                    Newburgh, New York 12550
                                    Tel. No. (845) 565-1100



STATE OF NEW YORK COUNTY OF ORANGE
SUPREME COURT

=============================================X

THE CITY OF NEWBURGH,

                        Plaintiff,

    -against-

96 BROADWAY, LLC, and                           Index Number:
DOUGLAS R. DOLLINGER

                      Defendants,

=============================================X


### VERIFICATION

STATE OF NEW YORK     )
                       )ss.:
COUNTY OF ORANGE     )


      Michelle Kelson, Esq., being duly sworn, deposes and says:

    1.     I am assistant corporation counsel for the City of Newburgh, the plaintiff in the within proceeding.

    2.     I have read the annexed complaint, I am familiar with the contents thereof, the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                                             Michelle Kelson, Esq.

Sworn to before me on the _21 ⁵⁷_

Day of ___June___, 2007.


_Donna M. Rickey_
NOTARY PUBLIC


FIRST DRAFT

DONNA M. RICKEY
Notary Public, State of New York
No. 01RI4705930
Residing in Orange County
Commission Expires April 30, 20 _11_

**EXHIBIT "B"**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEWBURGH,      )   Case No.: 07CV

          )

     Plaintiff(s),    )

    vs.       )   **PETITION-NOTICE**

          )   **FOR  REMOVAL**

          )

96 BROADWAY, LLC and    )   **Civil Action No. 2007/5544**

DOUGLAS R. DOLLINGER,   )

      Defendant(s).  )

          )

    Petitioner, DOUGLAS R. DOLLINGER, (hereafter "DOLLINGER") and a named defendant in the above-entitled action files this Notice for Removal in the foregoing cause from the Supreme Court for Orange County New York to this United States District Court for the Southern District of New York, and respectfully shows this Court:

    1.  On or about the 22 day of June, a Summons and Complaint were filed against DOLLINGER and other named Defendants herein in and for the County for Orange, entitled THE CITY OF NEWBURGH v. 96 BRAOWAY, LLC, Index No. 5544/07 and served on DOLLINGER only by with an order to show cause. The foregoing were served on or about June 23. 2007. A copy of the Summons and Complaint are annexed hereto as Exhibit "A". No further proceedings have been had herein.

2.    The above-entitled described action is one of which this Court has original jurisdiction under the provisions of Title 28, United States Code Section 1331 and involves a federal question and is one which may be removed to this Court pursuant to Title 28, United States Code Section 1441.

3.    This Court has "federal question" jurisdiction in this case under 28 U.S.C. § 1331, as Defendant is asserting claims and defenses arising under the laws of the United States and the U.S. Constitution.    Specifically, actions involves federal questions related to **(1)** Plaintiffs' rights under  the 5th and 14th Amendments to the US Constitution, and violations of Plaintiffs' civil rights under Part II: 42 U.S.C. sec. 1983 (due process and equal protection clauses), **(2)** violations of Part III: 42 U.S.C. sec. 1985 (1) & (3) (conspiracy).

4.    Because various claims will be asserted arising under state law that form part of the same "case or controversy" as claims arising under federal law, this Court also has "supplemental jurisdiction" pursuant to 28 U.S.C. § 1367 involving **(3)** fraud by omission and nondisclosure, **(4)** common law conspiracy, **(5)** negligent infliction of emotional distress, and **(6)** intentional infliction of emotional distress, **(7)** abuse of process, **(8)** defamation, libel and slander,

5.    Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendants reside in this judicial district, and all events giving rise to this cause of action occurred in this judicial district.

6.    The Notice for Removal is being filed within 30 days after receipt by DOLLINGER of the Summons and Complaint and is timely filed under U.S. C. 1446(b).  Petitioners time to answer or move with respect the Complaint has not expired.

WHEREFORE, Petitioner prays that the above-named action now pending against it in the Supreme Court, County of Orange, State of New York, be removed therefrom to the United States District Court for the Southern District of New York.

