and a denial of the equal protection of the law and Plaintiffs' civil rights.

\* \* \*

132.    At all times material hereto, DOLLINGER advised CRABB that the project would make money for Plaintiff and the citizens of Newburgh.

133.    At all times material hereto, in violation of Plaintiffs civil rights and other federal laws against discrimination, and in furtherance of the ARC-NAG Enterprise members goal to deny Plaintiffs' application, "crush" the project and run [Plaintiff] out of town" CRABB advised DOLLINGER that his money was not "wanted" in Newburgh.

134.    At all times material hereto, CRABB in league with the other co-conspirators, under the color of law, in furtherance of the plans of the ARC-NAG Enterprise conspiracy to deny Plaintiffs' application without legal cause, in violation of Plaintiffs' right of equal protection and due process of the law, Defendants intentionally and illegally tabled the application without a decision so as to conceal the fact that the ARC was not lawfully in session and so as to frustrate Plaintiffs right to invest in CITY and otherwise damage Plaintiffs. See, **Exhibit "24"**.

135.    At all times material hereto, CRABB and the remaining ARC-NAG Enterprise members actually knew and was aware that the Plaintiffs had spent in excess of Five Hundred Thousand ($500,000.00) on the project and that she was acting to deny Plaintiffs their vested property rights.

136.  At all times material hereto, CRABB proceeded illegally in the name of the ARC and individually, and or in furtherance of the ARC-NAG Enterprise  in violation of Plaintiffs' 4th , 5th  and 14th Amendment rights, an abuse of process, an illegal taking and a denial of the equal protection of the law and Plaintiffs' civil rights.

*  *  *

137.  At all times material hereto, notwithstanding her lawful duty not to advocate or otherwise sponsor a political-public position one way or another, under the color of law, both after and during the public comment period of the application proceedings, before the ARC, KELSON who is present at all ARC meetings, in furtherance of the ARC-NAG Enterprise, used her position as Assistant Corporation Counsel, notwithstanding her actual knowledge that the ARC was not lawfully convened to review Plaintiffs' application, and allowed the ARC-NAG Enterprise to illegally preside over Plaintiffs' application, wherein unbeknownst to Plaintiffs, KELSON allowed CRABB to proceed with non-members of the ARC sitting on the Commission and to question DOLLINGER or otherwise issue comment during the non-public phase of the review process.

138.  At all times material hereto, notwithstanding her lawful duty not to advocate or otherwise sponsor a public position one way or another, under the color of law, both after and during the public comment period of the application proceedings, KELSON, in furtherance of the ARC-NAG Enterprise, left the conference table holding

43

secret conversations with the GABOR and other named DOEs 1-10 and ROEs 1-10 Defendants who, as planned, appeared in the audience before the Commission claiming to give public comment, wherein KELSON's returned to the conference table, with comment-questions from GABOR- DOEs1-10 and ROEs 1-10 and thereafter allowed questions to be presented to DOLLINGER concerning the civil action filed by Plaintiffs-DOLLINGER against GABOR and others relating to the claims of criminal wrongdoing [bribery] in obtaining the subject building permit for the City building inspectors CUNNINGS.

\*　　\*　　\*

139.　At all times material hereto, thereafter, KELSON illegally met with members of the ARC-NAG Enterprise, wherein Plaintiffs are informed and believe, it was agreed that KELSON would use the Office of Corporation Counsel to further assist the ARC-NAG Enterprise to reverse the policy-practice of the CITY's, CITY Manager's and its Building Department  in issuing Plaintiffs and others building permits under the CITY's retained powers and to force Plaintiffs to restoration the buildings to its prior appearance.

140.　At all times material hereto, KELSON actually knew and was aware that the Plaintiffs had spent in excess of Five Hundred Thousand ($500,000.00) on the project and that she was acting collectively to deny Plaintiffs their vested property rights.

141.   At all times material hereto, KELSON proceeded illegally in the name of CORPRATON COUNSEL and individually, and or in furtherance of the ARC-NAG Enterprise in violation of Plaintiffs 4th , 5th and 14th Amendment rights, an abuse of process, an illegal taking and a denial of the equal protection of the law and Plaintiffs' civil rights.

\*      \*      \*

142.   At all times material hereto, Plaintiffs attempted to resolve the matter and attended at least three (3) ARC meetings and three (3) separate workshops at the request of McGRANE and the Building Department.

143.   At all times material hereto, after his appearance before the ARC DOLLINGER approached McGRANE relative to her original consent to issue the permit and requested that she direct the ARC to issue their "Certificate of Appropriateness" as promised based on her authority as CITY Manager.

144.   At all times material hereto, in or about March 2007, McGRANE met with DOLLINGER together with the CITY's CORPORATION COUNSEL, wherein it was agreed that if Plaintiffs simply submitted their plans to the ARC without comment the matter would be resolved.

\*      \*      \*

145.   At all time materiel hereto, McGRANE knew and was aware that her policy-practice of sidestepping the ARC had created problems for her among the

legitimate ARC members and ARC-NAG Enterprise members and had no intention of resolving the matter based on her policy-practice of having previously approved the project without ARC review and was desperate to force Plaintiffs to appear before the ARC.

