# TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
ATTORNEYS AND COUNSELLORS AT LAW

STEVEN L. TARSHIS, L.L.M. Taxation
JOSEPH A. CATANIA, JR.
RICHARD F. LIBERTH
RICHARD M. MAHON, II
STEVEN I. MILLIGRAM

BANKRUPTCY COUNSEL
LAWRENCE M. KLEIN

ONE CORWIN COURT
POST OFFICE BOX 1479
NEWBURGH, NEW YORK 12550
(845) 565-1100
1-800-344-5655

FAX (845) 565-1999
(FAX SERVICE NOT ACCEPTED)

E-MAIL tclmm@tclmm.com
www.tclmm.com

RALPH L. PUGLIELLE, JR.
JOHN D. MINEHAN
HOBART J. SIMPSON
RHETT D. WEIRES
MARK L. SCHUH
PAUL S. ERNENWEIN
NICHOLAS A. PASCALE
JULIA GOINGS-PERROT
DANIEL F. SULLIVAN
PATRICIA S. PEREZ
JASON D. MINARD
LYNN A. PISCOPO

WRITER'S DIRECT NO.
(845) 569-4319

WRITER'S E-MAIL
npascale@tclmm.com

November 6, 2007

**Via ECF & Regular Mail**
Honorable Stephen C. Robinson
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    City of Newburgh vs 96 Broadway, LLC
            96 Broadway, LLC v. City of Newburgh
            Our File No. 00799-55986
            Orange County Supreme Court Index No. 2007-5544
            **Case No. 07cv 6419 (SCR) (MLF)**

Dear Hon. Sir:

    This office represents the City of Newburgh regarding the above matter and is written following the conference held before Your Honor held on Tuesday, October 30, 2007.

    The parties' appeared before the Court on that date at the request of the City of Newburgh that the Court give effect to and enforce a Temporary Restraining Order that had been signed by New York State Supreme Court Justice Owen prior to this matter being removed to Federal Court.

    Your Honor discussed with the parties, in great detail, the limits of removal jurisdiction and indicated that a decision on the City of Newburgh's motion to remand this matter to State Court (ECF Docket Nos. 3 – 6), would be rendered within the week, given that the Court felt constrained to refrain from addressing the State Court TRO until it had made the threshold determination as to whether it had subject matter jurisdiction over this case in the first instance.

    This letter is respectfully submitted in reply to defendant's opposition to the remand motion (ECF Docket Nos. 8 - 9).

    It is the City of Newburgh's position that this Court lacks subject matter jurisdiction over the complaint filed in New York State Supreme Court. Accordingly, defendant's removal of the complaint to this Court was improper. It conceded that diversity jurisdiction does not exist, accordingly, the sole remaining basis advanced by the defendant is that of Federal question jurisdiction.

Hon. Stephen C. Robinson
November 6, 2007
Page 2

It is well settled that Federal question jurisdiction exists only when "a well-pleaded complaint establishes either that Federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal law." *See,* Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S.1 27-28 (1983). A Federal question must be disclosed on the face of the complaint, without reference to potential defenses or counterclaims by the defendant. *See,* Philips Petroleum Company v. Texaco, Inc., 415 U.S.125, 127-128 (1974).

There is no Federal question raised by the City of Newburgh's State Court pleadings.

The City seeks relief in the State Court solely by resort to provisions of the City of Newburgh's Code and New York State Law. No reference is made anywhere in the complaint to any Federal law. Accordingly, the removal petition erroneously bases this Court's subject matter jurisdiction upon a Federal question basis. There is simply no Federal jurisdiction as the well-pleaded complaint fails to disclose on its face a Federal question. *See, e.g.,* Caterpillar, Inc. v. Williams, 482 U.S.386, 392 (1987).

Even if the removed complaint raises an issue of Federal law, which in this case it does not, those issues must be "substantial" in order for Federal jurisdiction to inure. *See, e.g.,* Beacon Hill Asset Management, LLC v. Asset Alliance Corp., 2003 U.S. District Lexis 5671, (S.D.N.Y. March 25, 2003).

At the October 30th conference before Your Honor and in his Memorandum of Law, defendants argue that the State Court lacks personal jurisdiction over the company.

The City, of course, disputes that, and maintains that it has indeed obtained personal jurisdiction over the company in accord with Justice Owen's Order to Show Cause, but nevertheless, the City concurs with Your Honor's observation that this would be a matter for the State Court to take up following a remand.

Alternatively, defendants relied upon the matter of City of Chicago v. International College of Surgeons, 522 U.S.156 (1997).

However, the City of Chicago case does not support defendants' arguments for Federal jurisdiction in this case.

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC

Hon. Stephen C. Robinson
November 6, 2007
Page 3

In City of Chicago, the state court complaint filed by the International College of Surgeons ("ICS") itself facially contained Federal Constitutional claims, including violations of the due process and equal protection clauses, as well as for taking of property without just compensation under the Fifth and Fourteenth Amendments to the Constitution.

Conversely, the City of Newburgh's state court complaint neither facially contains Federal claims, nor contains claims which require resolution of a substantial question of Federal law. Rather, the City of Newburgh's claims may be resolved solely by the City Code and governing rules of New York State statutory and common law.

That the defendants may have or believe to have Federal claims by way of defense or counterclaim, does not provide jurisdiction in and of itself. Accordingly, this Court should decline to adopt the defendants' somewhat strained reading of the City of Chicago case. *See,* City of Chicago, *supra*, 522 U.S.156.

It is respectfully requested that this Court grant the City of Newburgh's motion to remand this matter in all respects to the Supreme Court for the State of New York, County of Orange.

Respectfully submitted,

NICHOLAS A. PASCALE

NAP/lmf/420275
cc: Douglas Dollinger, Esq.