UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――

The City of Newburgh
Plaintiff

07 Civ. 6419 (SCR)

v.

ORDER

96 Broadway, LLC and Douglas R. Dollinger
Defendants
―――――――――――――――――――――――

Stephen C. Robinson, United States District Judge:

I.  **Procedural History:**

On or about June 21, 2007, the City of Newburgh ("Plaintiff") filed in the Supreme Court of the State of New York, County of Orange a Verified Complaint ("Complaint") asserting two causes of action arising out of 96 Broadway, LLC and Douglas R. Dollinger's ("Defendants") alleged failure to (1) comply with the City's building permit requirements and stop work order and (2) secure and protect the premises in question and restore the exterior to its original state.
   On July 16, 2007, Defendants filed a Petition/Notice for Removal, alleging federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.
   On July 30, 2007, Plaintiff filed a Motion to Remand, arguing that Defendants' petition is based on the assertion of Defendants' federal defenses and counterclaims, and that the Complaint presents only state causes of action.

II.  **Analysis**

   a.  **Removal and Plaintiff's Motion to Remand**

Removal of an action from state to federal court is proper if the latter has original jurisdiction over the case. *See* 28 U.S.C. § 1441(b). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court. *Gilman v. BHC Sec.*, 104 F.3d 1418, 1421 (2d Cir. 1997). In this case, Defendants base their petition for removal on the federal-question doctrine. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations omitted); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 462 U.S. 1, 27-28 (1983) ("Congress has given



the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

Plaintiffs in this case brought suit pursuant to various sections of the City of Newburgh Code. The only federal claims in this case are those brought by the Defendant as defenses/counterclaims. The Defendants claim that the Plaintiff has violated several of Defendants' federal constitutional and statutory rights, and that these violations confer jurisdiction on this court. The law, however, is clear that a federal defense or counterclaim is not sufficient to remove a Plaintiff's state court action from state to federal court. *See Caterpillar Inc.*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense.") (emphasis in original).

Therefore, Plaintiff's motion to remand must be granted.

### b. Plaintiff's Motion for Costs of Removal

The Plaintiff requests that the court order the Defendants to pay attorney's fees and costs incurred as a result of removal. Federal law allows, but does not require, that the court award costs when a case is remanded to state court. *See* 28 U.S.C. 1447(c) ("An order remanding a case *may* require. . . .")(emphasis added). Given this discretion, the court declines to award costs to the Plaintiff in this case.

### III.   Conclusion

For these reasons, Plaintiff's motion to remand is GRANTED, but Plaintiff's motion for costs related thereto is DENIED.

IT IS SO ORDERED.

_____
Stephen C. Robinson, U.S.D.J.

Dated: White Plains, New York
         November _2_, 2007