Dated: Newburgh, New York
       July 16, 2007

                    Yours, etc.,

                           DOUGLAS R. DOLLINGER, ESQ.
                              Attorney for Plaintiff(s)
                                P.O. Box 1111
                                96 Broadway
                                City of Newburgh
                           Newburgh, New York 12550
                              Tele. (845) 562-9601

**EXHIBIT "C"**

**SEE EXHIBIT "A" OF THIS MEMORANDUM**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEWBURGH,                    ) Case No.: 07CV
                                          )
                    Plaintiff(s),         )
        vs.                               ) **AMENDED      PETITION**
                                          ) **NOTICE FOR REMOVAL**
                                          )
96 BROADWAY, LLC and                      )
DOUGLAS R. DOLLINGER,                     )
                    Defendant(s).         )
                                          )
_____ )

Petitioner, DOUGLAS R. DOLLINGER, (hereafter "DOLLINGER") and a named defendant in the above-entitled action files this Amended Notice for Removal in the foregoing cause from the Supreme Court for Orange County New York to this United States District Court for the Southern District of New York, and respectfully shows this Court:

1.    On or about the 22 day of June, a Summons and Complaint were filed against DOLLINGER and other named Defendants herein in and for the County for Orange, entitled THE CITY OF NEWBURGH v. 96 BRAOWAY, LLC, Index No. 5544/07 and served on DOLLINGER only, by with an order to show cause. The foregoing were served on or about June 23. 2007. A copy of the Summons and Complaint are annexed hereto as Exhibit "A". No further proceedings have been had herein.

2.      The above-entitled described action is one of which this Court has original jurisdiction under the provisions of Title 28, United States Code Section 1331 and involves a federal question and is one which may be removed to this Court pursuant to Title 28, United States Code Section 1441.

3.      This Court has "federal question" jurisdiction in this case under 28 U.S.C. § 1331, as Defendant is asserting claims and defenses arising under the laws of the United States and the U.S. Constitution.    Specifically, actions involves federal questions related to **(1)** Plaintiffs' rights under the 5th and 14th Amendments to the US Constitution, and violations of Plaintiffs' civil rights under Part II: 42 U.S.C. sec. 1983 (due process and equal protection clauses), **(2)** violations of Part III: 42 U.S.C. sec. 1985 (1) & (3) (conspiracy).

4.      Because various claims will be asserted arising under state law that form part of the same "case or controversy" as claims arising under federal law, this Court also has "supplemental jurisdiction" pursuant to 28 U.S.C. § 1367 involving **(3)** fraud by omission and nondisclosure, **(4)** common law conspiracy, **(5)** negligent infliction of emotional distress, and **(6)** intentional infliction of emotional distress, **(7)** abuse of process, **(8)** defamation, libel and slander,

5.      Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendants reside in this judicial district, and all events giving rise to this cause of action occurred in this judicial district.

6.     In addition, the state court lacks personal jurisdiction over 96 BROADWAY, LLC and the Complaint fails to state a cause of action against Defendant DOLLINGER as a matter of law.

7.     The Original Notice for Removal was filed within 30 days after receipt by DOLLINGER of the Summons and Complaint and is timely filed under U.S. C. 1446(b).   Petitioner's time to answer or move with respect the Complaint has not expired.

WHEREFORE, Petitioner prays that the above-named action now pending against it in the Supreme Court, County of Orange, State of New York, be removed therefrom to the United States District Court for the Southern District of New York.

Dated: Newburgh, New York
      October 19, 2007
                Yours, etc.,_____

                    DOUGLAS R. DOLLINGER, ESQ.
                      Attorney for Plaintiff(s)
                         P.O. Box 1111
                       96 Broadway
                     City of Newburgh
                    Newburgh, New York 12550
                      Tele. (845) 562-9601

**SEE EXHIBIT "A" OF THIS MEMORANDUM**

**EXHIBIT "D"**

# TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
## ATTORNEYS AND COUNSELLORS AT LAW

STEVEN L. TARSHIS, L.L.M. Taxation
JOSEPH A. CATANIA, JR.
RICHARD F. LIBERTH
RICHARD M. MAHON, II
STEVEN I. MILLIGRAM

BANKRUPTCY COUNSEL
LAWRENCE M. KLEIN

ONE CORWIN COURT
POST OFFICE BOX 1479
NEWBURGH, NEW YORK 12550
(845) 565-1100
1-800-344-5655

FAX (845) 565-1999
(FAX SERVICE NOT ACCEPTED)