146.   At all times material hereto, thereafter, notwithstanding her statements in front of the CITY's Chief Corporation Counsel and DOLLINGER, at their prior meeting that the plans were to simply be submitted to the ARC without comment, Plaintiffs representative was advised by McGRANE and KELSON, in furtherance of the ARC-NAG Enterprise that additional revisions to the plans were required before submission to the ARC could take place.

\* \* \*

147.   On or about April 29, 2007, DOLLINGER discovered that the members of the ARC who were to render a vote on Plaintiffs' application had failed or refused to take the oath or be sworn for service on the ARC unless GABOR were reappointed to the ARC.

148.   On or about April 30, 2007, notwithstanding their knowledge of the foregoing, Plaintiffs' once again submitted their plans to the ARC, but refused to attend the May 8, 2007 meeting.

* * *

149.  At all times material hereto, in retaliation for the failure to reappoint GABOR to the ARC; the anger and the embarrassment over the CITY's policy-practice of issuing building permits without prior ARC approval, on May 8, 2007, the ARC illegally, and without a lawful reason, voted 4-0 against issuing the Plaintiffs a Certificate of Appropriateness.

150.  At all times material hereto, the denial of the permit by the ARC was without a lawful vote and was not based on criteria outlined in its charter or the law, but was instead a decision not to allow the Plaintiff's building to look better than City Hall and in retaliation for sidestepping the ARC and other political processes owing to McGRANE hostile relationship with the ARC-Enterprise.

151.  At all time material hereto, the CITY and the ARC has issued certificates of appropriateness to property owners or otherwise exempted property owners from the need for said certificate for the same or similarly looking project including projects located opposite historic sites within the CITY.

152.  At all times material hereto, the decision to take Plaintiffs' vested property interest was arbitrary and caprious and the result of invidious conduct and bad faith on the part of the CITY, the CITY policy maker McGRANE and their failure to stand by the CITY's policy-practice to allow the CITY's Building Inspector CUMMINGS to issue the building permit for 96 BROADWAY without prior ARC approval and was a

response to political and feigned community disapproval of the project.

153.   At all times hereto mentioned, the action was an illegal taking of Plaintiff's property in violation of Plaintiffs 4th , 5th  and 14th Amendment rights; an abuse of process in the equal protection of the law and a violation of Plaintiffs' civil rights.

*   *   *

154.   At all times material hereto, the CITY and its CORPORATON COUNSEL knew and was aware of the invidious conduct of McGRANE-CUMMINGS and that of the ARC-NAG Enterprise and authorized-directed the filing of a certain state court action in Orange County Supreme Court, State of New York demanding that Plaintiffs restore their building to its former appearance.

155.   At all times material hereto, the act of suing Plaintiff to restore the building to its former appearance was and is a "signal" to the Community that GABOR's statements relating to Plaintiffs-96 BRAODWAY-DOLLINGER having paid a bribe to CUMMINGS for the building permit was true and that Plaintiffs had indeed done something criminally wrong in obtaining their building permit.

156.   At all times material hereto, Plaintiffs-DOLLINGER have been humiliated by the intentional, criminal acts, invidious, willful, wanton, reckless, callous, grossly negligent, negligent and careless conduct of the CITY-CITY COUNSEL, McGRANE, CUMMINGS, the ARC, ARC-NAG Enterprise, CRABB, GABOR, KING,

KELSON, DOEs 1-10, ROEs 1-10 CORPORATION COUNSEL and have disregard the Plaintiffs Constitutional and civil rights because the CITY-CITY COUNCIL actually knew and was aware of the illegal-invidious conduct of McGRANE, CUMMINGS, the ARC, ARC-NAG Enterprise, CRABB, GABOR, KING, KELSON, DOEs 1-10, ROEs 1-10 CORPORATION COUNSEL and have failed to act or acted in support of their conduct in violation of their duty to act and to protect Plaintiffs legal rights.

157. At all times hereto mentioned, the action was an attempt to illegally take Plaintiff's property in violation of Plaintiffs' 4th, 5th and 14th Amendment rights abuse of process and equal protection of the law and a violation of Plaintiffs' civil rights.

\*    \*    \*

158. At all times material hereto, on or about June 27, 2007, DOLLINGER verified that the ARC members who had voted on Plaintiff's application had failed to take the oath to sit on the ARC as required under the law, including Defendant KING and other DOEs-1 and ROEs-1 Defendants and advised Counsel member ANGELO that this was just another indication that she, McGRANE, and the ARC-NAG Enterprise members were acting in bad faith towards 96 BROADWAY and attempting to force them to unlawfully appear before the ARC.

159. At all times material hereto, ANGLEO suggested to speak with additional counsel members to see if "we could resolve the situation".

\* \* \*

160. At all times material hereto, DOLLINGER approached members of the CITY COUNCIL, ANGELO and BOWELS to address the problem related to McGRANE's original permission to issue the building permit based on Abt's architectural review and approval of the permit and her refusal to stand by her policy-practice and her determination to force Plaintiffs to appear before the ARC.

161. At all times material hereto, DOLLINGER, having been previously unaware was advised by ANGELO of the serious degree of animosity between McGRANE, the legitimate ARC members and ARC-NAG Enterprise members and McGRANE's fear of losing her job.