E-MAIL tclmm@tclmm.com
www.tclmm.com

RALPH L. PUGLIELLE, JR.
JOHN D. MINEHAN
HOBART J. SIMPSON
RHETT D. WEIRES
MARK L. SCHUH
PAUL S. ERNENWEIN
NICHOLAS A. PASCALE
JULIA GOINGS-PERROT
DANIEL F. SULLIVAN
PATRICIA S. PEREZ
JASON D. MINARD
LYNN A. PISCOPO
ERIC A. STEWART

WRITER'S DIRECT NO.
(845) 569-4303

## FACSIMILE

WRITER'S E-MAIL
smilligram@tclmm.com

*The information contained in this facsimile message may be Attorney Privileged and Confidential information, and is intended only for the use of the party named as recipient. If you are not the named recipient, please be advised that any use, distribution or copying of this fax is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone.*

*Pursuant to IRS Regulations, any tax advice contained in this communication or attachments is not intended to be used and cannot be used for purposes of avoiding penalties imposed by the Internal Revenue Code or promoting, marketing or recommending to another person any tax related matter.*

*Thank you.*

To: _Ed_     Fax #: _562-9602_

From: _Steven Milligram_     Pages (including this cover sheet): _2_

Date: _8-21-04._     File #: _799-55986_

Re: _C/o Newburgh v. 96 Broadway._
_Affidavit of Service —_

*If problems of clarity or transmission arise, please call Nancy Acevedo at 845-565-1100, Ext. 239.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

Index No. 2007-5544

-------------------------------------------------------------------X

THE CITY OF NEWBURGH,                          Plaintiffs,

Calendar No.

-against-

96 BROADWAY, LLC, and DOUGLAS R. DOLLINGER,        Defendants.

-------------------------------------------------------------------X

AFFIDAVIT
OF
SERVICE

ORANGE COUNTY, NEW YORK STATE: MICHAEL CRUDELE being sworn says: Deponent is not a party herein, is over 18 years of age and resides at 66 Hickory Drive, Campbell Hall, NY.

On 6-23, 2007   9A.M., at 113 Liberty St Newburgh N Y

deponent served the within

☐ summons ☐ with notice            x order to show cause          ☐ notice of claim            ☐ business records
x summons and complaint             ☐ notice of motion             ☐ notice of mechanics lien    certification
☐ notice of petition and petition   ☐ citation                    ☐ three-day notice
☐ subpoena ☐ subpoena duces tecum   ☐ action for divorce          ☐ 30 day notice
☐ notice to sign & return deposition

on DOUGLAS R. DOLLINGER, ESQ.

x defendant          (hereinafter
☐ respondent         called           therein named
☐ witness            the recipient)

Individual      By delivering a true copy of each to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.
1. ☒

Corporation     a                    corporation, by delivering thereat a true copy of each to                    personally, deponent knew said
2. ☐            corporation so served to be the corporation, described in same as said recipient and knew said individual to be
                thereof

Suitable        by delivering thereat a true copy of each to                    a person of suitable age and discretion. Said premises is
Age Person      recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.
3. ☐

Affixing to     by affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the
Door, Etc.      state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there.
4. ☐

Mailing to      Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last know
residence       residence at                                    and deposited said envelope in an official
use with 3 or   depository under exclusive care and custody of the U.S. Postal Service within New York State.
4
5A. ☐

Mailing to      Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's
business        actual place of business, at
use with 3 or   in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and
4               Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an
5B. ☐           action against the recipient.

Description

| ☒ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 lbs. |
| ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 lbs |
| | ☐ Brown Skin | ☒ Gray Hair | ☐ Beard | ☒ 51-65 Yrs. | ☒ 5'9"-6'0" | ☐ 161-200 lbs |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☒ Over 200 lbs. |

Other identifying features:

Witness         $           the authorizing traveling expenses and one days witness fee:        ☐ was paid (tendered) to the recipient
Fees                                                                                             ☐ was mailed to the witness with subpoena copy.
☐

Military        I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and
Service         received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are
☒               the conversations and observations above narrated.
                Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the
                State or in the Federal statutes.

Sworn to before me on 25th June
, 2007

_Leslie S. Cohen_
Notary Public

_Michael Crudele_
MICHAEL CRUDELE          License No.

LESLIE S. COHEN
Notary Public, State of New York
No. 4964378
Qualified in Dutchess County
Commission Expires April 2, 2010