162. At all times material hereto, not until in or about June 2007, was DOLLINGER advised by the Counsel member ANGELO that McGRANE did not have a good relationship with the legitimate ARC members or the ARC-NAG Enterprise members and that in addition to her causing ARC members embarrassment animosity between them by sidestepping their authority and having CUMMINGS issue Plaintiffs their building permit, she, McGRANE was the political target of the ARC-NAG Enterprise members based on claimed misconduct involving allegations of dishonesty in her leaving the scene of a personal injury accident involving a CITY owned vehicle, her avoidance of criminal prosecution in that matter, and the CITY Counsel's decision to continue her employment despite the alleged claims of alcohol contribution to the

accident.

163.  At all times material hereto, DOLLINGER met separately with Counsel members, wherein at least three (3) counsel members have agreed to override the authority of McGRANE, the ARC and CORPORATION COUNSEL and have affirmatively and positively advised Plaintiffs, or Plaintiffs have been advised that they will vote for approval of the project to by-pass the ARC and direct that a certificate of appropriateness be issued for the project.

164.  At all times material hereto, McGRANE, the ARC-NAG Enterprise and CORPORATION COUNSEL in furtherance of their illegal activities have prohibited said CITY officials from lawfully delivering the votes to allow Plaintiffs to proceed with construction of the building.

165.  At all time the action was an illegal taking of Plaintiff's property in violation of Plaintiffs' 4th , 5th  and 14th Amendment rights abuse of process and equal protection of the law and Plaintiffs' civil rights.

*   *   *

166.  At all times material hereto, DOLLINGER was and is an attorney duly admitted to practice law in the State of New York maintaining offices in the City of Newburgh, Orange County, New York.

167.  At all times material hereto, DOLLINGER was a member of the Orange County Assigned Counsel Program authorized to appear and represent indigent

defendants appearing in the City of Newburgh pursuant to Section 18-B of the New York State Judiciary Law.

168. At all times material hereto, DOLLINGER appeared personally and on behalf of the FIRM on an almost daily basis in the CITY Court and on behalf of assigned clients.

169. At all times material hereto, the civil action instituted by the CITY at the direction of McGRANE, CORPORATON COUNSEL and the ARC-NAG Enterprise members and was an act of bad faith, known by the CITY to be the same in light of the illegal conduct of McGRANE, CORPORATON COUNSEL, CUMMINGS and the ARC-NAG Enterprise in the revoking the building permit issued to Plaintiffs.

170. At all times material hereto, the civil action instituted by the CITY at the direction of McGRANE and CORPORATON COUNSEL and the ARC-NAG Enterprise members has humiliation, embarrassment anxiety and anger; has caused an appearance, and actual or potential conflict, wherein DOLLINGER and the FIRM can no longer represent clients in most matters before the Courts of the CITY in both 18-B and private matters.

*    *    *

171. At all times material hereto, Plaintiff are informed and believe, that during the foregoing period, between June 13, 2006 and June 29, 2007 GABOR demanded that the CITY reappoint him to the ACR.

172. At all time material hereto, during the period of time between June 13, 2006 and June 29, 2007 the alleged ARC members voted on projects submitted to the ARC, including Plaintiffs' project, wherein the CITY and McGRANE knew and were aware that some members had refused or otherwise failed to take such oath unless GABOR was offered a position on a community board.

173. At all times material hereto notwithstanding the false newspaper and internet claims of bribery made by GABOR involving the CITY's Building Inspector CUMMINGS as allegedly made by Plaintiffs-DOLLINGER so as to obtain the building permit, and because GABOR could not sit on the ARC until Plaintiffs' application was officially resolved, the CITY, notwithstanding the actual case in controversy instituted in Orange County on by Defendants, on or about June 22, 2007, voted to appoint GABOR to the City of Newburgh's Arts and Cultural Commission.

174. At all times material hereto, on or about June 29, 2007, after the action was filed, McGRANE notified GABOR of his appointment to the City of Newburgh's Arts and Cultural Commission.

175. At all time material hereto, the act of appointing GABOR to the Arts Council was a "signal" to the Community that GABOR's statements relating to 96 BROADWAY having paid a bribe to CUMMINGS were true.

176. At all time material hereto, the act of appointing GABOR to the Arts Commission was intention and/or negligent, reckless or careless in response to the

political pressure of the ARC-NAG Enterprise and was intended to humiliate or otherwise cause emotional upset to Plaintiff-DOLLNGER.

\*  \*  \*

177.  At all times material hereto, Plaintiff are informed and believe, that in or about October 2006, CARCOLICI offered to purchase Plaintiffs' building.

178.  At all times material hereto, Plaintiff-DOLLINGER advised the CITY COUNCIL members and CORPORATION COUNSEL of CARCOLICI's offer.

180.  At all times material hereto, neither the CITY COUNCIL members and/or CORPORATION COUNSEL took action in favor of Plaintiff in relation to CARCOLICI's offer to purchase Plaintiffs building.

\*  \*  \*

181.  At all times material hereto, Plaintiff-DOLLINGER is informed and believes, that in or about May-June 2007 the owner(s) of the building located at 113 Liberty Street, Newburgh, Orange County New York were issued multiple fire and building code violations by the CITY.

182.  At all times material hereto, Plaintiff-DOLLINGER is informed and believes, that in furtherance of the ARC-NAG Enterprise in or about July 2007,

CARCOLICI on behalf of the ARC-NAG Enterprise, obtain an appointment with Chief Counsel for CORPRATION COUNSEL, wherein GABOR at the institution-instruction of CARCOLICI falsely accused DOLLINGER of having the new CITY building inspector Steve Hunter "in his back pocket" and that Hunter was taking "bribes" from DOLLINGER.

183.   At all times material hereto, Plaintiff-DOLLINGER is informed and believes, that in furtherance of the ARC-NAG Enterprise in or about July 2007, GABOR at the institution-instruction of CARCOLICI , although they knew otherwise and had actual knowledge otherwise, falsely stated to Chief Counsel, and accused DOLLINGER of having paid the new CITY building inspector Steve Hunter a bribe so as to falsely and illegally have the premises located at 113 Liberty Street, Newburgh, Orange County New York issued multiple fire and building code violations and condemned so as to cause the summary evection of the tenants living at 113 Liberty Street, Newburgh, Orange County, New York.

184.   At all times material hereto, Plaintiff-DOLLINGER is informed and believes, that in furtherance of the ARC-NAG Enterprise in or about July 2007, GABOR at the institution-instruction of CARCOLICI, although they knew otherwise, and had actual knowledge of the same, falsely stated to Chief Counsel that the building was without violation and had recently passed inspection for its sale and that said condemnation was issued because DOLLINGER bribed Hunter so as to allow

DOLLINGER to force the owners to sell DOLLINGER the building.

* * *

185   At all times material hereto, Plaintiff-DOLLINGER is informed and believes, that in furtherance of the ARC-NAG Enterprise in or about July 2007, the ARC-NAG Enterprise published false accusations over the internet and at public meetings, wherein it was falsely alleged that the new CITY building inspector Steve Hunter was "in [DOLLINGER's] back pocket" and that Hunter was taking "bribes" from DOLLINGER.

186.   At all times material hereto, Plaintiff-DOLLINGER is informed and believes, that in furtherance of the ARC-NAG Enterprise in or about July 2007, GABOR at the institution-instruction of CARCOLICI, although they knew otherwise and had actual knowledge otherwise, published false accusations over the internet and at public meetings falsely stated accused DOLLINGER of having paid the new CITY building inspector Steve Hunter a bribe so as to falsely and illegally have the premises located at 113 Liberty Street, Newburgh, Orange County New York issued multiple fire and building code violations and condemned so as to cause the summary evection of the tenants living at 113 Liberty Street, Newburgh, Orange County, New York.

187.   At all times material hereto, Plaintiff-DOLLINGER is informed and believes, that in furtherance of the ARC-NAG Enterprise in or about July 2007,

GABOR at the institution-instruction of CARCOLICI, GABOR, although they knew otherwise, and had actual knowledge of the same published false accusations over the internet and at public meetings falsely advising that the building was without violation and had recently passed inspection for its sale and that said condemnation was issued because DOLLINGER bribed Hunter so as to allow DOLLINGER to force the owners to sell DOLLINGER the building.

## COUNT I
### Plaintiffs' Request For Permanent Injunction Relief

### [MUNICIPLE Defendants]

188.   Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "187" inclusive, with the same force and affect as though they were more fully set forth herein at length.

189.   Plaintiffs since June 2005, are now, and at all times material to this Complaint, have been, the lawful owners of the real property located at 96 Broadway, City of Newburgh, Orange County, New York.

190.   Plaintiffs in January 2006, filed their application for a building permit, together with sealed-stamped plans attesting to the fact that they were drawn by a duly licensed Architect and Engineer, Eric Osborne and have paid all of the necessary fees to the CITY's MUNICIPLE-Defendant(s) Building Inspector's Office for issuance of the building permit for 96 Broadway, City of Newburgh, Orange County, New York.

191.   On or about March 23, 2006, Plaintiffs were lawfully issued a building permit by the CITY MUNICIPLE-Defendant(s) and commenced restoration of the building.

192.   Plaintiffs posses a lawfully issued building permit which has been illegally revoked by the CITY MUNICIPLE-Defendant(s) for political reasons and community activism wherein no lawful basis exist for the taking.

193.   Since on or about May 2, 2006, and continuing to the present, the CITY-MUNICIPLE-Defendant(s) have and wrongfully and unlawfully taken or caused to be taken, the vested property from the Plaintiffs, their building permit for 96 Broadway, City of Newburgh, Orange County, New York.

194.   Since on or about May 2, 2006, and at other times between that date and the present, Plaintiffs have demanded that CITY-MUNICIPLE-Defendant(s) refrain from committing the above named acts in paragraphs 1-187, and requested that Plaintiffs be allowed to return to work but the CITY MUNICIPLE-Defendant(s) have refused and have threatened to continue such acts, and continues to act in violation of Plaintiffs Constitutional and civil rights.

195.   Plaintiffs have spent in excess of Five Hundred Thousand ($500,000.00) Dollars in the purchase and restoration of the building.

196.   As a result of defendant's acts, Plaintiffs has sustained/will sustain great and irreparable injury, in that Plaintiffs cannot be fully compensated in damages, and is

without an adequate remedy at law because the exact amount of damage Plaintiffs will sustain will be difficult to determine, and because the acts are of a nature against Plaintiffs and the public wherein a continuing wrong exist if said acts are allowed to continue because said acts are a direct and intentional deprivation of Plaintiffs Constitutional and civil rights.

197. As a further result of defendant's acts, Plaintiff has sustained damage in the amount of Five Hundred Thousand ($500,000.00) Dollars.

198. If these acts are permitted to continue, Plaintiffs will be further damaged in an amount to be alleged when additional damages have been determined.

**WHEREFORE,** Plaintiff requests that this Court issue a permanent injunction prohibiting the CITY-MUNICIPLE-Defendant(s) from requiring Plaintiffs to change the existing building configuration as set forth in the seal-stamped and approved plans filed with the CITY-MUNICIPLE-Defendant(s); that the CITY-MUNICIPLE-Defendant(s) vacate the stop work orders as previously issued to Plaintiffs for the premises 96Broadway; that the CITY-MUNICIPLE-Defendant(s) restore the building permit previously issued to Plaintiffs for the premises 96 Broadway and otherwise refrain from other illegal conduct in the future.

## COUNT II

**Conspiracy To Interfere With Plaintiffs' Equal Protection and Due Process Right**

**[CITY-MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR,**

KELSON,  KING, CRACOLICI, DOE's 1-10 and ROEs  1-10, Each  Individually the ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)

199.  Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "198" inclusive, with the same force and effect as though they were more fully set forth herein at length.

200.  At all relevant times herein, Plaintiffs have a right to equal protection and under the due process under the federal and state constitutions not to be deprived of their constitutionally protected interest in their property.

201.  At all times relevant herein, the Defendants were state actors, or private persons, jointly engaged with state officials in the challenged action, and are acting "under color" of law for purposes of this action.

202.  The CITY allowed instituted a policy-practice and/or custom of allowing building permits to be issued without prior ARC approval and then for no legitimate legal reason after Plaintiffs had obtained a vested property interest in the building by investing in excess of Five Hundred Thousand ($500,000.00) Dollars in the restoration of their building the CITY unlawfully revoked said building permit and demanded that Plaintiffs restore the building to its prior appearance.

203.  The only explanation is that the CITY has discriminated against Plaintiffs because of the political pressures from the community as caused to be swayed by the illegal conduct the McGRANE, CUMMINGS and ARC-NAG Enterprise Defendants.

204. By depriving the land owners-Plaintiffs of their rights to equal protection after issuing the building permit and after Plaintiffs had obtained a vested right in the permit and then without legal justification revoking said permit, Plaintiff were denied the due process rights because while at times the MUNICPAL Defendants affording others the right to by-pass the ARC, Plaintiffs were denied their vested rights, notwithstanding their accrual expenses, wherein by said conduct the CITY MUNICPLE Defendant(s) insinuated itself into the conspiracy and metamorphosed the individual actors into State actors wherein they actually knew and allowed McGRANE, CUMMINGS, and the ARC-NAG Enterprise to continue the acts of illegal revocation by allowing McGRANE, CUMMINGS and CRABB on behalf of the ARC-NAG Enterprise to proceed to force Plaintiff to submit an application to the ARC, forcing Plaintiffs to appear before the ARC so as to have the ARC review their previously approved plans, while actually knowing that the ARC did not have the proper sworn or qualified members to review said plans and that the application would be rejected because of political and public pressure but did nothing to correct the illegal acts of McGRANE, CUMMINGS, CRABB and KELSON on behalf of the ARC-NAG Enterprise and/or CORPORATON COUNSEL.

205. Acting under the color of law, Defendants worked a denial of Plaintiffs' rights, privileges, or immunities secured by the United States Constitution or by Federal law and guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the

Constitution of the United States, and the New York State Constitution to wit, they sought and got court orders based on their misrepresentations.

206. As a result of Defendants' concerted unlawful and malicious conduct, Plaintiffs were both deprived of their rights to equal protection of all the laws and to due process of law, of their right to their property, and the due course of justice was impeded, in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

207. Plaintiffs were harmed, have incurred considerable legal debt which would not otherwise have been incurred, and has suffered the loss of use of their building, have been displaced form the community, lost confidence in and experience feelings of betrayal by the CITY of NEWBURGH and can no longer remain in the CITY or otherwise help rebuild the CITY and have suffered other damages.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG

Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT III

**Conspiracy To Interfere With Civil Rights In Violation Of 42 U.S.C. § 1985(1)&(3)**

**[CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)**

208. Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "207" inclusive, with the same force and affect as though they were more fully set forth herein at length.

209. Plaintiffs are informed and believe that, each of the illegal incidents described in paragraphs "1-198", above, were planned and ordered within the State of New York by Defendants acting in their official capacity, individually or as a coconspirator and ARC-NAG Enterprise members.

210. Plaintiffs are informed and believe that, the purpose and intent of Defendants individual and collective tactics, in  planning and organizing the aforementioned illegal taking of Plaintiffs' vested property interest  was to illegally prevent the  CITY-MUNICIPLE-Defendant(s) in their respective offices from

effectively establishing-executing a policy-practice of by-passing the ARC for safety and/or economic reasons,  and that in other words, these tactics were designed to intimidate, the CITY MANGER McGRANE, CUMMINGS and the CITY COUNCIL and COPRORATON COUNCIL from effectively administering governmental policy-practice and custom and to cause injury to Plaintiffs in the taking of their property.

211.  Plaintiffs are informed and believe that, so as to prevent the CITY-MUNICIPLE-Defendant(s) from performing their duties  at least two or more Defendants in this State conspired to prevent, by force, intimidation, and/or threat,  the CITY-MUNICIPLE-Defendant(s) from holding their office, trust,  or place of confidence under the a duly formed governmental body in the CITY, and/or obstructed the discharging of their duties thereof;  and/or  attempted to induce by like means said officers to fail to perform said office as required to be performed while engaged in the lawful conduct thereof,  and as such have molested Plaintiffs, interrupted, hindered, and/or impeded said officer in the discharge of their official duties to said Plaintiffs.

212.  Plaintiffs are informed and believe that, Defendants agreed and conspired among themselves, and with others, to interrupted, hindered, and/or impeded disrupt, harass, intimidate, and otherwise harm Plaintiffs in the exercise of their Constitutional and civil rights and to prevent Plaintiffs from continuing to effectively exercise these rights by conspiring among themselves and with others to influence and utilize CITY-MUNICIPLE-Defendant(s) to actively interrupted, hindered, and/or impeded, disrupt,

harass, intimidate, and otherwise harm Plaintiffs in the taking of their property and in the exercise of their Constitutional and civil rights and to prevent Plaintiffs from continuing to effectively exercise these rights.

213.  Plaintiffs are informed and believe, that Defendants' aforementioned conspiracy to prevent Plaintiffs from effectively exercising these rights was predicated upon animus toward Plaintiffs because of the MUNICIPLE Defendant(s) establishment of their policy and practice of by-passing the ARC and their status as out of state investors not welcomed in the CITY of Newburgh.

214.  Plaintiffs are citizen of the United States of America, and can legally invest and own property in an absentee status in all of the States and territories of the U.S.

215.  Plaintiffs have been illegally prevented from effectively owning said property by intimidation, and other illegal conduct, perpetrated by Defendants in this action which as result of exercising Plaintiffs' rights, Plaintiffs were injured in their person and property by the means described in detail above.

216.  As a result of Defendants' conspiracy to prevent Plaintiffs from exercising their rights of ownership, Plaintiffs, suffered substantial damages to their personal property costing in loss valuable time and substantial money damages, including the money spent over the past year to defend themselves against Defendants' false accusations of bribery and other cost.

217.  As a result of Defendants' conspiracy to prevent Plaintiff-DOLLINGER from exercising his rights, Plaintiff-DOLLINGER has suffered substantial damages to his good reputation in the community-county because his character has been severely and unjustifiably maligned.

218.  As a result of Defendants' conspiracy to prevent Plaintiff-DOLLINGER from exercising his rights, Plaintiff- DOLLINGER has suffered substantial damages in the form of mental anguish and emotional distress.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT IV

## Fraud By Omission Or Nondisclosure

**[CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,    KING, CRACOLICI, DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)]**

219.   Plaintiffs repeat and reallege and incorporate by reference the allegations in paragraphs "1" through "218" above with the same force and effect as if herein set forth.

220.   The policy-practice and/or custom of issuing building permits without prior ARC approval is a valid exercise of the retained powers of local government officials and should not to be lightly disregarded, because investors-land owners must be able to rely on the governmental officials in their official capacities and must be able to rely on the policies-practices adopted by local officials without fear that the policy-practice or custom will fall victim to political or community pressure.

221.   When a land owner pays the fees for, and receives a lawfully issued building permit, and undertakes the expenditure of construction the result is a trust between the parties.

222. When McGRANE exercised the MUNICIPAL Defendant(s) policy making powers and CUMMINGS instituted the practice of issuing the Plaintiffs a building permit for 96 Broadway, and then issued stop work orders based on political pressures and community outcry without KELSON disclosing to the ARC and/or the public that they were exercising their reserved governmental powers and were instead

67

revoking the building permit or otherwise stopping the project due to the political and community pressures they knew the reasons given, that the permit was mistakenly issued, to be neither true nor accurate, and a misrepresentation, wherein they were attempting to defraud Plaintiffs and the public by nondisclosure.

223. By their intentional withholding of the truth and failure to be truthful about their policy and practice of by-passing the ARC and intentionally issuing Plaintiff their building permit the repeated misrepresentations of McGRANE, CUMMINGS and KELSON caused Plaintiffs expenses that were reasonably foreseeable as a possible result of the defendants intentional acts.

224. The Defendants are responsible not only for their outright untrue statements, but also for forcing Plaintiffs to appear before the ARC, especially when the had actual knowledge that the ARC was without the proper members to render a decision on Plaintiffs' appilication.

225. Plaintiffs were harmed and have been caused to incur considerable legal expenses in order answer the false claims and have been suffering from anxiety, a feeling of hopelessness, loss of trust, loss of confidence in and feelings of betrayal by the justice system, shock, and emotional scarring, all compensable as emotional distress, and other damages.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE,

CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI DOE's 1-10 and ROEs 1-10; each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT V

### Common Law Conspiracy

**[CITY MUNICPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI. DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)**

226.  Plaintiffs repeat and reallege and incorporate by reference the allegations in paragraphs "1" through "225" above with the same force and effect as if herein set forth.

227.  All the Defendants **(a)** had an illegal object to be accomplished; **(b)** had an agreement on the illegal object or illegal course of action, to wit, to deprive Plaintiffs of their right to the equal protection of the  laws, specifically, the right to build and

restore their own property; **(c)** performed one or more unlawful overt acts; and **(d)** caused Plaintiffs damages that were a direct result of those acts.

228. In furtherance of their object, defendants did two or more overt acts against the plaintiffs. Those unlawful overt acts include, but are not limited to, the facts outlined in paragraphs "1" through "225" above and amount to an illegal conspiracy under the law.

229. All Defendants are liable for their acts, because Plaintiffs suffered harm and damages, for the reasons stated above and as a direct result of those acts.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT IV

### Negligent Infliction Of Emotional Distress

**[CITY  MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI.  DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)**

230.   Plaintiff-DOLLINGER repeats and realleges and incorporates by reference the allegations in paragraphs "1" through "229" above with the same force and effect as if herein set forth.

231.   Defendants CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI, DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) continually negligently inflicted emotional distress on the Plaintiff-DOLLINGER.

232.   The  CITY  MUNICIPLE  Defendant(s),  McGRANE, CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI. DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) had a continuing affirmative duty to perform their official and quasi-official duties in such a manner as not to inflict emotional distress on Plaintiff-DOLLINGER.

233.   Defendants CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,    KING, CRACOLICI, DOE's 1-10 and ROEs 1-10,

71

each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) breached their duties to Plaintiff-DOLLINGER.

234.  Plaintiff-DOLLINGER was by the appointment of GABOR to a post on the CITY Arts commission, wherein said act was grossly negligent, careless, reckless and otherwise an act of bad faith inasmuch as the CITY had commenced a civil action against Plaintiffs-DOLLINGER wherein as a direct defense the CITY-McGRANE knew or should have known that a claim-or defense would have involved GABOR and the allegations of bribery.

235.  Plaintiff-DOLLINGER suffered not only physical symptomatologies but also, as a consequence of the physical injury, mentally by breach of duties in the administration of the law.

236.  Plaintiff-DOLLINGER was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of set forth above in paragraphs "1" through "229".

237.  As a result of Defendants negligent conduct, DOLLINGER has suffered and will continue to suffer physical symptomatologies, such as severe, continuous headaches and pains in his extremities, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE,

CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT VII

[CITY  MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)

### Intentional Infliction Of Emotional Distress

238. Plaintiff repeats and realleges and incorporate by reference the allegations in paragraphs "1" through "237" above with the same force and effect as if herein set forth.

239. Defendants intentionally and deliberately inflicted emotional distress on DOLLINGER by interfering with his civil rights and conspiring against him, and publishing false accusation about him and thereby destroying his trust in the judicial

system.

240. Plaintiff-DOLLINGER was deeply humiliated by the appointment of GABOR to a post on the CITY Arts commission, wherein said act was grossly negligent, careless, reckless and otherwise an act of bad faith inasmuch as the CITY had commenced a civil action against Plaintiffs-DOLLINGER the CITY-McGRANE-CORPROATON COUNSEL-KELSON knew or should have known that a direct claim or defense would have involved GABOR and the allegations of bribery related to CUMMINGS and the Plaintiffs receipt of the building permit.

241. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

242. The actions of the Defendants were the cause of DOLLINGER's distress.

243. DOLLINGER is a reasonable man.

244. The emotional distress sustained by DOLLINGER, was severe and of a nature that no reasonable man could be expected to endure.

245. As a result of the Defendants' extreme and outrageous conduct, DOLLINGER has suffered and with a high degree of likelihood, will continue to suffer mental pain and anguish, embarrassment, humiliation that he was so betrayed by the judicial system, and severe emotional trauma.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE,

CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT VIII

### Abuse of Process

**[CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI, DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)**

246.  Plaintiff repeats and realleges and incorporate by reference the allegations in paragraphs "1" through "245" above with the same force and effect as if herein set forth.

247.  With respect to the events between January 2006 and continuing to date, wherein the CITY filed false stop work orders and demanded that Plaintiffs submit an application to the ARC after lawfully  issuing Plaintiff their building permit for

75

96 Broadway, and of which the CITY filed a false civil complaint in the Orange County Supreme Court failing to disclose the truth of the circumstances by which said building permit was issued and demanding the Plaintiffs restore their building to its prior appearance, the filing of those false stop work orders forced appearance before the ARC, and that of the false the civil complaint was an effort to take Plaintiffs ownership interest in their property by claiming that when CUMMINGS issued Plaintiffs' their building permit he was mistaken.

248. The intent and purpose of Defendants in planning, ordering, the filing of the complaint demanding that the building be restored to it former appearance was a taking of Plaintiffs' property and in response to political and community pressures.

249. There was never any real legal basis upon which to substantiate the taking of Plaintiffs' vested property but it was the intent and purpose of Defendants in this action to use the legal process to appease political and community pressures by contriving the truth in the practice and policy of the CITY in issuing building permits without prior ARC approval and a that the claimed mistake was a fabrication, which could then be and was/is being exploited regardless of veracity.

250. As a result of Defendants' illegal use of the legal process, Plaintiffs have suffered substantial financial damages, including the money he has spent over the past year to restore their building.

251. As a result of Defendants' illegal use of the legal process, Plaintiffs-

DOLLINGER have suffered substantial damages in their property and in particular DOLLINGER to his good reputation in the community because his character has been severely and unjustifiably maligned.

252. As a result of Defendants' illegal use of the legal process, Plaintiff-DOLLINGER and his FIRM's ability to practice law in the City of Newburgh and through Orange County, New York was unfairly and unjustifiably undermined.

253. As a result of Defendants' illegal use of the legal process, Plaintiff has suffered substantial damages in the loss of their property and in the form of mental anguish and emotional distress.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just,

fair, and appropriate.

## COUNT VIII

### Libel, Slander and Deformation

### CRABB, GABOR, KELSON,  KING, CRACOLICI DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively

254.  Plaintiff repeats and realleges and incorporate by reference the allegations in paragraphs "1" through "253" above with the same force and effect as if herein set forth.

255.  By knowingly and falsely publishing their continuing manifesto and false messages over the internet as designed to discredit and otherwise illegally sway public opinion against Plaintiffs and so as to injure Plaintiffs' in their application before the ARC,  and then again by repeating the same false allegations to the CITY's Chief CORPORATON COUNSEL and before the CITY COUNCIL meeting, each being non-privileged communications, or otherwise made at  a public forum CRACOLICI and GABOR individually and/or on behalf of the ARC-NAG Enterprise members were able to cast a cloud of suspicion over the Plaintiffs having them become the object of hatred, contempt, ridicule and obloquy because they falsely published claims alleging that Plaintiffs were criminals and had bribed the CITY building inspectors so as to illegally obtain    their    building    permit    and/or    otherwise receive favorable treatmen.

256. As a result of the acts perpetrated as described above, Plaintiffs-DOLLINGER have suffered substantial financial damages, including the money spent over the past year to defend against Defendants' false accusation of bribery.

257. As a result of the acts perpetrated as described above, Plaintiffs-DOLLINGER-the FIRM have suffered and will suffer substantial monetary damages to their property and DOLLINGER to his good reputation in the community because his character has been severely and unjustifiably maligned.

258. As a result of the acts perpetrated by Defendant as described above, DOLLINGER has suffered from substantial mental anguish and emotional distress.

259. There is absolutely no legal justification whatsoever for Defendants false publications, nor is there any justification for any of the other acts perpetrated by Defendants as described in detail, above.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and

severally, for punitive damages in an amount to be determined by the jury, plus the

costs of this action, including attorney's fees, and such other relief deemed to be just,

fair, and appropriate.

Dated: Newburgh, New York
      July 23, 2007
                Yours, etc.,

                    DOUGLAS R. DOLLINGER, ESQ.(5922)
                    Pro Se Attorney for Plaintiff(s)
                    P.O. Box 1111
                    113 Liberty Street
                    City of Newburgh
                    Newburgh, New York 12550
                    Tele. (845) 562-9601

### PROOF OF SERVICE

STATE OF NEW YORK  )

COUNTY OF NEW YORK)

    I maintain my offices in the City of Newburgh, County of Orange, State of New York. I am over the age of 18 and not a party to these proceedings. My business address is 96 Broadway, City of Newburgh, Newburgh, New York 12550.

    On October 19, 2007, I served the forgoing documents: MOTION FOR DISMISAL OF PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B) (6) * MEMORANDUM TO DISMISS PLAINTIFF'S PURSUANT TO FRCP 12(b)(6) * MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND * DOLLINGER's AFFIDAVIT and EXHIBITS. *** PLEASE SEE ATTACHED SERVICE LIST***

**X  VIA OVERNIGHT MAIL:**

    By delivering such documents to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express courier addressed to the person(s) on whom it is to be served.

_____ **VIA U.S. MAIL:**

    By depositing a sealed envelope containing the above-cited document with the U.S. Postal Service on _____ with postage thereon fully paid at the local post office in Newburgh, New York.

_____ **VIA PERSONAL DELIVERY:**

    By personally delivering such sealed envelope by hand to the offices of the addressee pursuant to the applicable law.

_____ **VIA FACSIMILE:**

    By facsimile transmission where a report was generated indicating that the transmission was completed to the number indicated on the report without error.

    I declare under penalty of perjury under the laws of the United States of America that the above is true ad correct and I declare that I did so at the direction of the member of the bar of this Court at whose direction the service was made.

    Executed this 19th day of October 2007, City of Newburgh, County of Orange, State of New York.

                                             EDWARD McCARTHY

Subscribed and sworn to before me
this 19th day of Oct. 2007.

_____
Notary Public

SIXTO SANJUAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SA6158573
Qualified in Dutchess County
My Commission Expires January 02, 2011

## SERVICE LIST

### 96 Broadway et al., Case No.: 07cv 7419 (SCR) (MLF)

TARSHIS, CATANIA, LIBERTH, MAHON & MILIGRAM, PLLC
Attorneys for Plaintiffs
One Corwin Court
P.O. Box 1479
Newburgh, New York 12550
Tel. No. 845.565.1100